## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| USG CORPORATION, *et al.*, | Case No. 01-2094 (JKF) |
| Marilyn Lewis and Raymond Lewis, | |
| Appellants, | |
| v. | Civil Action No. 06-293 (JFC) |
| USG Corporation, *et al.*, | |
| Appellee. | Bankruptcy Appeal No. 06-32 |

## APPENDIX TO DEBTORS' OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL OF CLAIMANTS MARILYN AND RAYMOND LEWIS

Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION

- and -

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

## **TABLE OF CONTENTS**

**Tab**

Order Establishing Bar Dates for Filing Proofs of Claim
and Approving Form and Manner of Notice Thereof ........................................................... A

Notice of Omnibus Objection and Hearing ....................................................................... B

Order Sustaining Debtors' Sixth Property Damage Omnibus Objection
and Disallowing Certain Asbestos Property Damage Proofs of Claim ........................... C

Notice of Appeal Filed by Marilyn and Raymond Lewis ................................................ D

*In re Seagull*, 155 Fed. Appx. 80 (3d Cir. Nov. 28, 2005) ........................................... E

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                      :
                                            :    Chapter 11
USG CORPORATION,                            :
a Delaware corporation, et al.,[1]          :    Jointly Administered
                                            :    Case No. 01-2094 (RJN)
                        Debtors.            :
                                            :

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtors and Debtors in Possession

for an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner

of Notice Thereof (the "Motion"), filed by the above-captioned debtors and debtors in possession

(collectively, the "Debtors"); the Court having reviewed the Motion and having heard the

statements of counsel regarding the relief requested in the Motion at a hearing before the Court

(the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and

(c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

---

[1]      The Debtors are the following 11 entities: USG Corporation, United States Gypsum Company, USG Interiors, Inc., USG Interiors International, Inc., L&W Supply Corporation, Beadex Manufacturing, LLC, B-R Pipeline Company, La Mirada Products Co., Inc., USG Industries, Inc., USG Pipeline Company and Stocking Specialists, Inc.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion. In addition, as used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

3.    The attached forms of the Bar Date Notice, the Non-Asbestos Proof of Claim Form, the Asbestos-Related Property Damage Proof of Claim Form, the General Publication Notice, the Asbestos-Related Property Damage Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion are approved in all respects pursuant to rules 2002(a)(7) and 2002(l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2002-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"). The form and manner of notice of the Bar Dates approved herein, including, without limitation, the publication notice program with respect to Asbestos-Related Property Damage Claims proposed in the Motion, are deemed to fulfill the notice and other due process requirements of the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable law. Accordingly, the Debtors are authorized to serve the Non-Asbestos Bar Date Notice Package and the Asbestos-Related Property Damage Bar Date Notice Package in the manner described in paragraph 4 below.

4.    As soon as practicable, but in any event no later than 30 days after the date that the Court enters this Order, the Debtors, through Logan, shall serve by first class United States mail, postage prepaid, the Non-Asbestos Bar Date Notice Package on all Non-Asbestos Claimants and the Asbestos-Related Property Damage Bar Date Notice Package on all Asbestos-Related Property Damage Claimants.

5.    Except as provided in paragraphs 6 through 8 of this Order, any entity that wishes to assert a General Claim against a Debtor must file a proof of claim in accordance with the procedures described herein by the General Bar Date, which shall be **JANUARY 15, 2003**. All entities filing proofs of claim for Asbestos-Related Property Damage Claims must comply with the Asbestos-Related Property Damage Proof of Claim Form. The General Bar Date shall be identified in the Bar Date Notice, the General Publication Notice, and the Asbestos-Related Property Damage Publication Notice. Except as provided in paragraphs 6 through 8 of this Order, the General Bar Date applies to all General Claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date.

6.    The following entities whose claims otherwise would be subject to the General Bar Date shall not be required to file proofs of claim in these chapter 11 cases:

(a)    any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein and in the Motion;

(b)    any entity (i) whose claim against a Debtor is not listed as disputed, contingent, or unliquidated in the Schedules; and (ii) that agrees with the nature, classification, and amount of its claim as identified in the Schedules;

(c)    any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of this Court;

(d)    any of the USG Companies, including any Debtors, that hold claims against one or more of the other Debtors;

(e)    any entity whose claim is limited exclusively to a claim for the repayment by the applicable Debtor of principal, interest, and other applicable fees

and charges (a "Debt Claim") on or under USG's Five Year Credit Agreement or 364-Day Credit Agreement, each dated June 30, 2000 (collectively, as amended, the "Prepetition Credit Agreement"); USG's 9-1/4% Senior Notes Due 2001 (the "9-1/4% Notes"); USG's 8-1/2% Senior Notes Due 2005 (the "8-1/2% Notes"); various issuances by the Debtors of industrial revenue bonds (the "Industrial Revenue Bonds"); or the indentures in respect of any of the foregoing (the "Indentures" and, collectively with the 9-1/4% Notes, the 8-1/2% Notes, and the Industrial Revenue Bonds, the "Debt Instruments"); provided, however, that (i) the administrative agent bank under the Prepetition Credit Agreement will be required to file a proof of claim on account of Debt Claims on or under the Prepetition Credit Agreement on or before the General Bar Date (but shall not be required to file with its proof of claim any instruments, agreements, or other documents evidencing the obligations referenced in the proof of claim); (ii) the indenture trustees under the Indentures will be required to file proofs of claim on account of Debt Claims on or under the applicable Debt Instruments on or before the General Bar Date; and (iii) any holder of a Debt Claim under the Prepetition Credit Agreement that wishes to assert a claim arising out of or relating to the Prepetition Credit Agreement, other than a Debt Claim, and any holder of 9-1/4% Notes, 8-1/2% Notes, or Industrial Revenue Bonds that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, will be required to file a proof of claim on or before the General Bar Date, unless another exception identified in this paragraph 6 applies; and

   (f)  An administrative expense of any Debtor's chapter 11 case under section 503(b) of the Bankruptcy Code.

In addition, the General Bar Date shall not apply to claims that are not General Claims, without prejudice to the right of the Debtors to request the establishment of one or more bar dates with respect to claims that are not General Claims. The filing of a proof of claim by the administrative agent bank under the Prepetition Credit Agreement shall not affect the right of any lender thereunder to vote separately the amount of its respective claims with regard to any plan of reorganization.

7.      Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered prior to the confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case (a "Rejection Order") shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (a) the General Bar Date; and (b) 30 days after the date of the applicable Rejection Order. The Debtors shall recite the Rejection Bar Date in any order approving the rejection of an executory contract or unexpired lease.

8.      The Debtors shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend their Schedules; provided, however, that if a Debtor amends its Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a claim against the Debtor, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedule Bar Date. The Amended Schedule Bar Date shall be the later of (a) the General Bar

Date; and (b) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. Such notice shall recite the Amended Schedule Bar Date. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

9.    Subject to the provisions of paragraphs 7 and 8 of this Order with respect to holders of claims subject to the Rejection Bar Date and the Amended Schedule Bar Date, the following entities must file a proof of claim on or before the General Bar Date:

(a)    any entity whose prepetition General Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b)    any entity that believes that its prepetion General Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its General Claim allowed in a classification or amount other than that identified in the Schedules; and

(c)    any entity seeking to assert an Asbestos-Related Property Damage Claim.

10.    Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.

11.    Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation;

a membership interest in a limited liability company; or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before to the General Bar Date, unless another exception contained in this Order applies.

      12.    Pursuant to Bankruptcy Rule 3003(c)(2), any entity that fails to file a proof of claim in these chapter 11 cases by the applicable Bar Date shall be forever barred, estopped, and enjoined from: (a) asserting any General Claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated; or (ii) is of a different nature or a different classification than any General Claim identified in the Schedules on behalf of such entity (any such claim being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim. Without limiting the foregoing, any entity with a potential Asbestos-Related Property Damage Claim that fails to properly file an Asbestos-Related Property Damage Proof of Claim Form in these chapter 11 cases pursuant to this Order against a Debtor by the General Bar Date shall be forever barred, estopped, and enjoined from: (a) asserting such Asbestos-Related Property Damage Claim against such Debtor; or (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of such Asbestos-Related Property Damage Claim, notwithstanding that such entity may later discover facts in addition to, or different from, those which that entity knows or

believes to be true as of the General Bar Date, and without regard to the subsequent discovery or existence of such different or additional facts.

13.    The Debtors shall serve on all Non-Asbestos Claimants: (a) the Bar Date Notice, substantially in the form attached hereto as Exhibit A; and (b) a Non-Asbestos Proof of Claim Form, substantially in the form attached hereto as Exhibit B. The Debtors shall state on each Non-Asbestos Proof of Claim Form, along with the Non-Asbestos Claimant's name: (a) whether the Non-Asbestos Claimant's claim is listed in the Schedules and, if so, (b) the Debtor against which the Non-Asbestos Claimant's claim is scheduled; (c) whether the claim is listed as disputed, contingent or unliquidated; and (d) whether the Non-Asbestos Claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the Debtors also shall identify on the Non-Asbestos Proof of Claim Form the dollar amount of the claim as listed in the Schedules. Any entity that relies on the information in the Schedules shall bear responsibility for determining that its claim is accurately listed therein.

14.    The Debtors shall serve on all Asbestos-Related Property Damage Claimants: (a) the Bar Date Notice, substantially in the form attached hereto as Exhibit A; and (b) an Asbestos-Related Property Damage Proof of Claim Form, substantially in the form attached hereto as Exhibit D.

15.    For any proof of claim relating to a Non-Asbestos Claim to be validly and properly filed, a signed original of the completed proof of claim, together with any accompanying documents required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Logan at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., Eastern Time, on the applicable Bar Date. All such filed proofs of claim must (i) be

written in English; (ii) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (Eastern time) on the Petition Date, if applicable; and (iii) conform substantially with the Non-Asbestos Proof of Claim Form. Proofs of claim may be submitted in person or by courier service, hand delivery, or mail. Proofs of claim submitted by facsimile or e-mail shall be deemed not accepted. Proofs of claim shall be deemed filed when actually received by Logan. If a creditor wishes to receive acknowledgement of Logan's receipt of a proof of claim, the creditor also must submit to Logan by the applicable Bar Date and concurrently with submitting its original proof of claim (a) a copy of the original proof of claim; and (b) a self-addressed, stamped return envelope.

16.    For any proof of claim relating to an Asbestos-Related Property Damage Claim to be validly and properly filed, a signed original of a completed Asbestos-Related Property Damage Proof of Claim Form, together with any accompanying documents and information required by the Asbestos-Related Property Damage Proof of Claim Form, must be delivered to Logan at the address identified on the Bar Date Notice so as to be received no later than 5:00 p.m., Eastern Time, on the General Bar Date. Asbestos-Related Property Damage Proof of Claim Forms may be submitted in person or by courier service, hand delivery, or mail. Proofs of claim submitted by facsimile or e-mail shall be deemed not accepted. Proofs of claim shall be deemed filed when actually received by Logan. If a creditor wishes to receive acknowledgement of Logan's receipt of a proof of claim, the creditor also must submit to Logan by the General Bar Date and concurrently with submitting its original Asbestos-Related Property Damage Proof of Claim Form (a) a copy of the original of such proof of claim; and (b) a self-addressed, stamped return envelope.

17.    The Debtors shall cause the General Publication Notice to be published twice in each of *The Chicago Tribune* and the national editions of *The Wall Street Journal, The New York Times* and *USA Today.* The first publication shall be within 45 days of entry of the Bar Date Order, and the second publication shall be not more than 90 days and not less than 60 days before the General Bar Date. The Asbestos-Related Property Damage Publication Notice attached hereto as Exhibit E is hereby expressly approved, and the Debtors shall publish the Asbestos-Related Property Damage Publication Notice as contemplated by the Motion.

18.    This Order shall apply only to General Claims. The entry of this Order is without prejudice to the right of the Debtors to request the establishment of one or more bar dates with respect to claims other than General Claims or with respect to Interests.

Dated: May 3 2002

UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| USG CORPORATION, | : | |
| a Delaware corporation, <u>et al.</u>, | : | **Jointly Administered** |
| | : | **Case No. 01-2094 (RJN)** |
| Debtors. | : | |
| | : | |

## <u>NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM</u>

**TO ALL KNOWN CREDITORS OF ANY OF THE FOLLOWING ENTITIES (THE "DEBTORS"):**

> USG Corporation
> United States Gypsum Company
> USG Interiors, Inc.
> USG Interiors International, Inc.
> L&W Supply Corporation[1]
> Beadex Manufacturing, LLC
> B-R Pipeline Company
> La Mirada Products Co., Inc.
> USG Industries, Inc.
> USG Pipeline Company
> Stocking Specialists, Inc.

On May 3, 2002, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order in the above-captioned chapter 11 case (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the Debtors. Pursuant to the Bar Date Order, the Court has established **JANUARY 15, 2003** as the general claims bar date (the "General Bar Date") in the Debtors' chapter 11 cases. Except as described below, the Bar Date Order requires all Entities, including Governmental Units, that wish to assert against the Debtors any General Claims that arose before June 25, 2001 to file proofs of claim with Logan & Company, Inc. ("Logan"), the claims and noticing agent in these cases, so that their proofs of claim are received by Logan on or before 5:00 p.m., Eastern Time, on the General Bar Date Please note that the terms "Entity," "Governmental Unit," and "General Claim" are defined below.

The General Bar Date applies to all claims against the Debtors <u>except</u> **Asbestos-Related Personal Injury Claims (as defined below). The General Bar Date <u>does</u> apply to "Asbestos-Related Property Damage Claims" (as defined below).**

For your convenience, enclosed with this Notice is a proof of claim form. Unless you are receiving this Notice as a potential asbestos-related property damage claimant, the proof

---

[1]    Schedule 1 to this notice contains a list of current and former trade names for L&W Supply Corporation.

of claim form identifies on its face the amount, nature, and classification of your Claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules").

## KEY DEFINITIONS

As used in this Notice, the term **"Entity"** has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and includes all persons, estates, trusts, Governmental Units, and the United States trustee.

As used in this Notice, the term **"Governmental Unit"** has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies, or instrumentalities of the foregoing (but not including the United States trustee while serving as a trustee under the Bankruptcy Code).

As used in this Notice, the term **"Claim"** or **"claim"** shall mean, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this Notice, the term **"General Claim"** shall mean any Claim <u>other than an Asbestos-Related Personal Injury Claim</u>. General Claims expressly <u>include</u> Asbestos-Related Property Damage Claims.

As used in this Notice, the term **"Asbestos-Related Personal Injury Claim"** shall mean any Claim for personal injury, including wrongful death, for which any Debtor is alleged to be liable, arising out of or relating to exposure to asbestos, and any Claim in any way related to such claim. Asbestos-Related Personal Injury Claims include all such Claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever. Asbestos-Related Personal Injury Claims include any such Claims that have been resolved or are subject to resolution pursuant to any agreement, or any such Claims that are based on a judgment or verdict.

As used in this Notice, the term **"Asbestos-Related Property Damage Claim"** shall mean any Claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such Claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity,

or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

(a)    The General Bar Date. Pursuant to the Bar Date Order, all Entities that wish to assert General Claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to June 25, 2001 are required to file proofs of claim by the General Bar Date.

(b)    The Rejection Bar Date. Any Entity whose General Claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case, must file a proof of claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date of the order authorizing the Debtor's rejection of the applicable contract or lease. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

(c)    The Amended Schedule Bar Date. If, subsequent to the mailing and publication of this Notice, the Debtors amend their Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a General Claim against a Debtor reflected therein, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "Amended Schedule Bar Date."

Subject to terms described above for holders of Claims subject to the Rejection Bar Date and the Amended Schedule Bar Date, the following Entities must file proofs of claim on or before the General Bar Date:

(a)    any Entity whose prepetition General Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent," or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)    any Entity that believes its prepetition General Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its General Claim allowed in a classification or amount other than that identified in the Schedules.

If it is unclear from the Schedules whether your General Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its General Claim is accurately listed therein. **Since the Debtors dispute all Asbestos-Related Property Damage Claims, any holder of an Asbestos-Related Property Damage Claim must file a proof of claim form by the General Bar Date in accordance with the procedures set forth below.**

## PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a)     any Entity that already has properly filed a proof of claim against one or more of the Debtors **in accordance with the procedures described in this Notice;**

(b)     any Entity (i) whose General Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules; and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules;

(c)     any Entity whose General Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d)     USG Corporation ("USG") (one of the Debtors in these cases) and its direct and indirect subsidiaries, including any Debtors that hold General Claims against one or more of the other Debtors;

(e)     any entity whose claim is limited exclusively to a claim for the repayment by the applicable Debtor of principal, interest, and other applicable fees and charges (a "Debt Claim") on or under USG's Five Year Credit Agreement or 364-Day Credit Agreement, each dated June 30, 2000 (collectively, as amended, the "Prepetition Credit Agreement"); USG's 9-1/4% Senior Notes Due 2001 (the "9-1/4% Notes"); USG's 8-1/2% Senior Notes Due 2005 (the "8-1/2% Notes"); various issuances by the Debtors of industrial revenue bonds (the "Industrial Revenue Bonds"); or the indentures in respect of any of the foregoing (the "Indentures" and, collectively with the 9-1/4% Notes, the 8-1/2% Notes, and the Industrial Revenue Bonds, the "Debt Instruments"); provided, however, that (i) the administrative agent bank under the Prepetition Credit Agreement will be required to file a proof of claim on account of Debt Claims on or under the Prepetition Credit Agreement on or before the General Bar Date (but shall not be required to file with its proof of claim any instruments, agreements or other documents evidencing the obligations referenced in the proof of claim); (ii) the indenture trustees under the Indentures will be required to file proofs of claim on account of Debt Claims on or under the applicable Debt Instruments on or before the General Bar Date; and (iii) any holder of a Debt Claim under the Prepetition Credit Agreement that wishes to assert a claim arising out of or relating to the Prepetition Credit Agreement, other

than a Debt Claim, and any holder of 9-1/4% Notes, 8-1/2% Notes, or Industrial Revenue Bonds that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, will be required to file a proof of claim on or before the General Bar Date, unless another exception identified in these subparagraphs (a) through (e) applies; and

(f)    An administrative expense of any Debtor's chapter 11 case under section 503(b) of the Bankruptcy Code.

### *No Requirement For Stockholders or Other Interest Holders to File Proofs of Interest*

Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation; a membership interest in a limited liability company; or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert General Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including General Claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Any Entity asserting General Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its General Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that fails to file a proof of claim by the applicable Bar Date described in this Notice shall be forever barred, estopped, and enjoined from the following:

(a)    asserting any General Claim against the Debtors that the Entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such Entity as undisputed, noncontingent, and liquidated; or (ii) is of a different nature or a different classification than any General Claim identified in the Schedules on behalf of such Entity (any such General Claim being referred to in this Notice as an "Unscheduled Claim"); or

(b)    voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

## RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed General Claim (or other claim) or any General Claim (or other claim) listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any General Claim (or other claim) as disputed, contingent, or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any General Claim (or other claim), whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

A signed original of a completed proof of claim, together with any accompanying or supporting documentation, must be delivered to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: USG Claims Processing Department, so as to be received no later than 5:00 p.m., Eastern Time, on the applicable Bar Date.

You may use Official Bankruptcy Form No. 10 to file General Claims other than Asbestos-Related Property Damage Claims. Unless you received this Notice as a potential asbestos-related property damage claimant, a general proof of claim form (the "General Claim Form") is included with this Notice. The General Claim Form substantially complies with Official Bankruptcy Form No. 10 and can be used to assert a claim against the Debtors other than an Asbestos-Related Property Damage Claim.

If you are asserting an Asbestos-Related Property Damage Claim, you **must** use the Debtors' proof of claim form for Asbestos-Related Property Damage Claims which is entitled "Proof of Claim For Asbestos-Related Property Damage Claims Against USG Corporation or Any Related Debtors" (the "Asbestos-Related Property Damage Proof of Claim Form"). If you received this Notice as a potential asbestos-related property damage claimant, the Asbestos-Related Property Damage Proof of Claim Form is included with this Notice. Pursuant to the Bar Date Order, you may **not** use Official Bankruptcy Form No. 10 to assert an Asbestos-Related Property Damage Claim. Failure to use the Asbestos-Related Property Damage Proof of Claim Form to assert an Asbestos-Related Property Damage Claim may lead to such claim being barred even if it was filed prior to the General Bar Date.

All filed proofs of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (Eastern time) on June 25, 2001, if applicable; and (iii) conform substantially with the appropriate proof of claim form as described above. Proofs of claim may be submitted in person or by courier service, hand delivery, or mail addressed to Logan at the foregoing address. **Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.** Proofs of claim will be deemed filed only when actually received by Logan. If you wish to receive acknowledgement of Logan's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim; and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d) and the relevant proof of claim form, including an original or a copy of any written

document that forms the basis of the General Claim or, for secured General Claims, evidence that the alleged security interest has been perfected.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact the USG Claims Helpline at (866) 233-9048 or visit the USG Claims Website at http://www.usgclaims.com. You also may contact Logan directly by writing to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: USG Claims Processing Department. The claims registers for the Debtors will be available for review during normal business hours in Logan's offices at the address identified above. Additional copies of the proof of claim form which you should use may be obtained by calling the USG Claims Helpline or by downloading such proof of claim form from the USG Claims Website.

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

Dated: Wilmington, Delaware          BY ORDER OF THE COURT
       May 3, 2002

Daniel J. DeFranceschi (DE I.D. 2732)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700

      -and-

David G. Heiman (OH I.D. 0038271)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Paul E. Harner (OH I.D. 0043854)
Brad B. Erens (IL I.D. 6206864)
JONES, DAY, REAVIS & POGUE
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## SCHEDULE 1

Acoustical & Drywall Supply
Acoustical Materials Supply
Adams Supply and Trucking
Alabama Drywall Supply
Alltex Interior Supply's Building Specialties
Arch City Drywall Supply
Arrowhead Drywall Supply
Atlanta Interior Supply
Benson Phillips
Building Specialties Express
Building Specialties, Inc.
C & A Drywall Supply
Cal-Wal Gypsum Supply
Cal-Wal Gypsum Supply Admin.
Capital Gypsum
Capitol Building Materials
Capitol Drywall Supply
Cascade Drywall Supply
Ceiling & Building Specialties
Cen-Cal Wallboard Supply
Central Building Materials
Chicago Area Building Specialties
C-K Supply Company
Columbia Building Materials
Columbus Drywall Inc.
Coyote Building Materials, Inc.
C-S-W Drywall Supply Company
CSW Roofing Supply
CSW Supply
CSW Supply's Building Specialties
Desert Building Materials, Inc.
Doby-Seacoast
Drywall Materials Supply
Drywall Supply Company
E-C Drywall Supply
Engineered Stocking Services
G.A. Drywall Supply
Gen-State Acoustical & Drywall Supply
Great Lakes Gypsum Supply
Gulf Atlantic Transport
Gulf Coast Building Materials
Gypsum Drywall Supply Company
Gypsum Services
Gypsum Specialists
Hampshire Supply
Heartland Building Materials Company
Indianapolis Drywall Supply
Island Gypsum Services
J.B. Acoustical Supply
JBA/Keystone Gypsum Supply
Jersey Gypsum Supply Company

Keystone Gypsum Supply
L&W Supply Corporation d/b/a Acoustical Materials Supply
M & S Drywall Supply
Mac Supply Company, Inc.
Miami Valley Drywall Supply
Miami Valley Supply
Mineral Area Building Specialties
North Bay Building Materials
Northwest Acoustical Supply
Pinnacle
Plainfield Supply
Ponderosa Wholesale
Rock Supply Building Specialties
Rose City Building Materials, Inc.
Rose City Building Supply
Roselle Building Materials
S & C Supply
Schmidts Drywall Supply
Seacoast Supply
Sierra Building Materials
South County Gypsum and Roofing
Southwest Distribution Services
Southwest Trucking
Specialties, Inc.
Stateline Drywall
Stocking Specialists, Inc.
Thacker Supply
Thunderbird Building Materials Inc.
Toledo Drywall Supply
Tri-State Drywall Supply
Tri-State Gypsum Supply
U.S.G. Southwest Trucking Co.
Valley Gypsum Company
Wabash Valley Supply
Wal-Board Supplies, Inc.
Wallboard Dist. Of Delaware
Wallboard Supply Co.
Wasau Brick & Gypsum
Washington Gypsum Supply
Wheaton Supply Co.
Wilkens Gypsum Supply
Wisconsin Drywall Dist.
Zechman Supply

**EXHIBIT B**

FORM B10 (Official 10) (9/99)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE | DO NOT USE THIS FORM IF YOU HAVE AN ASBESTOS PERSONAL INJURY OR ASBESTOS PROPERTY DAMAGE CLAIM |
|---|---|

| USG CORPORATION, _et al._, Case Nos. 01-2094 (RJN) through 01-2104 (RJN)<br>Jointly Administered | PROOF OF CLAIM<br>CHAPTER 11 |
|---|---|

| Name of Debtor Against Which You Assert Your Claim: | Case Number: | Your Claim Is Scheduled As Follows: |
|---|---|---|
| (See List of Names on Reverse Side) | (See List on Reverse Side) | |

Note: This form should not be used to make a claim for an administrative expense arising on or after June 25, 2001, the date of commencement of the Debtors' bankruptcy cases. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

A. Name of Creditor (The person or entity to whom the debtor owes money or property):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details

☐ Check this box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the Debtors, you do not need to file this proof of claim EXCEPT AS FOLLOWS: If the amount shown is DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

B. Identify name of creditor, address and person to whom notices must be served (Check box in: ☐ replaces address above   ☐ additional address)

Name: _____

Company/Firm: _____

Address: _____

Telephone Number:

Fax Number:

Tax Identification or Social Security Number:

| Account or Other Number by Which Creditor Identifies Debtor: | Check here ☐ replaces<br>If this claim ☐ amends   a previously filed claim, dated _____ |
|---|---|

1. Basis For Claim:

☐ Contribution, Indemnity or Guaranty
☐ Environmental
☐ Equipment Financing
☐ Executory Contracts
☐ Expenses
☐ Goods Sold

☐ Goods Purchased
☐ Letters of Credit or Surety Bonds
☐ Litigation
☐ Long Term Disability
☐ Mechanic's Liens
☐ Money Loaned

☐ Mortgages
☐ Personal Injury
☐ Officer Indemnity
☐ Other Financing
☐ Other _____
☐ Pension Insurance
☐ Professional Fees

☐ Reclamation Notices
☐ Refund
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Taxes
☐ Trade Payables
☐ Unknown

☐ Wages, Salaries and Compensation (fill out below)
Your SS# _____
Unpaid compensation for services performed from
_____ to _____
(date)   (date)
☐ Worker's Compensation

2. Date Debt Was Incurred:

3. If claim is based on a Court Judgment, Date Obtained:

4. Total amount of prepetition claim that arose before June 25, 2001:

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges

5. Secured Claim:
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:
$_____

6. Unsecured Priority Claim:
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries or commissions (up to $4,650), earned within 90 days before the filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4)
☐ Up to $2,100 of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance or support owed to a spouse, former spouse or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – specify applicable paragraph of 11 U.S.C. § 507(a)(___).

7. Credits: The amount of all payments on account of this claim has been credited and deducted for the purpose of making this proof of claim
8. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If such supporting documents are not available, explain. If the documents are voluminous and/or the debtor has given its express written consent, you may attach a summary in lieu of the supporting documents
9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and copy of this proof of claim

This Space Is For Court Use Only

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Print: _____<br><br>Signature: _____ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official 10) (9/99)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, there may be exceptions to these general rules.*

THE ORIGINAL OF THIS PROOF OF CLAIM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE 5:00 P.M., EASTERN TIME, ON _____, 2002. SEND THE COMPLETED PROOF OF CLAIM FORM BY COURIER SERVICE, HAND DELIVERY OR MAIL TO: USG CORPORATION, CLAIMS PROCESSING DEPARTMENT, C/O LOGAN AND COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043.

FACSIMILE OR E-MAIL SUBMISSIONS WILL NOT BE ACCEPTED.

PLEASE READ THE PROOF OF CLAIM FORM CAREFULLY AND FILL IT IN COMPLETELY AND ACCURATELY. PRINT LEGIBLY. YOUR CLAIM MAY BE DISALLOWED IF IT CANNOT BE READ AND UNDERSTOOD. THE PROOF OF CLAIM MUST BE COMPLETED IN ENGLISH. THE AMOUNT OF ANY CLAIMS MUST BE AS OF JUNE 25, 2001 AND MUST BE DENOMINATED IN UNITED STATES CURRENCY.

### - DEFINITIONS -

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof of Claim*
A form identifying the amount a creditor believes was owed to it by the debtor at the time the bankruptcy case was filed (i.e., the amount of the creditor's claim).

*Secured Claim*
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (i.e., collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are mortgages on real estate and security interests in cars, trucks, boats, television sets or other items of property. A lien may have been obtained through a court proceeding before the bankruptcy case begun: in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (i.e., has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

*Unsecured Claim*
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien does not have sufficient value to satisfy the creditor in full.

*Unsecured Priority Claim*
Certain types of unsecured claims are given priority under the Bankruptcy Code and are paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (IF NOT ALREADY FILLED IN)

**Name of Debtor and Case Number:**
Fill in the name of the Debtor against which you assert a claim, as well as the Case Number applicable to such Debtor. The Debtors' Names and Case Numbers are listed below:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

**Information about Creditor:**
Complete the section giving the name, address, telephone number, fax number and tax identification number or social security number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form. Please note that all future correspondence sent by Logan & Company, Inc. will be mailed to the pre-printed name and address as listed in box A on the reverse side, unless you indicate and change the address in box B also on the reverse side.

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above)

**6. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim and state the amount entitled to priority (See DEFINITIONS above). A claim may be partly a priority claim and partly a nonpriority claim if, for example, the claim is in an amount exceeding the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**7. Credits:**
By signing this proof of claim, you are stating under oath that, in calculating the amount of your claim, you have given the debtor credit for all payments received from the debtor or for other credits earned by the debtor

**8. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or that any asserted security interests have been perfected. If these documents are too lengthy and the debtor has given its express written consent, a summary of such documents may be provided in lieu of the documents. If documents are not available, you must attach a statement explaining why they are not available.

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : |
| | : |
| USG CORPORATION, | : |
| a Delaware corporation, et al., | : |
| | : |
| Debtors. | : |
| | : |

Chapter 11

Jointly Administered
Case No. 01-2094 (RJN)

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

**TO ANY CREDITORS OF ANY OF THE FOLLOWING ENTITIES (THE "DEBTORS"):**

> USG Corporation
> United States Gypsum Company
> USG Interiors, Inc.
> USG Interiors International, Inc.
> L&W Supply Corporation
> Beadex Manufacturing, LLC
> B-R Pipeline Company
> La Mirada Products Co., Inc.
> USG Industries, Inc.
> USG Pipeline Company
> Stocking Specialists, Inc.

On May 3, 2002, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order in the above-captioned chapter 11 case (the "Bar Date Order") establishing certain claims bar dates in the chapter 11 cases of the Debtors. Pursuant to the Bar Date Order, the Court has established **JANUARY 15, 2003** as the general claims bar date (the "General Bar Date") in the Debtors' chapter 11 cases. Except as described below, the Bar Date Order requires all Entities, including Governmental Units, that wish to assert against the Debtors any General Claims that arose before June 25, 2001 to file proofs of claim with Logan & Company, Inc. ("Logan"), the claims and noticing agent in these cases, so that their proofs of claim are received by Logan on or before 5:00 p.m., Eastern Time, on the General Bar Date. Please note that the terms "Entity," "Governmental Unit," and "General Claim" are defined below.

The General Bar Date applies to all claims against the Debtors <u>except</u> Asbestos-Related Personal Injury Claims (as defined below). The General Bar Date <u>does</u> apply to "Asbestos-Related Property Damage Claims" (as defined below).

## KEY DEFINITIONS

As used in this Notice, the term **"Entity"** has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and includes all persons, estates, trusts, Governmental Units and the United States trustee.

As used in this Notice, the term **"Governmental Unit"** has the meaning given to it in section 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing (but not including the United States trustee while serving as a trustee under the Bankruptcy Code).

As used in this Notice, the term **"Claim"** or **"claim"** shall mean, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

As used in this Notice, the term **"General Claim"** shall mean any Claim other than an Asbestos-Related Personal Injury Claim. General Claims expressly include Asbestos-Related Property Damage Claims.

As used in this Notice, the term **"Asbestos-Related Personal Injury Claim"** shall mean any Claim for personal injury, including wrongful death, for which any Debtor is alleged to be liable, arising out of or relating to exposure to asbestos, and any Claim in any way related to such claim. Asbestos-Related Personal Injury Claims include all such Claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever. Asbestos-Related Personal Injury Claims include any such Claims that have been resolved or are subject to resolution pursuant to any agreement, or any such Claims that are based on a judgment or verdict.

As used in this Notice, the term **"Asbestos-Related Property Damage Claim"** shall mean any Claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such Claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

## WHO MUST FILE A PROOF OF CLAIM AND THE APPLICABLE BAR DATES

The Bar Date Order establishes certain bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"). In particular, pursuant to the Bar Date Order, all Entities that wish to assert General Claims against the Debtors (whether secured, unsecured priority, or

unsecured nonpriority) that arose prior to June 25, 2001 are required to file proofs of claim by the General Bar Date.

The following Entities must file proofs of claim on or before the General Bar Date:

(a)    any Entity whose prepetition General Claim against a Debtor is not listed in the applicable Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules") or is listed as "disputed," "contingent," or "unliquidated" and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)    any Entity that believes its prepetition General Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its General Claim allowed in a classification or amount other than that identified in the Schedules

If it is unclear from the Schedules whether your General Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, you must file a proof of claim on or before the applicable Bar Date. Any Entity that relies on the information in the Schedules bears responsibility for determining that its General Claim is accurately listed therein. **Since the Debtors dispute all Asbestos-Related Property Damage Claims, any holder of an Asbestos-Related Property Damage Claim must file a proof of claim form by the General Bar Date in accordance with the procedures set forth below.**

## PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE

The Bar Date Order further provides that the following Entities need not file proofs of claim by the General Bar Date:

(a)    any Entity that already has properly filed a proof of claim against one or more of the Debtors <u>in accordance with the procedures described in this Notice</u>;

(b)    any Entity (i) whose General Claim against a Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules; and (ii) that agrees with the nature, classification, and amount of its General Claim as identified in the Schedules;

(c)    any Entity whose General Claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d)    any entity whose claim is limited exclusively to a claim for the repayment by the applicable Debtor of principal, interest, and other applicable fees and charges (a "Debt Claim") on or under USG's Five Year Credit Agreement or 364-Day Credit Agreement, each dated June 30, 2000 (collectively, as amended, the "Prepetition Credit Agreement"); USG's 9-1/4% Senior Notes Due 2001 (the "9-1/4% Notes"); USG's 8-1/2% Senior Notes Due 2005 (the "8-1/2% Notes"); various issuances by the Debtors of industrial revenue bonds (the "Industrial Revenue Bonds"); or the

indentures in respect of any of the foregoing (the "Indentures" and, collectively with the 9-1/4% Notes, the 8-1/2% Notes, and the Industrial Revenue Bonds, the "Debt Instruments"); provided, however, that any holder of a Debt Claim under the Prepetition Credit Agreement that wishes to assert a claim arising out of or relating to the Prepetition Credit Agreement, other than a Debt Claim, and any holder of 9-1/4% Notes, 8-1/2% Notes, or Industrial Revenue Bonds that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, will be required to file a proof of claim on or before the General Bar Date, unless another exception identified in these subparagraphs (a) through (e) applies; and

(e)     An administrative expense of any Debtor's chapter 11 case under section 503(b) of the Bankruptcy Code.

### No Requirement For Stockholders or Other Interest Holders to File Proofs of Interest

Any Entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation; a membership interest in a limited liability company; or warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert General Claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including General Claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies.

### FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Any Entity asserting General Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any Entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its General Claim is asserted.

### CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM

Any Entity that fails to file a proof of claim by the General Bar Date shall be forever barred, estopped, and enjoined from the following:

(a)     asserting any General Claim against the Debtors that the Entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such Entity as undisputed, noncontingent, and liquidated; or (ii) is of a different nature or a different classification than any General Claim identified in the Schedules on behalf of such Entity (any such General Claim being referred to in this Notice as an "Unscheduled Claim"); or

(b)    voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

## RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed General Claim (or other claim) or any General Claim (or other claim) listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any General Claim (or other claim) as disputed, contingent, or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any General Claim (or other claim), whether scheduled or filed, on any grounds.

## PROCEDURE FOR FILING PROOFS OF CLAIM

A signed original of a completed proof of claim, together with any accompanying or supporting documentation, must be delivered to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: USG Claims Processing Department, so as to be received no later than 5:00 p.m., Eastern Time, on **JANUARY 15, 2003.**

All filed proofs of claim must (i) be written in English; (ii) be denominated in lawful currency of the United States, based upon the exchange rate in effect as of 7:00 a.m. (Eastern time) on June 25, 2001, if applicable; and (iii) conform substantially with the proof of claim forms approved by the Bar Date Order as described below. Proofs of claim may be submitted in person or by courier service, hand delivery, or mail addressed to Logan at the foregoing address. **Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed until the proof of claim is submitted by one of the methods described in the foregoing sentence.** Proofs of claim will be deemed filed only when actually received by Logan. If you wish to receive acknowledgement of Logan's receipt of your proof of claim, you must also submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of your original proof of claim; and (b) a self-addressed, stamped return envelope. Proofs of claim must include all documentation required by Bankruptcy Rules 3001(c) and 3001(d) and the relevant proof of claim form, including an original or a copy of any written document that forms the basis of the General Claim or, for secured General Claims, evidence that the alleged security interest has been perfected.

You may use Official Bankruptcy Form No. 10 to file General Claims other than Asbestos-Related Property Damage Claims. Such form can be downloaded from the USG Claims Website at http://www.usgclaims.com or obtained by calling the USG Claims Helpline at (866) 233-9048.

If you wish to assert an Asbestos-Related Property Damage Claim, you must use the Debtors' proof of claim form for Asbestos-Related Property Damage Claims which is entitled "Proof of Claim For Asbestos-Related Property Damage Claims Against USG Corporation or Any Related Debtors" (the "Asbestos-Related Property Damage Proof of Claim Form"). The Asbestos-Related Property Damage Proof of Claim Form can be downloaded from the USG Claims Website at http://www.usgclaims.com or obtained by calling the USG Claims Helpline at (866)233-9048. Pursuant to the Bar Date Order, you may not use Official Bankruptcy Form No.

10 to assert an Asbestos-Related Property Damage Claim. Failure to use the Asbestos-Related Property Damage Proof of Claim Form to assert an Asbestos-Related Property Damage Claim may lead to such claim being barred even if it was filed prior to the General Bar Date.

Additional information regarding the filing of a proof of claim, including current and former trade names used by certain Debtors, may be obtained by contacting the USG Claims Helpline or visiting the USG Claims Website. Questions may also be addressed by writing to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: USG Claims Processing Department. The claims registers for the Debtors will be available for review during normal business hours in Logan's offices at the address identified above.

**YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

Dated: Wilmington, Delaware                    BY ORDER OF THE COURT
     May 3, 2002

Daniel J. DeFranceschi (DE I.D. 2732)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

     -and-

David G. Heiman (OH I.D. 0038271)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939

Paul E. Harner (OH I.D. 0043854)
Brad B. Erens (IL I.D. 6206864)
JONES, DAY, REAVIS & POGUE
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**EXHIBIT D**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br><br>USG CORPORATION, *et al.*,<br>Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)<br>Jointly Administered | This Space Is For Court Use Only |
|---|---|

## PROOF OF CLAIM FOR
## ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
## USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

---

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☐ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

---

**1. DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** _____

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR EACH DEBTOR.

**2. CLAIMANT INFORMATION**

Claimant: _____

Contact Person: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

Tax ID Number
(if applicable): _____

**3. CLAIMANT'S ATTORNEY** (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____

Firm: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

**4. TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $ _____
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building: _____

Address of Building: _____

_____

6. YOUR PROPERTY INTEREST IN THE BUILDING

☐ Owner    ☐ Lessee    ☐ Other (describe): _____

Date interest was acquired: _____

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:    $_____

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes        ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes        ☐ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

_____

_____

_____

**10. EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name: _____

Title: _____

Date: _____

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

**USG CORPORATION**
**CLAIMS PROCESSING DEPARTMENT**
**C/O LOGAN & COMPANY, INC.**
**546 VALLEY ROAD**
**UPPER MONTCLAIR, NEW JERSEY 07043**

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

## INSTRUCTIONS

### 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). **An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.**

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| **USG Corporation** | **Case No. 01-2094 (RJN)** |
| **United States Gypsum Company** | **Case No. 01-2095 (RJN)** |
| **USG Interiors, Inc.** | **Case No. 01-2096 (RJN)** |
| **USG Interiors International, Inc.** | **Case No. 01-2097 (RJN)** |
| **L&W Supply Corporation** | **Case No. 01-2098 (RJN)** |
| **Beadex Manufacturing, LLC** | **Case No. 01-2099 (RJN)** |
| **B-R Pipeline Company** | **Case No. 01-2100 (RJN)** |
| **La Mirada Products Co., Inc.** | **Case No. 01-2101 (RJN)** |
| **USG Industries, Inc.** | **Case No. 01-2102 (RJN)** |
| **USG Pipeline Company** | **Case No. 01-2103 (RJN)** |
| **Stocking Specialists, Inc.** | **Case No. 01-2104 (RJN)** |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

### 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION  MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

JANUARY 15, 2003, OR YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ASBESTOS-RELATED PROPERTY DAMAGE CLAIM AGAINST THE DEBTORS; OR VOTING UPON, OR RECEIVING ANY DISTRIBUTIONS UNDER ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.

This form must be signed by you or your authorized agent. If you cannot fit all information in any particular section or page, copy the page before completing it, and attach as many additional pages as needed. Neatly type or print all answers on the form.

Be **accurate** and **truthful**. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both under 18 U.S.C. §§ 152 & 3571.

If you need additional Proof of Claim forms, you may obtain them by downloading them from the USG Claims Website at www.usgclaims.com or by contacting the USG Claims Helpline toll-free at (866) 233-9048.

## 5. WHERE AND HOW TO SUBMIT CLAIM FORMS

Make a copy of your completed Proof of Claim form for your records. Send only the **original** proof of claim forms and copies of all attachments to the Debtors' Claims and Noticing Agent at the following address:

**USG CORPORATION**
**CLAIMS PROCESSING DEPARTMENT**
**C/O LOGAN & COMPANY, INC.**
**546 VALLEY ROAD**
**UPPER MONTCLAIR, NEW JERSEY 07043**

The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent above. In returning this form, allow sufficient time so that this form is **received** on or before **JANUARY 15, 2003**. Forms that are postmarked before January 15, 2003 but received after January 15, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile or e-mail will not be accepted and will not be deemed filed.

## 6. ADDITIONAL DOCUMENTATION AND INFORMATION

In addition to the completed, original Proof of Claim form, you should provide copies of all documents in your possession referenced in Question 8, or you may provide summaries of those documents if they are voluminous. If documents are not available, you must attach an explanation of why they are not available.

You may attach any additional documentation that supports your claim. However, such information will not be a substitute for information provided in the Proof of Claim form itself.

## 7. DEADLINE FOR RECEIPT OF PROOF OF CLAIM FORMS

Proof of Claim forms for Asbestos-Related Property Damage Claims must be **received** on or before 5:00 p.m. Eastern Time on **JANUARY 15, 2003**.

## 8. QUESTIONS AND ASSISTANCE

For additional questions and assistance, please visit the USG Claims Website at www.usgclaims.com or contact the USG Claims Helpline toll-free at (866) 233-9048.

**EXHIBIT E**

Legal Notice                                                          Legal Notice

# If You Have a General Claim, or a Claim for Asbestos-Containing Products in Your Residence or Building Manufactured or Sold by the Companies Listed Below:

| | | |
|---|---|---|
| **USG Corporation** | **L&W Supply Corporation** | **USG Industries, Inc.** |
| **United States Gypsum Company** | **Beadex Manufacturing, LLC** | **USG Pipeline Company** |
| **USG Interiors, Inc.** | **B-R Pipeline Company** | **Stocking Specialists, Inc.** |
| **USG Interiors International, Inc.** | **La Mirada Products Co., Inc.** | |

## YOU MUST FILE A CLAIM BY JANUARY 15, 2003

The United States Bankruptcy Court for the District of Delaware (the "Court") has established **January 15, 2003**, as the general claims bar date (the "General Bar Date") in the chapter 11 cases of the companies listed above (the "Debtors"). All entities, including governmental units, that wish to assert any claims against the Debtors are required to file proofs of claim on or before 5:00 p.m., Eastern Time, on **January 15, 2003**.

### Who Must File a Proof of Claim

The General Bar Date applies to all "General Claims," which are claims of any kind against the Debtors that arose before June 25, 2001, except asbestos-related personal injury claims. General Claims include Asbestos-Related Property Damage Claims. The definition of an Asbestos-Related Property Damage Claim, as well as other important information and definitions, may be obtained from the USG Claims Website listed below.

If you wish to assert a General Claim against any Debtor, including any Asbestos-Related Property Damage Claim, you must file a proof of claim by **January 15, 2003**.

### Additional Information

- Additional information about the claims process and the General Bar Date may be obtained from the USG Claims Website, the USG Claims Helpline, or the Claims and Noticing Agent listed below.
- Certain of the Debtors manufactured or sold, at various times from the late 1920s through the late 1970s, a number of products that contained asbestos. These products include some acoustical plasters, some wall and ceiling plasters, spray fireproofing, fire-rated ceiling tiles, decorative textures, joint compound, and industrial insulation. For more information regarding the Debtors and products containing asbestos that may have been sold by the Debtors, please refer to www.usgclaims.com.

### Procedure for Filing Proofs of Claims

- If you wish to assert an Asbestos-Related Property Damage Claim, you must use the Debtors' proof of claim form for Asbestos-Related Property Damage Claims.
- If you wish to assert a General Claim other than an Asbestos-Related Property Damage Claim, you may use Official Bankruptcy Form No. 10. You may not use Official Bankruptcy Form No. 10 to file an Asbestos-Related Property Damage Claim.

These forms can be downloaded from the USG Claims Website, or obtained by calling the USG Claims Helpline listed below.

A signed original of a completed proof of claim form, together with any supporting documentation, must be delivered to the Debtors' Claims and Noticing Agent: **Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Attention: USG Claims Processing Department**, so as to be received not later than 5:00 p.m., Eastern Time, on **January 15, 2003**. The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent. Any proof of claim submitted by facsimile or e-mail will not be accepted and will not be deemed filed.

### Consequences of Failure to File a Proof of Claim

Any entity that fails to file a proof of claim by **January 15, 2003**, as required by the Court's order establishing the General Bar Date and the procedures outlined in this notice, shall be forever barred, estopped, and enjoined from asserting any General Claim, including any Asbestos-Related Property Damage Claim, against the Debtors; or voting upon, or receiving any distributions under any plan or plans of reorganization in these chapter 11 cases in respect of such General Claims.

Failure to use the Asbestos-Related Property Damage Claim Form to assert an Asbestos-Related Property Damage Claim, or failure to include all of the information and documentation required by that proof of claim form, may lead to such claim being barred even if it was filed prior to January 15, 2003.

You may wish to consult an attorney regarding this matter.

**For complete information, including all relevant forms, notices, and instructions, please consult:**

USG Claims Website
# www.usgclaims.com

USG Claims Helpline
# 1-866-233-9048

Write to: **USG Claims Processing Dept., Logan & Company, Inc., 546 Valley Rd., Upper Montclair, NJ 07043**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **USG CORPORATION,** | ) | |
| **a Delaware corporation, et al.,** [1] | ) | **Case No. 01-2094 (JKF)** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |
| | ) | |
| | ) | **Objection Deadline: 3/10/06 @ 4:00 p.m.** |
| | ) | **Hearing Date: 3/27/06 @ 9:00 a.m.** |
| | ) | |
| | ) | |

## NOTICE OF OMNIBUS OBJECTION AND HEARING

To:    Parties listed on the attached service list.

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (the "Debtors") have today filed the attached **Debtors' Sixth Property Damage Omnibus Objection and Motion to Disallow Asbestos Proofs of Claim for Failure to Provide Product Identification Evidence (Substantive Objection)** (the "Omnibus Objection") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court").

PLEASE TAKE FURTHER NOTICE that any responses to the Omnibus Objection must be in writing, filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the Special Service Parties on the attached list on or before **4:00 p.m. (Eastern Time) on March 10, 2006.**

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed, served and received, the Bankruptcy Court may grant the relief sought by the Omnibus Objection

---

[1] The Debtors are the following 11 entities: USG Corporation, United States Gypsum Corporation, USG Interiors, Inc., USG Interiors International, Inc., & L&W Supply Corporation, Beadex Manufacturing, LLC, B-R Pipeline Company, La Mirada Products Co., Inc., USG Industries, Inc., USG Pipeline Company and Stocking Specialists, Inc.

without further notice or hearing. If a response is timely filed and received, a hearing to consider the Omnibus Objection will be held at the Court before the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge on **March 27, 2006 at 9:00 a.m. (Eastern Time).** Only those responses that are timely filed, served and received will be considered at the hearing.

Dated: February 20, 2006
      Wilmington, Delaware

_____
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone:    (302) 651-7700

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D.) 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000

SPECIAL ASBESTOS PROPERTY
DAMAGE LITIGATION COUNSEL FOR
DEBTORS AND DEBTORS IN
POSSESSION

2

# Special Service Parties

**Counsel to Debtors**
Brad B. Erens, Esq.
Ilana N. Glazer, Esq.
Jones Day
77 W. Wacker Drive
Chicago, IL 60601
Facsimile No.: 312-782-8585
E-mail: usg@jonesday.com

**Delaware Counsel to the Debtors**
Daniel J. DeFranceschi, Esq.
Paul N. Heath, Esq.
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Facsimile No.: 302-651-7701
E-mail: usg@rlf.com

**Counsel to the Official
Committee of Unsecured Creditors**
Denise Wildes, Esq.
Ken Pasquale, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Facsimile No.: 212-806-9023
E-mail: dwildes@stroock.com
E-mail: kpasquale@stroock.com

**Delaware Counsel to the Official
Committee of Unsecured Creditors**
Michael R. Lastowski, Esq
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Facsimile No.: 302-657 4901
E-mail: mlastowski@duanemorris.com

**Counsel to the Official Committeeof
Asbestos Property Damage Claimants**
Scott L. Baena, Esq.
Jay M. Sakalo, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
2500 First Union Financial Center
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131-2336
Facsimile No.: 305-374-7593
E-mail: sbaena@bilzin.com
E-mail: jsakalo@bilzin.com

**Delaware Counsel to the Official
Committee of Asbestos Property Damage
Claimants**
Steven M. Yoder, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
Facsimile No.: 302-658-6395
E-mail: syoder@bayardfirm.com

**Office of the United States Trustee**
David Klauder, Esq.
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801
Facsimile No.: 302-573-6497
E-mail: david.klauder@usdoj.gov

**Counsel to the Official Committee
of Asbestos Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Facsimile No.: 212-644-6755
E-mail: ei@capdale.com

Peter Van N. Lockwood, Esq.
Walter B. Slocombe, Esq.
Nathan D. Finch, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C. 20005-5802
Facsimile No.: 202-429-3301
E-mail: pvnl@capdale.com
E-mail: wbs@capdale.com
E-mail: ndf@capdale.com

**Delaware Counsel to the Official
Committee of Asbestos Personal Injury
Claimants**
Marla R. Eskin, Esq.
Kathleen J. Campbell, Esq.
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
Facsimile No.: 302-426-9947
E-mail: meskin@camlev.com
E-mail: kcampbell@camlev.com

**Legal Representative for Future
Claimants**
Dean M. Trafelet
9130 Wild Lane
P. O. Box 518
Baileys Harbor, WI 54202
Facsimile No.: 920-839-9438
E-mail: dtrafelet@dcwis.com

**Counsel to Legal Representative for
Future Claimants**
Nicholas J. Cremona, Esq.
Andrew A. Kress, Esq.
Jane Parver, Esq.
Allan Pepper, Esq
Edmund M. Emrich, Esq.
Michael Lynn, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Facsimile No.: 212-836-8689
E-mail: akress@kayescholer.com
E-mail: ncremona@kayescholer.com
E-mail: jparver@kayescholer.com
E-mail: apepper@kayescholer.com
E-mail: eemrich@kayescholer.com
E-mail: mlynn@kayescholer.com

**Delaware Counsel to Legal
Representative for Future Claimants**
James L. Patton, Jr., Esq.
Sharon Zieg, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
Facsimile No.: 302-571-1253
E-mail: jpatton@ycst.com
E-mail: szieg@ycst.com

**Counsel to the Official Committee of
Equity Security Holders**
Martin Bienenstock
Judy Liu
Weil Gotshall & Manges
767 Fifth Avenue
New York, NY 10153
Facsimile: 212-310-8007
E-mail: martin.bienenstock@weil.com
E-mail: Judy.liu@weil.com

**Special Asbestos Property Damage
Litigation Counsel For Debtors and
Debtors In Possession**
Brady L. Green, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
E-mail: bgreen@morganlewis.com

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| USG CORPORATION, | : | |
| a Delaware corporation, et al.,[1] | : | **Jointly Administered** |
| | : | **Case No. 01-2094 (JKF)** |
| Debtors. | : | |
| | : | Objection Deadline:  3/10/06 @ 4:00 P.M. |
| | : | Hearing Date:  3/27/06 @ 9:00 A.M. |
| | : | (Hearing only if objections received) |
| | : | |

**DEBTORS' SIXTH OMNIBUS OBJECTION TO AND MOTION TO**
**DISALLOW ASBESTOS PROPERTY DAMAGE PROOFS OF CLAIM**
**FOR FAILURE TO PROVIDE PRODUCT**
**IDENTIFICATION EVIDENCE (SUBSTANTIVE OBJECTION)**

Debtors and debtors in possession (collectively, "Debtors"), pursuant to Federal

Rule of Bankruptcy Procedure 3007, and 11 U.S.C. § 502, hereby object to the proofs of claim of

the creditors specified at Exhibits A, B and C on the grounds that claimants have failed to

provide any evidence that Debtors' asbestos-containing products are or ever were installed in the

buildings at issue in these claims.

**Background**

1. On June 25, 2001, the Debtors commenced their respective reorganization

cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. On May 3, 2002, this Court entered an order requireing asbestos property

damage claimants to complete and file a claim form approved by the Court no later that January

15, 2003 ("Bar Date Order").  Under the Bar Date Order, and pursuant to the claim form

---

[1] The Debtors are:  USG Corporation; United States Gypsum Company; USG Interiors, Inc.; USG Interiors International, Inc.; L&W Supply Corporation; Beadex Manufacturing, LLC; B-R Pipeline Company; La Mirada Products Co., Inc.; USG Industries, Inc.; USG Pipeline Company; and Stocking Specialists, Inc.

approved by the Court, asbestos property damage claimants were required to provide basic information and documentation supporting their allegations that asbestos-containing materials manufactured or sold by the Debtors are, or were at a relevant time, present in the buildings that claimants put at issue. (Bar Date Order ¶ 16 )

       3. The claimants listed on Exhibits A, B and C submitted proofs of claim asserting that their buildings have or had asbestos containing materials manufactured by Debtors. As more fully detailed below, these claimants have failed to submit documentation or other evidence with their proofs of claim showing that their buildings 1) have asbestos-containing material and 2) the asbestos containing material at issue was manufactured and /or sold by Debtors. True and complete copies of the claimants' proofs of claim are attached as Exhibit D.

       4. On December 8, 2003, the Court entered an Order Approving Limited Waiver of Del. Bankr. L.R. 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "December 8th Order"). Paragraph (c) of the December 8th Order requires that "[p]rior to the assertion of objections based upon insufficient product identification, Debtors shall serve on any Claimant as to whom such objection is to be asserted, written notice by certified or overnight mail of any and all deficiencies which Debtors believe exist with respect to the product identification evidence supporting that Claimant's claim." Claimants receiving such notice were initially given ten days in which to provide additional documentation on the product identification issue, which was extended by the Court to 60 days at a hearing on May 22, 2004.

       5. The Debtors sent written notices of deficiency to each of the claimants listed on Exhibits A, B and C in March or April 2004. True and correct copies of the notices of

deficiency are attached as Exhibit E.[2]

6.  A necessary prerequisite to recovery for alleged asbestos property damage is a showing that the conduct of one of the Debtors is the cause of claimants' injury.[3] This requires, in the context of an asbestos property damage claim, that a claimant show both that:

    a)  Asbestos containing materials are present in the claimant's building, and

    b)  The Debtors manufactured or sold the asbestos containing material identified.

In response to the notices of deficiency, none of these claimants has submitted evidence to meet this initial threshold.

7.  The claimants listed on Exhibit A have offered some evidence to suggest that an asbestos containing material is present on their property. These claimants have failed, however, to offer any proof that the asbestos containing material was manufactured or sold by the Debtors.

8.  As explained below, the claimants listed on Exhibit B have offered evidence to suggest the presence of one of the Debtors' products on their property, but no evidence that the subject product contains asbestos:

    a) Bernice I. Dace, claim 3932, presented a receipt showing that a product was **installed** in 1998. No evidence is offered to show that the product in question

---

[2] None of the notices of deficiency served upon the claimants listed in Exhibits A, B and C was returned as undeliverable or rejected with the exception of the notice sent to claimant Kindig, claim 5269. The Court previously disallowed two other claims filed by Mr. Kindig, claims 6009 and 6010, as part of the Order granting Debtors' second omnibus objection dated March 21, 2005.

[3] *See e.g., Reorganized Church of Jesus Christ of Latter Day Saints v. United States Gypsum Co.*, 882 F.2d 335, 338 (8th Cir. 1989) (affirming jury's determination that plaintiff failed to adduce sufficient evidence as to "major issue" of identity of the asbestos-containing material in plaintiff's building); *East Prairie R-2 Sch. Dist. v. United States Gypsum Co.*, No. S88-0122-C (E.D. Mo. Mar. 4, 1993) (granting summary judgment due to insufficiency of product identification evidence); *University System of New Hampshire v. United States Gypsum Co.*, 756 F. Supp. 640, 659 (D.N.H. 1991) (same); *210 E. 86th St. Corp. v. Combustion Eng'g, Inc.*, 821 F. Supp. 125 (S.D.N.Y. 1993) (same); *Catasauqua Area Sch. Dist. v. Raymark Indus., Inc.*, 662 F. Supp. 64, 66-67 (E.D. Pa. 1987) (same).

3

contained asbestos, and indeed the Debtors stopped manufacturing and selling asbestos containing products many years before 1998.

b) Robert Hollingshead, claim 5772, asserted in his proof of claim form and supporting documentation that his residence contains a product manufactured by Debtors. No evidence is offered to show that the product in question contained asbestos.

c) Marilyn and Raymond Lewis, claims 6027 and 6871, have produced various photos of products in their home. However, they have offered absolutely no evidence that any of the products depicted contains asbestos. As to most of the products depicted in the photographs, no evidence has been offered that the products either were manufactured or sold by the Debtors.

9. Finally, the claimants listed on Exhibit C have failed both prongs of the initial test necessary to meet the threshold issue of product identification: They have failed to offer any evidence that an asbestos containing product exists in their buildings, and they have also failed to show that any product of the Debtors is present in those buildings.

10. Given the failure of the claimants listed on Exhibits A, B and C to provide product identification evidence as required by the Court's orders, their claims should be disallowed.

11. This Objection complies with Del. Bankr. L.R. 3007-1, as modified by the December 8th Order.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit F, disallowing the claims of all creditors listed on Exhibit A, B and C.

4

Dated: February 20, 2006
Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P A

Daniel J. DeFranceschi (DE I D  2732)
Paul N. Heath (DE I D  3704)
One Rodney Square
P O  Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

James D  Pagliaro (PA I D  23701)
Brady L  Green (PA I D  56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

5

**<u>In re:  USG Corporation</u>**
**<u>Case No. 01-2094 (JKF)</u>**

**<u>SUMMARY SHEET OF EXHIBITS</u>**

EXHIBIT A
Claimants

EXHIBIT B
Claimants

EXHIBIT C
Claimants

EXHIBIT D
Proof of Claim Forms

EXHIBIT E
Notices of Deficiency

EXHIBIT F
Proposed form of order

# Exhibit A

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| Ballou, Luther F. | 4460 | $5,000.00 | No Debtor ID |
| Barahona, Fernando<br>Castillo | 6003 | $100,000.00 | No Debtor ID |
| Criscone, Janet and<br>Theresa | 4445 | $32,238.52 | No Debtor ID |

2

## Exhibit B

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| Dace, Bernice | 3932 | $96,000.00 | No Asbestos ID |
| Hollingshead, Robert | 5772 | $0.00 | No Asbestos ID |
| Lewis, Marilyn and Raymond | 6027 | $20,000.00 | No Asbestos ID |
| Lewis, Marilyn and Raymond | 6871 | $20,000.00 | No Asbestos ID |

## Exhibit C

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| Beauchaine, Julia M. | 5283 | $14,020.00 | No Asbestos or<br>Debtor ID |
| DA-2 Development<br>Corp. (DRA Dominic<br>A. Affuso) | 3840 | $0.00 | No Asbestos or<br>Debtor ID |
| Head, Dana W. | 3800 | $0.00 | No Asbestos or<br>Debtor ID |
| Kindig, Myron J. | 5269 | $52,000.00 | No Asbestos or<br>Debtor ID |
| Ogelsby, Fred | 4233 | $3,500.00 | No Asbestos or<br>Debtor ID |

# **EXHIBIT D**

Proof of Claim Forms

**CLAIM NO. 4460**

USG Corporation, et al.
United States Bankruptcy Court for the District of Delaware

Proof of Claim for Asbestos-Related Property Damage

CLAIMANT:  Luther F Ballou
550 Golden Road
Fallbrook, CA  92028

(760) 723-3614

Reference:  Claim Number 4460

03 February 2005

The Debtor has FAILED TO RESPOND to any of the points I made in my 13 May 2004 submittal, thus ALL the issues I addressed remain unresolved. I must therefore PROTEST the debtors' counsels' request to deny my claim. Contrary to what the debtors' counsel claims, there is case history in which proof of manufacturer was NOT REQUIRED. Specifically, I refer the court to the Federal-Mogul Global Inc., T&N Limited, et al. asbestos Chapter 11 bankruptcy case heard by the United States Bankruptcy Court For the District of Delaware, Case Nos. 01-10578 (RTL). In that case claimants are to receive limited recovery based on their claim amount without proof of product original manufacturer. The Court deemed it sufficient that if the products removed or still existing in the residence of the claimants were sufficiently similar to products manufactured by the debtor at the time, the debtor had some liability for the cost of removal. As I have pointed out previously, there is no practical way to directly tie the asbestos related products removed from my residence and still currently within my residence to the debtor. The position taken by debtor's counsel to require absolute product identification either via a 70 year old product sales receipt from when my house was built or an identifiable trademark on the product (impossible requirement for the material removed to a hazardous waste facility and none found on the accessible in residence material) is an unrealistic requirement. The Debtor was in the business of producing similar products in 1936 and should be held liable for product removal costs.

I again ask that the court direct the debtor to address and respond to the issues I raised in my 13 May 2004 submittal update, which is attached hereto and to declare my claim against the debtor valid and deserving of compensation.

Luther F. Ballou
Email: louballou@yahoo.com

13 May 2004

Reference:  Claim Number 4460

My house was built in 1936. I bought the house in 1985. No apparent product markings are easily detectable on the exposed pipe wrappings shown in the photographs  The only way to determine probable manufacturer is to compare the product shown in the photographs with the products produced by the debtors from the 1930's era. The claim was primarily placed based on the www.usgclaims.com/history website statement that United States Gypsum Company manufactured "asbestos paper" and "pipe covering", product details of which were not provided. Not having access to these records, I request that the court direct the debtor to provide such information to the undersigned so that I can continue with my legitimate claim. If the court desires, I can provide the court with samples of the asbestos pipe wrappings in question to allow the debtor to evaluate the material relative to his 1930's product spectrum.  In regards to the asbestos removed in 1990, I ask the court to determine what would be an acceptable identification of the product given that it now resides in a hazardous waste landfill.  All I can state is that it was corrugated in structure, similar to what still exists as shown in the photos.

Looking again at the website listing of trade name products manufactured by USG, stucco and plaster products are included. My residence interior walls are 75% plaster covered and the exterior walls 75% stucco covered.  Whether these coverings contain asbestos has not been determined.  Assuming that a lab test analysis of the stucco and plaster is conducted, what would be required to validate that the material is USG manufactured????  Can these items be added to my claim at this time?

In the event that my claim is still rejected, I request the court to provide me with a waiver so that I may bring suit against USG Corporation, et al., in the event that the asbestos material in my residence is at a future date identified as a product of USG Corporation or one of its subsidiaries.

I also ask the court to note that I am an individual and do not have the funds to hire expert counsel to aide in my claim.  Given that this is a class action lawsuit, how do I contact representative counsel for the plaintiffs?

Luther F. Ballou
Email:  louballou@yahoo com

Section  8 Support Documentation:

In 1990 I contracted with P W. Stephens Residential, Inc.  to remove asbestos wrapped heating ducts, strip asbestos wrapping from furnace plenum and boots, and remove exposed asbestos from hot water pipes, all within the basement and crawl space under the subject residence.  No pictures of the material removed were taken.   Copies of the P.W. Stephens documentation are attached.   TOTAL PAYMENT: $1000.00

Asbestos material still remains in the residence.  The enclosed picture shows exposed asbestos wrapping on hot water piping in the attic.  Similar wrapping is contained on the central heating ducts and hot water piping within the walls.  Currently, I have no intention of removing the remaining exposed and hidden asbestos material, thus the liability remains with the residence property and removal costs will be encountered with residence remodel or demolition.  I have set an ESTIMATED LIABILITY of $4000.00

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
**USG CORPORATION, et al.,**
**Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)**
**Jointly Administered**

</td><td>

This Space Is For Court Use Only

DEBTOR: USG CORPORATION
FILED: U S B C D D
CASE NO : 01-2094 THRU 01-2104
**CLAIM NO.:4460**

</td></tr>
</table>

### PROOF OF CLAIM FOR
### ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
### USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

**1. DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** _United States Gypsum Company_

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR **EACH** DEBTOR.

**2. CLAIMANT INFORMATION**   1393161

Claimant: _LUTHER F BALLOU_
Contact Person: _LUTHER F BALLOU_
Address: _550 GOLDEN ROAD_
City, State, Zip: _FALLBROOK, CA 92028_
Telephone No.: _(760) 723 3614_
Tax ID Number (if applicable): _____

**3. CLAIMANT'S ATTORNEY** (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)
Name: _____
Firm: _____
Address: _____
City, State, Zip: _____
Telephone No.: _____

RECEIVED 2002 DEC 12 PM 3:53 LOGAN & COMPANY, INC.

**4. TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $ _5000_
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING.  YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR _EACH_ BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5.  IDENTIFICATION OF BUILDING

Name of Building:   Residence

Address of Building:   550  GOLDEN  ROAD
FALLBROOK,  CA  92028

6.  YOUR PROPERTY INTEREST IN THE BUILDING

☒ Owner     ☐ Lessee     ☐ Other (describe): _____

Date interest was acquired:   1984

7.  TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:   $ 5000

8.  DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☒ Yes          ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR _ALL_ PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| Pipe covering | ☐Yes* | ☒No | ☐Yes* | ☒No | 1936 | 1990 |
| Pipe covering | ☐Yes* | ☒No | ☐Yes* | ☒No | 1936 | Not yet removed |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH _ALL_ DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS.  IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9.  IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes          ☒ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM: _____

_____

_____

_____

10. EXECUTION OF CLAIM

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name: _____LUTHER F. BALLOU_____

Title: _____

Date: _____07 DEC 2002_____

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

        **USG CORPORATION**
        **CLAIMS PROCESSING DEPARTMENT**
        **C/O LOGAN & COMPANY, INC.**
        **546 VALLEY ROAD**
        **UPPER MONTCLAIR, NEW JERSEY 07043**

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

3

United States Bankruptcy Court for the District of Delaware
USG Corporation, et al.

Proof of Claim for Asbestos-Related Property Damage

CLAIMANT: Luther F Ballou
550 Golden Road
Fallbrook, CA 92028

(760) 723-3614

Section 8 Support Documentation:

In 1990 I contracted with P.W. Stephens Residential, Inc. to remove asbestos wrapped heating ducts, strip asbestos wrapping from furnace plenum and boots, and remove exposed asbestos from hot water pipes, all within the basement and crawl space under the subject residence. No pictures of the material removed were taken. Copies of the P.W. Stephens documentation are attached. TOTAL PAYMENT: $1000.00

Asbestos material still remains in the residence. The enclosed picture shows exposed asbestos wrapping on hot water piping in the attic. Similar wrapping is contained on the central heating ducts and hot water piping within the walls. Currently, I have no intention of removing the remaining exposed and hidden asbestos material, thus the liability remains with the residence property and removal costs will be encountered with residence remodel or demolition. I have set an ESTIMATED LIABILITY of $4000.00

## P.W. STEPHENS RESIDENTIAL, INC.

### ENVIRONMENTAL HEALTH AND SAFETY
### COMMERCIAL / INDUSTRIAL / RESIDENTIAL

11/26/90

### LETTER OF COMPLETION

TO WHOM IT MAY CONCERN:
THIS IS TO CERTIFY THAT AN ASBESTOS ABATEMENT PROJECT HAS BEEN
ACCOMPLISHED AT :

JOB NO:       SD-00780
JOB NAME:     LOU BALLOU
JOB ADDRESS:  550 GOLDEN RD., FALLBROOK,, CA.  9202

AS PER OUR CONTRACT, THE ASBESTOS WAS REMOVED FROM THE FOLLOWING AREAS
OF THE ADDRESS LISTED ABOVE:

   DUCTS FROM BASEMENT AND CRAWL SPACE UNDER HOUSE.
   STRIP PLENUM AND BOOTS.

ACCOMPANYING THIS CERTIFICATE IS A COPY OF THE UNIFORM HAZARDOUS WASTE
MANIFEST. THIS SHOWS THAT HAZARDOUS WASTE WAS TRANSPORTED FROM
THE LOCATION LISTED ABOVE IN A VEHICLE INSPECTED AND CERTIFIED UNDER
THE STATE OF CALIFORNIA VEHICLE CODE REGISTRATION NO. CA1225. WITHIN
THIRTY (30) DAYS YOU WILL BE RECEIVING ANOTHER COPY OF THE HAZARDOUS
WASTE MANIFEST FROM THE DESIGNATED FACILITY AT WHICH THE WASTE IS DISPOSED
AT.

WE HAVE RECEIVED VERBAL CLEARANCE ON THE ABOVE RESIDENCE.  A COPY OF
YOUR AIR TEST RESULTS WILL BE MAILED TO YOU WHEN WE RECEIVE THE WRITTEN
REPORT FROM OUR LAB.

EVERY ONE AT P.W. STEPHENS WOULD LIKE TO TAKE THIS OPPORTUNITY TO SAY
THANK YOU FOR YOUR PATRONAGE.  IF YOU HAVE ANY FURTHER QUESTIONS, PLEASE
FEEL FREE TO GIVE US A CALL.

RESPECTFULLY,

*Joan Bancroft*

JOAN BANCROFT
SECRETARY

State of California—Health and Welfare Agency
Form Approved OMB No. 2050—0039 (Expires 9-30-91)
Please print or type. *(Form designed for use on an elite (12-pitch typewriter).*

Department of Health Services
Toxic Substances Control Division
Sacramento, California

| UNIFORM HAZARDOUS WASTE MANIFEST | 1. Generator's US EPA ID No | Manifest Document No. | 2. Page 1 of | Information in the shaded areas is not required by Federal law. |
|---|---|---|---|---|
| | C A D 1 4 0 5 8   1 1 3 9 | | | |

A. State Manifest Document Number
**89673520**

3. Generator's Name and Mailing Address
LOU BALLOU
550 FOLDEN ROAD, FALLBROOK, CA 92028        SDR--780

B. State Generator's ID

4. Generator's Phone (619) 723-3614

5. Transporter 1 Company Name        6. US EPA ID Number
P.W.STEPHENS RESIDENTIAL INC.    C A D 9 8 2 4 7 2 8 5 4

C. State Transporter's ID  105795
D. Transporter's Phone (619) 558-9690

7. Transporter 2 Company Name        8. US EPA ID Number
NATIONAL ENVIRONMENTAL CORP.    C A D 9 8 1 1 3 8 1 4 6

E. State Transporter's ID  012-5500
F. Transporter's Phone (916) 222-6613

9. Designated Facility Name and Site Address        10. US EPA ID Number
PEN ROB LANDFILL
3 MI NO/I-40 EASTSIDE OF PORTER AVE.
JOSEPH CITY, AZ 86032    A Z 0 0 0 0 0 0 1 5 0

G. State Facility's ID
H. Facility's Phone (602) 288-3281

| 11. US DOT Description (Including Proper Shipping Name, Hazard Class, and ID Number) | 12. Containers No. | Type | 13. Total Quantity | 14. Unit Wt/Vol | Waste No. |
|---|---|---|---|---|---|
| a. "R.Q." WASTE, HAZARDOUS SUBSTANCE SOLID, n.o.s. ORM-E NA 9188 (ASBESTOS) | 021 | B A | OG380 008940 | P | State 151 EPA/Other |
| b. | | | | | State EPA/Other |
| c. | | | | | State EPA/Other |
| d. | | | | | State EPA/Other |

J. Additional Descriptions for Materials Listed Above
#1.1 ASBESTOS
BAGGED, SEALED, LABELED

K. Handling Codes for Wastes Listed Above
09

15. Special Handling Instructions and Additional Information
STOW AND HANDLE TO AVOID AIRBORNE PARTICLES. INCASE OF SPILL USE RESPIRATORY
PROTECTION AND DISPOSEABLE CLOTHING. WET THOURGHLY OR USE APPROVED VACUUM WITH
H.E.P.A. FILTER TO CLEAN UP DEBRIS. DOUBLE BAGGED.

16. GENERATOR'S CERTIFICATION: I hereby declare that the contents of this consignment are fully and accurately described above by proper shipping name, and are classified, packed, marked, and labeled, and are in all respects in proper condition for transport by highway according to applicable international and national government regulations.

If I am a large quantity generator, I certify that I have a program in place to reduce the volume and toxicity of waste generated to the degree I have determined to be economically practicable and that I have selected the practicable method of treatment, storage, or disposal currently available to me which minimizes the present and future threat to human health and the environment; OR, if I am a small quantity generator, I have made a good faith effort to minimize my waste generation and select the best waste management method that is available to me and that I can afford.

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| LUTHER F BALLOU | | 11 | 16 | 90 |

17. Transporter 1 Acknowledgement of Receipt of Materials

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| GARY DALE | Gary Dale | 11 | 16 | 90 |

18. Transporter 2 Acknowledgement of Receipt of Materials

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| Jesus Jose Garcia | Jesus Jose Garcia | 11 | 19 | 90 |

19. Discrepancy Indication Space

20. Facility Owner or Operator Certification of receipt of hazardous materials covered by this manifest except as noted in item 19.

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| RW Reynolds | Rij Reynolds | 11 | 30 | 90 |

DHS 8022 A (1/88)
EPA 8700—22
(Rev. 9-88) Previous editions are obsolete.

Do Not Write Below This Line

Yellow: TSDF SENDS THIS COPY TO GENERATOR WITHIN 30 DAYS

IN CASE OF AN EMERGENCY OR SPILL, CALL THE NATIONAL RESPONSE CENTER 1-800-424-8802; WITHIN CALIFORNIA CALL 1-800-852-7550

California—Health and Welfare Agency
Approved OMB No. 2050-0039 (Expires 9-30-91)
Please print or type.  (Form designed for use on elite (12-pitch typewriter).

Department of Health Services
Toxic Substances Control Division
Sacramento, California

| UNIFORM HAZARDOUS WASTE MANIFEST | 1. Generator's US EPA ID No. | | Manifest Document No. | 2 Page 1 of 1 | Information in the shaded areas is not required by Federal law. |
|---|---|---|---|---|---|

1. Generator's US EPA ID No.  C|A|D|9|8|1|4|0|0|5|1|8| | |1|0|

3. Generator's Name and Mailing Address
LOU BALLOU
550 GOLDEN ROAD, FALLBROOK, CA 92028

SDR-780

A. State Manifest Document Number
89673540

B. State Generator's ID
| | | | | |E|X|E|M|P|T|

4. Generator's Phone (619)  723-3616

5. Transporter 1 Company Name        6  US EPA ID Number
P.W. STEPHENS RESIDENTIAL INC.  C|A|D|9|8|2|4|7|2|8|5|4

C. State Transporter's ID  0125300
D. Transporter's Phone (619) 558-9690

7. Transporter 2 Company Name        8  US EPA ID Number
NATIONAL ENVIRONMENTAL CORP.  C|A|D|9|8|1|4|3|8|1|4|6

E. State Transporter's ID  105795
F. Transporter's Phone (916) 222-6613

9. Designated Facility Name and Site Address        10.  US EPA ID Number
PEN ROB LANDFILL
3 MI NO/I-40 EASTSIDE OF PORTER AVE.
JOSEPH CITY, AZ 86032   A|Z|C|0|0|0|0|0|1|5|0|

G. State Facility's ID
H. Facility's Phone (602) 288-3281

| 11. US DOT Description (Including Proper Shipping Name, Hazard Class, and ID Number) | 12. Containers No. | Type | 13. Total Quantity | 14. Unit Wt/Vol | Waste No. |
|---|---|---|---|---|---|
| a. "R.Q." WASTE, HAZARDOUS SUBSTANCE SOLID, n.o.s., ORM-E NA 9188 (ASBESTOS) | 001 | B A | 00020 07015? | P | State 151 / EPA/Other |
| b. | | | | | State / EPA/Other |
| c. | | | | | State / EPA/Other |
| d. | | | | | State / EPA/Other |

J. Additional Descriptions for Materials Listed Above
#1.1 ASBESTOS
BAGGED, SEALED, LABELED

K. Handling Codes for Wastes Listed Above
a. 03
b.
c.
d.

15. Special Handling Instructions and Additional Information
STOW AND HANDLE TO AVOID AIRBORNE PARTICLES.  INCASE OF SPILL USE RESPIRATORY
PROTECTION AND DISPOSEABLE CLOTHING.  WET THORUGHLY OR USE APPROVED VACUUM WITH
H.E.P.A. FILTER TO CLEAN UP DEBRIS.  DOUBLE BAGGED.

16. GENERATOR'S CERTIFICATION:  I hereby declare that the contents of this consignment are fully and accurately described above by proper shipping name and are classified, packed, marked, and labeled, and are in all respects in proper condition for transport by highway according to applicable international and national government regulations.

If I am a large quantity generator, I certify that I have a program in place to reduce the volume and toxicity of waste generated to the degree I have determined to be economically practicable and that I have selected the practicable method of treatment, storage, or disposal currently available to me which minimizes the present and future threat to human health and the environment; OR, if I am a small quantity generator, I have made a good faith effort to minimize my waste generation and select the best waste management method that is available to me and that I can afford.

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| HALINA BALLOU | Halina Ballou | 1 1 | 1 9 | 90 |

17. Transporter 1 Acknowledgement of Receipt of Materials

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| GARY DALE | Gary Dale | 1 1 | 1 9 | 90 |

18. Transporter 2 Acknowledgement of Receipt of Materials

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| Jesus Jose GARCIA | Juns Jose Garcia | 1 1 | 1 9 | 90 |

19. Discrepancy Indication Space

20. Facility Owner or Operator Certification of receipt of hazardous materials covered by this manifest except as noted in Item 19.

| Printed/Typed Name | Signature | Month | Day | Year |
|---|---|---|---|---|
| Jim Reynolds | Jim Reynolds | 1 1 | 30 | 90 |

Do Not Write Below This Line

DHS 8022 A (1/88)
EPA 8700-22
(Rev 9-88) Previous editions are obsolete.

Yellow: TSDF SENDS THIS COPY TO GENERATOR WITHIN 30 DAYS

GENERATOR / TRANSPORTER / FACILITY

IN CASE OF AN EMERGENCY OR SPILL, CALL THE NATIONAL RESPONSE CENTER 1-800-424-8802; WITHIN CALIFORNIA CALL 1-800-852-7550

896/554U

INVOICE No.

**SDR** 0096

# P.W. STEPHENS RESIDENTIAL, INC.

## RESIDENTIAL ASBESTOS ABATEMENT

8390 Miramar Place, Suite D, San Diego, CA 92121

(619) 558-6936

ST. LIC. No. 493715

DATE: _____ 11/26/90 _____

CUSTOMER: _____ LOU BALLOU _____

_____ 5500 GOLDEN RD. _____

_____ FALLBROOK,, CA 92028 _____

JOB NAME: _____ LOU BALLOU _____

_____ 550 GOLDEN RD. _____

_____ FALLBROOK,, CA 92028 _____

OUR JOB NUMBER: _____ SD-00780 _____

TERMS: Net 10 days

ORIGINAL CONTRACT AMOUNT: . . . . . . . . . . . . . . . . . . . . . . . . . . _____ 1000.00 _____

CHANGE ORDERS: . . . . . . . . . . . . . . . . . . . . . . . . . . . _____ 0.00 _____

**TOTAL:** _____ 1000.00 _____

LESS DOWN PAYMENT: _____ 500.00 _____

BALANCE DUE: _____ 500.00 _____

*pd cK 227*
*Schwab*
*27 Nov 90*

# THIS IS YOUR FINAL BILLING

**Interest at the rate of 1½% per month will be charged on all past due accounts. In the event of failure to pay any of the amount due on this invoice, all collection costs and/or attorney's fees in the collection of any such amount will be paid by the customer.**

WHITE — Customer  •  YELLOW — Job Folder  •  PINK — Accounting

FORM CA400




**CLAIM NO. 6003**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

USG CORPORATION, *et al.*,
Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)
Jointly Administered

This Space is For Court Use Only

DEBTOR: USG CORPORATION
FILED: U.S.B.C.D.D.
CASE NO : 01-2094 THRU 01-2104
**CLAIM NO.:6003**

## PROOF OF CLAIM FOR
## ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
## <u>USG CORPORATION OR ANY RELATED DEBTORS</u>

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

1. <span style="font-variant: small-caps;">Debtor Against Whom This Claim Is Asserted:</span>  USG  CORPORATION

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR <u>EACH</u> DEBTOR.

*140024*

2. <span style="font-variant: small-caps;">Claimant Information</span>

| | |
|---|---|
| Claimant: | FERNANDO  CASTILLO  BARAHONA |
| Contact Person: | FERNANDO  CASTILLO  BARAHONA |
| Address: | P.O.  BOX 191294 |
| City, State, Zip: | SAN  JUAN,  PR  00919-1294 |
| Telephone No.: | (787)  720-7943 |
| Tax ID Number (if applicable): | |

3. <span style="font-variant: small-caps;">Claimant's Attorney</span>   (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

| | |
|---|---|
| Name: | |
| Firm: | |
| Address: | |
| City, State, Zip: | |
| Telephone No.: | |

4. <span style="font-variant: small-caps;">Total Amount of Claim Asserted Against Debtor</span>: $ 100,000.00

NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

LOGAN & COMPANY, INC.
2003 JAN 14 PM 3:42
RECEIVED

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building:         GREENHOUSE   BENCHES

Address of Building:      ROAD   723   KM 0.5,   BARRIO   ASOMANTE

                          AIBONITO,   PUERTO   RICO   00705

6. YOUR PROPERTY INTEREST IN THE BUILDING

☒ Owner      ☐ Lessee      ☐ Other (describe): _____

Date interest was acquired:                    NOVEMBER 5,   1993

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:   $ 90,500.00 (APPENDIX I)

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

                    ☒ Yes                    ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|
| TRANSITE   PANELS | ☐Yes*  ☒No | ☐Yes*  ☒No | 1970 | N/A |
| | ☐Yes*  ☐No | ☐Yes*  ☐No | | |
| | ☐Yes*  ☐No | ☐Yes*  ☐No | | |
| | ☐Yes*  ☐No | ☐Yes*  ☐No | | |
| | ☐Yes*  ☐No | ☐Yes*  ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.   APPENDIX   II

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

            ☐ Yes          ☒ No

     IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

_____

_____

_____

10. UNDERLINE{EXECUTION OF CLAIM}

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name:     FERNANDO   CASTILLO   BARAHONA
                _____

Title:          OWNER
                _____

Date:           JANUARY 8,   2003
                _____


A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

## INSTRUCTIONS

### 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). **An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.**

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

### 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

JANUARY 15, 2003, OR YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ASBESTOS-RELATED PROPERTY DAMAGE CLAIM AGAINST THE DEBTORS; OR VOTING UPON, OR RECEIVING ANY DISTRIBUTIONS UNDER ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.

This form must be signed by you or your authorized agent. If you cannot fit all information in any particular section or page, copy the page before completing it, and attach as many additional pages as needed. Neatly type or print all answers on the form.

Be **accurate** and **truthful**. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both under 18 U.S.C. §§ 152 & 3571.

If you need additional Proof of Claim forms, you may obtain them by downloading them from the USG Claims Website at www.usgclaims.com or by contacting the USG Claims Helpline toll-free at (866) 233-9048.

## 5. WHERE AND HOW TO SUBMIT CLAIM FORMS

Make a copy of your completed Proof of Claim form for your records. Send only the **original** proof of claim forms and copies of all attachments to the Debtors' Claims and Noticing Agent at the following address:

USG CORPORATION
CLAIMS PROCESSING DEPARTMENT
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NEW JERSEY 07043

The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent above. In returning this form, allow sufficient time so that this form is **received** on or before **JANUARY 15, 2003**. Forms that are postmarked before January 15, 2003 but received after January 15, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile or e-mail will not be accepted and will not be deemed filed.

## 6. ADDITIONAL DOCUMENTATION AND INFORMATION

In addition to the completed, original Proof of Claim form, you should provide copies of all documents in your possession referenced in Question 8, or you may provide summaries of those documents if they are voluminous. If documents are not available, you must attach an explanation of why they are not available.

You may attach any additional documentation that supports your claim. However, such information will not be a substitute for information provided in the Proof of Claim form itself.

## 7. DEADLINE FOR RECEIPT OF PROOF OF CLAIM FORMS

Proof of Claim forms for Asbestos-Related Property Damage Claims must be **received** on or before 5:00 p.m. Eastern Time on **JANUARY 15, 2003**.

## 8. QUESTIONS AND ASSISTANCE

For additional questions and assistance, please visit the USG Claims Website at www.usgclaims.com or contact the USG Claims Helpline toll-free at (866) 233-9048.

**J.R.** **I**nsulation **S**ales & **S**ervice

PONCE: (787) 836-1756   FAX: (787) 836-4498
BARCELONETA: (787) 846-4205   FAX: (787) 846-4573
E-MAIL: jrissinc@caribe.net

October 11, 2002

**PLANTAS TROPICALES DE P. R.**
P.O. Box 191294
San Juan, PR   00919

Attention :   Mr. Fernando Castillo

Reference:   **ASBESTOS REMOVAL**

Dear Mr. Castillo:

We are pleased to submit our proposal for the removal and disposal of approximately 19,872 square feet of Transite panels containing asbestos, located in your facilities in Aibonito.

Scope of Work:

1.   EQB permits and notification to EPA.
2.   Qualify personnel supervision.
3.   Mobilization of equipment and personnel.
4.   Air monitoring before, during, and after the removal.
5.   Preparation of the work area.
6.   Asbestos removal.
7.   Clean up.
8.   Asbestos disposal.
9.   Demobilization.
10.  Final report to EQB and your company.

   **Our price for this work . . . . . . . . . . . $90,500.00**

Notes:

1.   This price is based on regular working hours from Monday thru Friday.
2.   We need water and power to realize this job.

Our payment terms are Net 30 days.

Thank you for the opportunity to quote this work.  If you have any doubt or question, please call us, we will be glad to assist you.

Cordially,

Ramón L. Santiago
Project Manager

RLS/lou

## FERNANDO  CASTILLO  BARAHONA
P.O. BOX 191294
SAN JUAN, P.R.  00919-1294
Tel: (787) 720-7943  Fax: (787) 731-2300

January  8,  2003

**USG  CORPORATION**
CLAIMS PROCESSING  DEPARTMENT
c/o LOGAN  &  COMPANY  INC.
546  Valley  Road
Upper  Montclair, New  Jersey  07043

**Re: SUPPORTING  DOCUMENTS**

Supporting  documents  regarding  the  debtor  are  not  available  due  to
damages  suffered  by  **Hurricane  Georges**  during  September  1998.

Sincerely,

*Fernando Castillo*

**Fernando  Castillo**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

USG CORPORATION, *et al.*,

Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)
Jointly Administered

DEBTOR: USG CORPORATION
FILED: U S B C D D
CASE NO : 01-2094 THRU 01-2104
**CLAIM NO.:6003**

## PROOF OF CLAIM FOR
## ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
## USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

---

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

---

1. DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:  USG   CORPORATION

NOTE:  SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS.  IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR EACH DEBTOR.

2. CLAIMANT INFORMATION         *140024*

| | |
|---|---|
| Claimant: | FERNANDO   CASTILLO   BARAHONA |
| Contact Person: | FERNANDO CASTILLO   BARAHONA |
| Address: | P.O.  BOX 191294 |
| City, State, Zip: | SAN   JUAN,  PR   00919-1294 |
| Telephone No.: | (787) 720-7943 |
| Tax ID Number (if applicable): | |

3. CLAIMANT'S ATTORNEY  (NOTE:  YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

| | |
|---|---|
| Name: | |
| Firm: | |
| Address: | |
| City, State, Zip: | |
| Telephone No.: | |

RECEIVED
2003 JAN 14  PM 3: 42
LOGAN & COMPANY, INC.

4. TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:  $ 100,000.00
NOTE:  YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE

10. <u>EXECUTION OF CLAIM</u>

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name: ___FERNANDO    CASTILLO    BARAHONA___

Title: ___OWNER___

Date: ___JANUARY 8,    2003___

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

USG CORPORATION
CLAIMS PROCESSING DEPARTMENT
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NEW JERSEY 07043

Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

JANUARY 15, 2003, OR YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ASBESTOS-RELATED PROPERTY DAMAGE CLAIM AGAINST THE DEBTORS; OR VOTING UPON, OR RECEIVING ANY DISTRIBUTIONS UNDER ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.

This form must be signed by you or your authorized agent. If you cannot fit all information in any particular section or page, copy the page before completing it, and attach as many additional pages as needed. Neatly type or print all answers on the form.

Be **accurate** and **truthful**. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both under 18 U.S.C. §§ 152 & 3571.

If you need additional Proof of Claim forms, you may obtain them by downloading them from the USG Claims Website at www.usgclaims.com or by contacting the USG Claims Helpline toll-free at (866) 233-9048.

5. WHERE AND HOW TO SUBMIT CLAIM FORMS

Make a copy of your completed Proof of Claim form for your records. Send only the **original** proof of claim forms and copies of all attachments to the Debtors' Claims and Noticing Agent at the following address:

USG CORPORATION
CLAIMS PROCESSING DEPARTMENT
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NEW JERSEY 07043

The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent above. In returning this form, allow sufficient time so that this form is **received** on or before **JANUARY 15, 2003**. Forms that are postmarked before January 15, 2003 but received after January 15, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile or e-mail will not be accepted and will not be deemed filed.

6. ADDITIONAL DOCUMENTATION AND INFORMATION

In addition to the completed, original Proof of Claim form, you should provide copies of all documents in your possession referenced in Question 8, or you may provide summaries of those documents if they are voluminous. If documents are not available, you must attach an explanation of why they are not available.

You may attach any additional documentation that supports your claim. However, such information will not be a substitute for information provided in the Proof of Claim form itself.

7. DEADLINE FOR RECEIPT OF PROOF OF CLAIM FORMS

Proof of Claim forms for Asbestos-Related Property Damage Claims must be **received** on or before 5:00 p.m. Eastern Time on **JANUARY 15, 2003**.

8. QUESTIONS AND ASSISTANCE

For additional questions and assistance, please visit the USG Claims Website at www.usgclaims.com or contact the USG Claims Helpline toll-free at (866) 233-9048.

Appendix I

**J.R.** **I**nsulation **S**ales **&** **S**ervice

October 11, 2002

**PLANTAS TROPICALES DE P. R.**
P.O. Box 191294
San Juan, PR  00919

Attention :   Mr. Fernando Castillo

Reference:   **ASBESTOS REMOVAL**

Dear Mr. Castillo:

We are pleased to submit our proposal for the removal and disposal of approximately 19,872 square feet of Transite panels containing asbestos, located in your facilities in Aibonito.

Scope of Work:

1.   EQB permits and notification to EPA.
2.   Qualify personnel supervision.
3.   Mobilization of equipment and personnel.
4.   Air monitoring before, during, and after the removal.
5.   Preparation of the work area.
6.   Asbestos removal.
7.   Clean up.
8.   Asbestos disposal.
9.   Demobilization.
10.   Final report to EQB and your company.

**Our price for this work . . . . . . . . . . . $90,500.00**

Notes:

1.   This price is based on regular working hours from Monday thru Friday.
2.   We need water and power to realize this job.

Our payment terms are Net 30 days.

Thank you for the opportunity to quote this work. If you have any doubt or question, please call us, we will be glad to assist you.

Cordially,

Ramón L. Santiago
Project Manager

RLS/lou

**FERNANDO  CASTILLO  BARAHONA**
P.O.  BOX  191294
SAN  JUAN,  P.R.  00919-1294
Tel: (787) 720-7943  Fax: (787) 731-2300

January  8,  2003

**USG  CORPORATION**
CLAIMS PROCESSING  DEPARTMENT
c/o LOGAN  &  COMPANY  INC.
546 Valley Road
Upper Montclair, New  Jersey  07043

**Re: SUPPORTING  DOCUMENTS**

Supporting  documents  regarding  the debtor  are  not  available  due  to damages  suffered  by **Hurricane  Georges** during  September  1998.

Sincerely,

Fernando  Castillo

**CLAIM NO. 4445**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

AN ASBESTOS PERSONAL INJURY OR
ASBESTOS PROPERTY DAMAGE CLAIM

**USG CORPORATION**, *et al.*, Case Nos. 01-2094 (RJN) through 01-2104 (RJN)
Jointly Administered

**PROOF OF CLAIM
CHAPTER 11**

| Name of Debtor Against Which You Assert Your Claim: United States Gypsum Company | Case Number: 01- 2095 RJN | Your Claim Is Scheduled As Follows: |

(See List of Names on Reverse Side) | (See List on Reverse Side)

Note: This form should not be used to make a claim for an administrative expense arising on or after June 25, 2001, the date of commencement of the Debtors' bankruptcy cases. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

A. Name of Creditor (The person or entity to whom the debtor owes money or property)

Janet and Therese Criscolo

139349

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.

☑ Check this box if you have never received any notices in this case

DEBTOR: USG CORPORATION
FILED: U.S.B.C.D.D.
CASE NO.: 01-2094 THRU 01-2104
**CLAIM NO.:4445**

If an amount is identifed above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the Debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

B. Identify name of creditor, address and person to whom notices must be served
(Check box if): ☐ replaces address above   ☐ additional address

Name: Janet Criscone 1 & 2 State st
Apt. 718   Albany NY 12207

Company/Firm: _____

Address: 1 & 2 State St. Apt. 718
Albany, NY 12207

Telephone Number: 518 465-
Fax Number: 0225

Tax Identification or Social Security Number: 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

Account or Other Number by Which Creditor Identifies Debtor:

☐ Check here   ☐ replaces
If this claim ☐ amends a previously filed claim, dated _____

| 1. Basis For Claim: | | | |
|---|---|---|---|
| ☐ Contribution, Indemnity or Guaranty | ☐ Goods Purchased | ☐ Mortgages | ☐ Reclamation Notices |
| ☐ Environmental | ☐ Letters of Credit or Surety Bonds | ☐ Personal Injury | ☑ Refund |
| ☐ Equipment Financing | ☐ Litigation | ☐ Officer Indemnity | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Executory Contracts | ☐ Long Term Disability | ☐ Other ____ | ☐ Taxes |
| ☐ Expenses | ☐ Mechanic's Liens | ☐ Other Financing | ☐ Trade Payables |
| ☐ Goods Sold | ☐ Money Loaned | ☐ Pension Insurance | ☐ Unknown |
| | | ☐ Professional Fees | |

☐ Wages, Salaries and Compensation (fill out below)
Your SS# _____
Unpaid compensation for services performed from _____ to _____
(date)   (date)
☐ Worker's Compensation

2. Date Debt Was Incurred: 8-12-98

3. If claim is based on a Court Judgment, Date Obtained: 8-12-99

4. Total amount of prepetition claim that arose before June 25, 2001: $_____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach an itemized statement of all interest or additional charges.

5. Secured Claim:
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Priority Claim:
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 32,258.52 house closed for a loan
Specify the priority of the claim:
☐ Wages, salaries or commissions (up to $4,650), earned within 90 days before the filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☑ Up to $2,100 of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance or support owed to a spouse, former spouse or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – specify applicable paragraph of 11 U.S.C. § 507(a)(___).

7. Credits: The amount of all payments on account of this claim has been credited and deducted for the purpose of making this proof of claim.

8. Supporting Documents: *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien.* DO NOT SEND ORIGINAL DOCUMENTS. If such supporting documents are not available, explain. If the documents are voluminous and the debtor has given its express written consent, you may attach a summary in lieu of the supporting documents.

9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and copy of this proof of claim.

This Space Is For Court Use Only

LOGAN & COMPANY, INC.
RECEIVED
2002 DEC -5 AM 9:55

| Date: 12-3-02 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Print: Janet Criscone

Signature: Janet Criscone |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 and 3571.

Janet Criscone
142 State St. Apt. 718        12-3-02   ①
Albany NY 12207

I believe I and my sister are due a claim. The outside tiles of the property we owned as of 1988 were asbestos tiles. Upon the originally purchase of the home by Nancy Criscone we were told by the inspector of the property on 48 Oakwood Ave Troy, NY 12180 that the exterior siding was asbestos tiles. I, Janet Criscone 1989 and my sister Therese Criscone foreclosed on the home because removal of the asbestos would be too costly and economically we suffered hardship because of high cheating bills that we feel is because the asbestos tiles did not provide adequate insulation. We tried to sell the home but could not get any buyers we believe because of the exterior appearance of the home. The outside of the home was inspected in 1994 and there was damage we could not afford to repair. We suffered economic loss because we lost our home and our asking for the purchase price of the home.

The home was purchased
and as in the foreclosure judgement
states, The property was paid by the
new owners, and there arent any liens
against myself and theresa Criscone )
the former owners. The home is now
a government owned property

Janet Criscone
Janet Criscone
12-3-02

142 state st. Apt 718
Albony, NY. 12207

FORM 5 301 — Warranty Deed with Lien Covenant

NATIONAL LEGAL SUPPLY, INC.
66 Beaver St., Albany, N.Y. 12207

N.Y.S.
TAX
$ 134

# This Indenture

*Made the* 25th *day of*
*Nineteen Hundred and Eighty-Six*

APR 28  12 38 PM '86

*Between*

EDWARD JOSEPH GETTINGS, residing at 48 Oakwood Avenue,
Troy, New York  12180

RECEIVED
$ 134.00
REAL ESTATE
APR 28, 1986

C03541

*party* of the first part, and

NANCY J. CRISCONE, residing at

*party* of the second part,

*Witnesseth that the part* y *of the first part, in consideration of* One and
00/100--------------------------------------------*Dollar* ($1.00 )
*lawful money of the United States,* and other good and valuable consideration
*paid by the part* y *of the second part, do es hereby grant and release unto the
part* y *of the second part,* her heirs *and assigns forever,* 他 *
ALL THAT CERTAIN LOT, PEICE OR PARCEL OF LAND, with the buildings
and improvements thereon erected, if any, situate, lying and being
in the 10th Ward of the City of Troy, County of Rensselaer, and
State of New York, bounded and described as follows, to wit:

Ward 10, 48 Oakwood Avenue, northeast corner of Oakwood Avenue and
Sausse Street, front footage 25 feet, depth 113 feet, .25 acres,
Lot 10 on Barton's Map, being the same premises described in Book
1304 of Deeds, Page 158 in the Rensselaer County Clerk's Office,
and being the same premises appearing in the 1975 City of Troy As-
sessment Rolls, as Plate Number 10-500 and Tax Map Number 101.23-
4-4. (James F. Doty.)  In Rem Serial No. AA-118.

A more recent description of the above described premises is as
follows:

BEGINNING at a point, which point marks the intersection of the
northerly boundary of Sausse Avenue with the easterly boundary of
Oakwood Avenue; and runs from said point of beginning in a general
northerly direction and along the east line of Oakwood Avenue,
25.21 feet to a point; thence in a general easterly direction and
making an interior angle of 97° 28' with the last described course
and along the division line between the herein described premises
on the south and the lands now or formerly of Frank Azadian, 109.83
feet to a point; thence in a general southerly direction and making
an interior angle of 90° with the last described course and along
the lands now or formerly of St. Mary's Hospital, 25 feet to a point
on the northerly boundary of Sausse Avenue; thence in a general
westerly direction and making an interior angle of 90° with the
last described course and along the northerly boundary of Sausse
Avenue, 113.11 feet to the point and place of beginning and making
an interior angle of 82° 32' with the first above described course.

The description immediately above is based on a Survey of the property,
made by RDM Surveying Consultants entitled "Foundation Location
Survey situate Lot 10, No. 48 Oakwood Avenue" dated June 4, 1984
(Survey) and June 5, 1984 (Map) and recorded as an exhibit to the
deed conveyed to the party of the first part herein, which deed
was recorded in the Rensselaer County Clerk's Office on August 27,
1984 in Book 1369 of Deeds at Page 507.

Subject to the enforceable restrictive covenants, conditions, and
easements of record now affecting said premises.

The premises are conveyed subject to all covenants, conditions,
restrictions and easements of record and zoning laws and subject
to any state of facts which an inspection and/or survey of the premises
may show and to existing tenancies, if any, and to unpaid installments
of street and improvement assessments payable after the date of
transfer of title.

Being the same premises conveyed to Edward Joseph Gettings by Gail
P. Hotte by Deed dated August 22, 1984 and recorded in the Rensselaer
County Clerk's Office on August 27, 1984 in Book 1369 of Deeds at
Page 507.

BOOK 1406 PAGE 045

Together *with the appurtenances and all the estate and rights of the part*
*of the first part in and to said premises,*
   To have and to hold *the premises herein granted unto the party* of the
second part, her heirs *and assigns forever.*

   And *said* party of the first part *covenant* s *as follows:*

   First, *That the party* of the second part *shall quietly enjoy the said premises;*

   Second, *That said* party of the first part

*will forever* Warrant *the title to said premises.*

   Third, *That, in Compliance with Sec. 13 of the Lien Law, the grantor* will
*receive the consideration for this conveyance and will hold the right to receive such*
*consideration as a trust fund to be applied first for the purpose of paying the cost of*
*the improvement and will apply the same first to the payment of the cost of the*
*improvement before using any part of the total of the same for any other purpose.*

   In Witness Whereof, *the party* of the first part has hereunto set his
hand and seal *the day and year first above written*

                                              *Edward Joseph Gettings*
   In Presence of                          Edward Joseph Gettings

State of New York
County of                    } ss.

                    On this                day of
               *Nineteen Hundred and* Eighty-Six
*before me, the subscriber, personally appeared*
       EDWARD JOSEPH GETTINGS
*to me personally known and known to me to be the same person* described in and
*who executed the within Instrument, and* he acknowledged
*to me that* he *executed the same.*

                                         NOTARY PUBLIC
                                     TIMOTHY P. KELLEHER
                                   Notary Public, State of New York
                                     Qualified in Albany County
                                   Comm. ion Expires March 30, 19

Tax Map No.   101.23-4-4

Tax Billing Address   48 Oakwood Avenue, Troy, New York  12180

                   BOOK 1406 PAGE 046

WARRANTY WITH LIEN COVENANT

EDWARD JOSEPH GETTINGS

         TO

NANCY J. CRISCONE

Dated,   April 2

County of   RENSSELAER COUNTY CLERK
                   William A. Nolan

RECORDED 4-28  12:30  1986   P. M.

Return & Forward branch, 5149 Nac 83
99 Pine Street
Albany, N.Y. 12207

FORM 108 N. Y. DEED—WARRANTY with Mortgage and Lien Covenants                    567                    TUTOBLANK REGISTERED US PAT OFFICE
Tuttle Law Print Publishers Rutland VT

# This Indenture,

*Made the* 18th *day of* October *Nineteen Hundred and*
Eighty-Eight

**Between** NANCY J. CRISCONE, residing at 48 Oakwood Avenue,
Troy, New York,

*part* Y *of the first part, and*

JANET CRISCONE, residing at 48 Oakwood Avenue,
Troy, New York, and THERESA CRISCONE, residing at 48 Oakwood Avenue,
Troy, New York,

*part* ies *of the second part,*

**Witnesseth** *that the part* y *of the first part, in consideration of*
ONE and 00/100------------------------------------------------------ *Dollar*
*($* 1.00 *) lawful money of the United States, and other good and*
*valuable consideration            paid by the part* y *of the second part,*
*does    hereby grant and release unto the part* ies *of the second part,    their*
*heirs          and assigns forever,* ølix

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, with the buildings
and improvements thereon erected, if any, lying and being
in the 10th Ward of the City of Troy, County of Rensselaer, and
State of New York, bounded and described as follows, to wit:

Ward 10, 48 Oakwood Avenue, northeast corner of Oakwood Avenue and
Sausse Street, front footage 25 feet, depth 113 feet, .25 acres, Lot
10 on Barton's Map, being the same premises described in Book 1304
of Deeds, Page 158 in the Rensselaer County Clerk's Office, and
being the same premises appearing in the 1975 City of Troy
Assessment Rolls, as Plate Number 10-500 and Tax Map Number
101.23-4-4. (James F. Doty.) In Rem Serial No. AA-118.

A more recent description of the above described premises is as
follows:

BEGINNING at a point, which point marks the intersection of the
northerly boundary of Sausse Avenue with the easterly boundary of
Oakwood Avenue; and runs from said point of beginning in a general
northerly direction and along the east line of Oakwood Avenue, 25.21
feet to a point; thence in a general easterly direction and making
an interior angle of 97 degrees 28' with the last described course
and along the division line between the herein described premises on
the south and the lands now or formerly of Frank Azadian, 109.83
feet to a point; thence in a general southerly direction and making
an interior angle of 90 degrees with the last described course and
along the lands now or formerly of St. Mary's Hospital, 25 feet to a
point on the northerly boundary of Sausse Avenue; thence in a
general westerly direction and making an interior angle of 90
degrees with the last described course and along the northerly
boundary of Sausse Avenue, 113.11 feet to the point and place of
beginning and making an interior angle of 82 degrees 32' with the
first above described course.

.99 1519 ..97 017

RECEIVED
$..............
REAL ESTATE

DEC    1993

TRANSFER TAX
REN   41A  T
COUNTY



The description immediately above is based on a Survey of the property, made by RDM Surveying Consultants entitled "Foundation Location Survey situate Lot 10, No. 48 Oakwood Avenue" dated June 4, 1984 (Survey) and June 5, 1984 (Map) and recorded as an exhibit to the deed conveyed to Edward Joseph Gettings, which deed was recorded in the Rensselaer County Clerk's Office on August 27, 1984 in Book 1369 of Deeds at Page 507.

Subject to all enforceable restrictive covenants, conditions, and easements of record now affecting said premises.

Being the same premises conveyed to Nancy J. Criscone from Edward Joseph Gettings, by deed dated the 25th day of April, 1986, and recorded in the Rensselaer County Clerk's Office on the 28th day of April, 1986, in Liber 1406 of Deeds at Page 045.

At a Term of the Supreme Court in
and for the County of Rensselaer
held at Troy, New York on the *12th*
day of *August*, 1999.

**STATE OF NEW YORK**
**SUPREME COURT    COUNTY OF RENSSELAER**

SIBLEY MORTGAGE CORPORATION F/K/A SIBLEY
CORPORATION,

Plaintiff,

-against-

JANET CRISCONE, THERESA CRISCONE, ~~NANCY J.~~
~~CRISCONE N/K/A NANCY J. SANCOMB, KEVIN~~
~~DAVIDSON,~~

*No Kevin Davidson*

Defendants.

*Nancy Sancomb declared bankruptcy*

*JUDGMENT OF*
*FORECLOSURE AND SALE*

Index No.: 195971-99

Mortgaged Premises:

48 Oakwood Avenue
Troy, NY 12180
Section:    101.23
Block:    4
Lot:    4

*Property sold at government owned property*

On the Summons, Complaint and Notice of Pendency of Action duly filed in this

action on January 5, 1999, and all proceedings thereon, and on reading and filing the Affidavit in

Support of Motion for Summary Judgment of Diana Robinson, sworn to on March 5 1999

together with exhibits, previously filed herein, showing that each of the Defendants herein have

been duly served with the Summons and Complaint in this action, or have voluntarily appeared by

their respective attorneys, and stating that more than the legally required number of days had

elapsed since said Defendants were so served and/or appeared; and that none of the Defendants had

served any answer to said Complaint, with the exception of Nancy Criscone, which answer had

been stricken by Order of this Court dated May 27, 1999; that no motion directed to the Complaint

has been interposed by or on behalf of any Defendant; that all the Defendants are in default; that

none of the Defendants are infants, incompetents or absentees; and that the Complaint herein and

\\\\wned\\USERS\\YCRANDI\\DOCS\\docs\\0000\\judgment.doc

0152    1563

due Notice of Pendency of this action containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Rensselaer on January 5, 1999, and an Order of Reference having been duly made to compute the amount due to the Plaintiff upon the Mortgage Bond and Mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading and filing the report of Paul Macari, Esq., the Referee named in said Order of Reference, by which Report, bearing date of June 14, 1999, it appears that the sum of $32,238.52 was due as computed to May 30, 1999; and that the mortgaged premises must be sold in one parcel;

AND, it appearing that none of the Defendants are subject to the protective provisions of the Soldiers' and Sailors' Civil Relief Acts of 1940, as amended, and are not subject to the protective provisions of the New York Soldiers' and Sailors' Civil Relief Act;

AND, on reading the Affirmations of Michael T. Powers, Esq., and the Affirmation pursuant to CPLR Section 3215(g) 3(i) and the Costs of the Plaintiff;

NOW, upon proof of due notice of this application upon all parties who had not waived the same,

ON MOTION OF BLOCK & COLUCCI, P.C., attorneys for the Plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the said Report of the said Referee be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, and if not sold sooner, any and all personal property in which the Plaintiff has a security interest, as described in the Complaint in this action or such part of the real property thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as

provided by the Real Property Actions and Proceedings Law be sold at public auction at _____ _Rensselaer County Courthouse_ in the County of Rensselaer, State of New York, by and under the direction of _Paul Macari_, _____, Esq., who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court, in an official publication, to wit: __ _The Record_ _____, and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid, and it is further

ORDERED, ADJUDGED AND DECREED, that the said sale shall be subject to all unpaid taxes, assessments and water rates which are at the time of sale a lien on the premises, together with such interest or penalties as may have lawfully accrued thereon to the date of payment,

AND, that Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a Deed of the premises sold; that such Referee on receiving the proceeds of such sale shall deposit the proceeds of sale in his/her own name as Referee in _Pioneer_ _Savings Bank_ and shall thereafter make the following payments and his/her checks drawn for that purpose:

FIRST:    The statutory fees of said Referee for conducting the sale not to exceed $ _500.00_, the amount allowed by CPLR Section 8003.

4

**SECOND:**     The expenses of the sale including posting and advertising, as shown on the bills presented and certified by said Referee to be correct.

**THIRD:**     He/She shall pay the amount of or refund to the Plaintiff, if paid by it, any sums expended for the protection, securing, inspection, appraisal or preservation of the property as shown by receipted bills.

**FOURTH:**     Said Referee shall also pay to the Plaintiff or its attorney the sum of $ 1,578.00 adjudged to the Plaintiff for costs and disbursements in this action, with interest from the date hereof; together with an additional allowance of $300.00 hereby awarded to the Plaintiff in addition to costs with interest from the date hereof; and also $32,238.52, the said amount so reported due as aforesaid, together with the legal interest thereof from the date interest was computed to in said Report until the foreclosure sale or closing date should there be a third party purchaser, and any expenses necessarily paid by the Plaintiff to preserve, secure, inspect, appraise or protect the premises not previously included in any computations.

**FIFTH:**     That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a Deed of the premises sold upon the payment to said Referee of the amounts specified above in items marked "First" and "Second"; that the balance of the amount bid, after deducting the amounts paid by the Plaintiff, for Referee's fees, and advertising expenses, shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above in item marked "Third"; that if after so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to the Plaintiff, the Plaintiff shall pay to said Referee, upon delivery of said Referee's Deed, the amount of such

surplus; that said Referee on receiving said several amounts from Plaintiff shall then deposit the balance.

SIXTH:    That said Referee deposit the surplus money, if any, with the Rensselaer County Commissioner of Finance within five days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the written order of the Court, that the said Referee make his/her Report of such sale under oath showing the disposition of the proceeds of the sale and file it with the Clerk of the County of Rensselaer within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due the Plaintiff with interest and costs as aforesaid, the Plaintiff recover of the Defendant, Nancy J. Criscone N/K/A Nancy J. Sancomb, *Declared Bancruptcy* Janet Criscone and Theresa Criscone, unless this debt has been discharged in bankruptcy, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said action and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's Deed; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are barred and foreclosed of all right, claim

...... ..... ..... equity of ~redemption in the said mortgaged premises and each and every part

thereof; and it is further

      **ORDERED, ADJUDGED AND DECREED,** that the liens of the Plaintiff other

than the Mortgage or Mortgages that are the subject matter of this action also be foreclosed herein

as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its

right to share in any surplus monies as a result of such position as a lien creditor; and it is further

      **ORDERED, ADJUDGED AND DECREED,** that said premises be sold subject to

existing leases and tenancies, if any; subject to zoning restrictions, covenants, easements,

conditions, reservations and agreements of record, if any, as they may be enforceable; subject to

any state of facts as may appear from an accurate up-to-date survey; subject to facts as to

possession and occupancy and subject to whatever the physical conditions of the premises may be;

subject to any violations of the zoning and other municipal ordinances and regulations, if any;

subject to the right of redemption by the federal government, if any.

      That a description of the said mortgaged premises hereinbefore mentioned, is

annexed hereto as Schedule A - Legal Description.


DATED: August 12, 1999

Justice of the Supreme Court
James B. Canfield, J.S.C.

25 X

Department of Public Works
City Hall, Troy, New York 12180
BUREAU OF CODE ENFORCEMENT
(518) 270-4585
KEITH J. CHAMPAGNE, DIRECTOR

TO:  THERESA CRISEONE                          DATE:   08-03-94
     48 OAKWOOD AVENUE
     TROY NEW YORK 12180

SUBJECT:   NOTICE OF VIOLATION
           Property Location:  48 OAKWOOD AVENUE  Troy, New York
           Date of Inspection:  07-26-94

An inspection of the subject property, which is owned, occupied, or operated
by you shows the following violation(s) of the Minimum Housing Standards Code
of the City of Troy

Code Section                    Code Violation

---

INSPECTED BY LANCE

**EXTERIOR**
  H-321.0   Foundation admitting water to interior. - (S WALL)
  H-324.3   Exterior trim to be painted.
  H-321.2   Exterior walls to be repaired or replaced. - (N SIDE)
  H-323.0   Entrance door broken. - (FRONT & REAR)
  H-321.3   Roof gutters to be repaired or replaced.
  H-321.3   Downspouts to be repaired or replaced.
**GROUNDS**
  H-310.3   Accumulation of debris. - (N SIDE)
**CELLAR**
  H-402.1   No pressure/temperature relief valve on hot water tank
                      ALL FLOORS
**GENERAL**
  H-332.0   Loose or defective ceiling, to be repaired or replaced.1st fl to base-
  H-332.0   Loose or defective walls, to be repaired or replaced    ment hall
**KITCHEN**                                                      (also painted)
  H-332.0   Loose or defective ceiling, to be repaired or replaced.
  H-323.6   Windows do not fit properly in frame.
**BATHROOM**
  H-334.0   Flooring in bathroom to be smooth and impervious to water.
**BEDROOM**
  H-321.3   Evidence of roof leak. ADJ LIV RM UPSTAIRS BASEMENT
  H-332.0   Loose or defective ceiling, to be repaired or replaced.ADJ LIV RM
  H-323.6   Windows do not fit properly in frame.              UPSTAIRS BASEMENT
            ADJ LIV RM  & BASEMENT

Continued on following page . . . . .

BUREAU OF CODE ENFORCEMENT — CITY OF TROY, NEW YORK
Housing Inspection Exterior Report
Form 3/81

Reason for Inspection ____ICAP____

Location __4th Garfield Ave__ between __Grisle__ and __Hollenbeck__ Date Inspected __7-26-94__ by __Stern__

Owner: __Theresa Caisdone__ Type of bldg. ____
Owner's Address: __Same__ Use: __Res__
Ward/Plate # ____ Census Tract # __4824-3.701__ Total D.U. __1__

OCCUPANCY
First Floor: ____ Third Floor: ____
Second Floor: ____ Other: ____
Type and Use of Accessory Structures: ____

| EXTERIOR | yes/no | VIOLATION NUMBER | LOCATION | O.K. DATE | GROUNDS | yes/no | VIOLATION NUMBER | LOCATION | O.K. Date |
|---|---|---|---|---|---|---|---|---|---|
| Foundation Walls ok? | N | 94 | S. Wall | | Access. Struc. ok? | Y | | | |
| Exterior Walls ok? | N | 59-60 | N. Side | | Free of litter? | N | 3 | N. Side | |
| Roof Appance ok? | Y | | | | Garbage Stor. ok? | Y | | | |
| Stairs ok? | Y | | | | Noxious weeds ok? | Y | | | |
| Hand Rails ok? | Y | | | | | | | | |
| Chimney ok? | Y | | | | CELLAR: | | INSPECTION DATE 7-26-94 | | |
| Fire Escape ok? | | | | | Hatchway Door ok? | Y | | | |
| Porches ok? | Y | | | | Stairs ok? | Y | | | |
| Windows ok? | Y | | | | Handrails ok? | Y | | | |
| Doors ok? | N | 150 | Front & Rear | | Lighting ok? | Y | | | |
| Eaves/Overhang ok? | Y | | | | Elec. Wiring ok? | Y | | | |
| Gutters ok? | N | 5% | | 5-13-75 | Clear of Debris? | Y | | | |
| Downspouts ok? | N | 55 | | 5-23-75 | Sewage System ok? | Y | | | |
| Entrance Cable ok? | Y | | | | Water System ok? | Y | | | |
| Walkways ok? | Y | | | | Water Meter? | Y | | | |
| Pool Installation ok? | | | | | Heating System ok? | Y | | | |
| Refuse Storage ok? | Y | | | | Hot Water Tank ok? | N | 269 | | |
| OTHER: | | | | | Bearing Supports ok? | Y | | | |
| | | | | | Floor Joists ok? | Y | | | |
| | | | | | Foundation Walls ok? | Y | | | |
| | | | | | Sill Plate ok? | Y | | | |
| | | | | | Flamable Storage ok? | Y | | | |
| | | | | | Ventilation ok? | Y | | | |

Reinspection Dates:
(1) __5-23-75__ by __Stern__ (R.) __15-24__  (5) ____ by ____ (R.)
(2) __5-23-75__ by __Stern__ (R.) __26__  (6) ____ by ____ (R.)
(3) ____ by ____ (R.)  (7) ____ by ____ (R.)
(4) ____ by ____ (R.)  (8) ____ by ____ (R.)

Electric Service: ____ 110v ____ 240v ✓ Adequate: 6
# Circuits 1st fl. __15__ 2nd fl. ____ 3rd fl. ____ other ____
Type of Heating: __Gas Gas Radius Gas Radius__
Other Information: ____

**CLAIM NO. 3932**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

USG CORPORATION, *et al.*,
**Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)**
**Jointly Administered**

DEBTOR: USG CORPORATION
FILED: U S B C D D
CASE NO : 01-2094 THRU 01-2104
**CLAIM NO.:3932**

## PROOF OF CLAIM FOR
## ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
## USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim.  (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

---

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim.  Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim.  Date of previously filed claim: _____

---

1. <u>DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:</u> *United States Gypsum Corp./ J E.*

NOTE:  SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS.  IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR **EACH** DEBTOR.

2. <u>CLAIMANT INFORMATION</u>  *139008*

Claimant: *Bernice I. Dace*
Contact Person: *Victoria M. Dace*
Address: *13 Crosby Dr.*
City, State, Zip: *Laurel, MS 39440*
Telephone No.: *601- 649- 6242*
Tax ID Number
(if applicable): *n/a*

*LOGAN & COMPANY, INC.*
*2002 AUG 26 PM 4: 13*
*RECEIVED*

3. <u>CLAIMANT'S ATTORNEY.</u>  (NOTE:  YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____
Firm: _____
Address: _____
City, State, Zip: _____
Telephone No.: _____

4. <u>TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR</u>: $ *96,000*
NOTE:  YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

**5. IDENTIFICATION OF BUILDING**

Name of Building: _Residence_

Address of Building: _34 Marie Drive_
_Laurel, MS 39440_

**6. YOUR PROPERTY INTEREST IN THE BUILDING**

☒ Owner   ☐ Lessee   ☐ Other (describe): _____

Date interest was acquired: _April 1991_

**7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:** $ _96,000._

**8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?**

☒ Yes   ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| _Sheetrock_ | ☐Yes* | ☐No | ☒Yes* | ☐No | _1965/1998_ | _N/A_ |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

**9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?**

☒ Yes   ☒ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM: _The US Gypsum trade Mark is on the Product and a receipt that was given to the Carpenter/Contractor for installing the product_

**10. EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: *Bernice I. Dace*

Print Name: *Bernice I. Dace*

Title: _____

Date: *August 6, 2002*

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

No. _____ 8/22/98 ____ 1998

Received from Bernice Dace

Seven Hundred dollars ⁰⁰/Dollars

For Carpentry work / Installing sheetrock

$700.⁰⁰ Henry Burd

**CLAIM NO. 5772**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | This Space Is For Court Use Only |
|---|---|
| **USG CORPORATION**, *et al.*, Case Nos. 01-2094 (RJN) Through 01-2104 (RJN) Jointly Administered | DEBTOR: USG CORPORATION FILED: U S B C D.D. CASE NO : 01-2094 THRU 01-2104 **CLAIM NO.:5772** |

### PROOF OF CLAIM FOR
### ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
### USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by JANUARY 15, 2003, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

*CASE NO. 01-2095 (RJN)*

1. DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED: *UNITED STATES GYPSUM COMPANY*

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR **EACH** DEBTOR.

2. CLAIMANT INFORMATION     *139136*

Claimant: *ROBERT HOLLINGSHEAD*

Contact Person: *ROBERT HOLLINGSHEAD*

Address: *810 E. BROAD ST.*

City, State, Zip: *MILLVILLE, N.J. 08332*

Telephone No.: *(856) 293-9222*

Tax ID Number (if applicable): *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*

3. CLAIMANT'S ATTORNEY   (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____

Firm: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

RECEIVED 2003 JAN -2 PM LOGAN & COMPANY

4. TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR : $ *(GENERAL CLAIM)*
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building:  *HOME RESIDENCE*

Address of Building:  *810 E. BROAD ST.*
*MILLVILLE, N.J. 08332*

6. YOUR PROPERTY INTEREST IN THE BUILDING

☒ Owner ☐ Lessee ☐ Other (describe): _____

Date interest was acquired:  *JULY 16, 2002*
*HOUSE VALUE IS $80,000.00*

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:  $ *(GENERAL CLAIM)*

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☒ Yes ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| *UNITED STATES GYPSUM COMPANY RED TOP INSULATING BLANKET* | ☐Yes* | ☒No | ☒Yes* | ☐No | *1950's* | — |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☑ Yes ☐ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:  *(PHYSICAL EVIDENCE)*

*UNITED STATES GYPSUM COMPANY*
*(RED TOP INSULATING BLANKET — MINERAL WOOL)*
*IS LOCATED IN THE ATTIC OF MY RESIDENCE.*

10. EXECUTION OF CLAIM

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name: ROBERT HOLLINGSHEAD

Title: CLAIMANT

Date: DEC. 15, 2002

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

## INSTRUCTIONS

### 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

### 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION  MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

JANUARY 15, 2003, OR YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ASBESTOS-RELATED PROPERTY DAMAGE CLAIM AGAINST THE DEBTORS; OR VOTING UPON, OR RECEIVING ANY DISTRIBUTIONS UNDER ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.

This form must be signed by you or your authorized agent. If you cannot fit all information in any particular section or page, copy the page before completing it, and attach as many additional pages as needed. Neatly type or print all answers on the form.

Be **accurate** and **truthful**. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both under 18 U.S.C. §§ 152 & 3571.

If you need additional Proof of Claim forms, you may obtain them by downloading them from the USG Claims Website at www.usgclaims.com or by contacting the USG Claims Helpline toll-free at (866) 233-9048.

5. WHERE AND HOW TO SUBMIT CLAIM FORMS

Make a copy of your completed Proof of Claim form for your records. Send only the **original** proof of claim forms and copies of all attachments to the Debtors' Claims and Noticing Agent at the following address:

USG CORPORATION
CLAIMS PROCESSING DEPARTMENT
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NEW JERSEY 07043

The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent above. In returning this form, allow sufficient time so that this form is **received** on or before JANUARY 15, 2003. Forms that are postmarked before January 15, 2003 but received after January 15, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile or e-mail will not be accepted and will not be deemed filed.

6. ADDITIONAL DOCUMENTATION AND INFORMATION

In addition to the completed, original Proof of Claim form, you should provide copies of all documents in your possession referenced in Question 8, or you may provide summaries of those documents if they are voluminous. If documents are not available, you must attach an explanation of why they are not available.

You may attach any additional documentation that supports your claim. However, such information will not be a substitute for information provided in the Proof of Claim form itself.

7. DEADLINE FOR RECEIPT OF PROOF OF CLAIM FORMS

Proof of Claim forms for Asbestos-Related Property Damage Claims must be **received** on or before 5:00 p.m. Eastern Time on JANUARY 15, 2003.

8. QUESTIONS AND ASSISTANCE

For additional questions and assistance, please visit the USG Claims Website at www.usgclaims.com or contact the USG Claims Helpline toll-free at (866) 233-9048.

Robert Hollingshead
810 E. Broad St.
Millville, N.J. 08332
Creditor - GYP - 13913632

Dec. 15, 2005

I have own my home sense July 1986. The house was built in 1953. At sometime in the 1950's asbestos insulation was put in the attic of my home. (United States Gypsum Company - Red Top Insulation Blanket).

I have inclosed some pictures of the insulation blankets in the attic and the Red Top Insulation Blanket, and a sample piece of the cover.

I am filing an asbestos related property damage claim against United States Gypsum Company Case No. 01-2095 (RJN) / Creditor - GYP - 13913632

Thank You
Robert Hollingshead

*[signature]*

**CLAIM NO. 6027**

**UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE**
**USG CORPORATION, et al.,**
**Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)
Jointly Administered**

This Space Is For Court Use Only

DEBTOR: USG CORPORATION
FILED: U.S.B.C.D.D.
CASE NO.: 01-2094 THRU 01-2104
**CLAIM NO.:6027**

J 67

**PROOF OF CLAIM FOR
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
USG CORPORATION OR ANY RELATED DEBTORS**

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐  Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒  Mark this box if you have never received any notices in this case. Only notice to file this claim.
☐  Mark this box if your claim replaces a previously filed claim.  Date of previously filed claim: _____
☐  Mark this box if your claim amends a previously filed claim.  Date of previously filed claim: _____

1. **DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** UNITED STATES GYPSUM COMPANY

NOTE:  SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS.  IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR **EACH** DEBTOR.

2. **CLAIMANT INFORMATION** 140082

| | |
|---|---|
| Claimant: | MARILYN AND RAYMOND LEWIS |
| Contact Person: | same |
| Address: | 703 KINCAID STREET |
| City, State, Zip: | HIGHLAND PARK, IL  60035-5037 |
| Telephone No : | 847-433-3506 |
| Tax ID Number (if applicable): | |

3. **CLAIMANT'S ATTORNEY**  (NOTE:  YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

| | |
|---|---|
| Name: | |
| Firm: | |
| Address: | |
| City, State, Zip: | |
| Telephone No.: | |

RECEIVED
2003 JAN -9  PM 4: 04
LOGAN & COMPANY, INC.

4. **TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $ 20,000.00
NOTE:  YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building:        residence

Address of Building:     703 KINCAID STREET

                         HIGHLAND PARK, IL.

6. YOUR PROPERTY INTEREST IN THE BUILDING

☒ Owner    ☐ Lessee    ☐ Other (describe): _____

Date interest was acquired:        August 2, 1972

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING:    $ 20,000.00

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☒ Yes        ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| USGypsumCompany | | | | | | |
| Adhesive,Asbestos | ☒Yes* | ☐No | ☐Yes* | ☐No | 1929-30 | in situ |
| Board,Paper,Pipe Covering,Insulation | ☒Yes* | ☐No | ☐Yes* | ☐No | 1929-30 | in situ |
| FireBoard,Plaster, | ☒Yes* | ☐No | ☐Yes* | ☐No | 1929-30 | in situ |
| SheetrockLath,Joint | ☒Yes* | ☐No | ☐Yes* | ☐No | 1929-30 | in situ |
| Compound&Perf& Tape,RedTopPlaster | ☒Yes* | ☐No | ☐Yes* | ☐No | 1929-30 | in situ |

*product labels in situ

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes        ☒ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

_____

_____

_____

2

**10. EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _____

Print Name: MARILYN & RAYMOND LEWIS

Title: _____

Date: JAN. 6, 2003

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

3

## INSTRUCTIONS

### 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

### 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                          | Chapter 11
USG CORPORATION, et.al.,                        | Case Nos. 01-2094 (RJN) through 01-2104(RJN)
                              Debtors           | (Jointly Administered)

OBJECTIONS TO NOTICE OF DEFICIENCY BY DEBTORS
PURSUANT TO ORDER APPROVING LIMITED WAIVER OF DEL. BANKR.L.R.3007-1
IN RE: DEBTORS' OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

MARILYN AND RAYMOND LEWIS
703 KINCAID STREET
HIGHLAND PARK, ILLINOIS  60035-5037

CLAIM NUMBER 6027

Undersigned Claimants object to Debtors' Notice of Deficiency on the following grounds:

1. Debtors' Notice of Deficiency is so broad, sweeping and general in wording and so lacking in specificity as to be objectionable as constituting a "**GENERAL OBJECTION**" to which no specific answer or response can be given.

2. Debtors' Notice of Deficiency fails to **IDENTIFY** the deficiencies Debtors believe to exist in product identification information supplied by Claimants. Debtors' Notice of Deficiency itself states at paragraph (1), sentence 2: "...Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification..."

3. Claimants object to paragraph (2) of Debtors' Notice of Deficiency. Under date of January 27, 2004, Claimants filed in duplicate with this Court an Amended Proof of Claim, together with an Affidavit of Verification, and seven (7) photographs definitively identifying Debtors' products bearing and prominently displaying Debtors' logos, brand names, trademarks, and patent numbers, contained in their residence.

4. Claimants herewith tender to Debtors additional copies of the documents previously filed with this Court and identified in paragraph 3 above and transmit them as instructed by Debtors to:

                    Scott Milner, Esquire
                    Morgan, Lewis & Bockius LLP
                    1701 Market Street
                    Philadelphia, PA. 19103-2921

5. Wherefore Claimants respectfully request this Court grant them the monetary damages requested and such other and further relief as is just and proper.

Date: April 29, 2004 at Highland Park, Illinois.

_Marilyn Lewis_                           _Raymond Lewis_
Marilyn Lewis                             Raymond Lewis
703 Kincaid Street, Highland Park, Illinois 60035-5037    Telephone: 847-433-3506

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    |    Chapter 11
USG CORPORATION, et.al.,                  |    Case Nos. 01-2094 (RJN) through 01-2104(RJN)
                         Debtors          |    (Jointly Administered)

OBJECTIONS TO NOTICE OF DEFICIENCY BY DEBTORS
PURSUANT TO ORDER APPROVING LIMITED WAIVER OF DEL. BANKR.L.R.3007-1
IN RE: DEBTORS' OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

MARILYN AND RAYMOND LEWIS
703 KINCAID STREET
HIGHLAND PARK, ILLINOIS   60035-5037

CLAIM NUMBER 6027

Undersigned Claimants object to Debtors' Notice of Deficiency on the following grounds:

1. Debtors' Notice of Deficiency is so broad, sweeping and general in wording and so lacking in specificity as to be objectionable as constituting a "**GENERAL OBJECTION**" to which no specific answer or response can be given.

2. Debtors' Notice of Deficiency fails to **IDENTIFY** the deficiencies Debtors believe to exist in product identification information supplied by Claimants. Debtors' Notice of Deficiency itself states at paragraph (1), sentence 2: "...Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification..."

3. Claimants object to paragraph (2) of Debtors' Notice of Deficiency. Under date of January 27, 2004, Claimants filed in duplicate with this Court an Amended Proof of Claim, together with an Affidavit of Verification, and seven (7) photographs definitively identifying Debtors' products bearing and prominently displaying Debtors' logos, brand names, trademarks, and patent numbers, contained in their residence.

4. Claimants herewith tender to Debtors additional copies of the documents previously filed with this Court and identified in paragraph 3 above and transmit them as instructed by Debtors to:

Scott Milner, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA. 19103-2921

5. Wherefore Claimants respectfully request this Court grant them the monetary damages requested and such other and further relief as is just and proper.

Date: April 29, 2004 at Highland Park, Illinois.

Marilyn Lewis
703 Kincaid Street, Highland Park, Illinois 60035-5037

Raymond Lewis
Telephone: 847-433-3506

FORM B10 (Official Form 10)
UNITED STATES BANKRUPTCY COURT ___ DISTRICT OF DELAWARE | **PROOF OF CLAIM**

| Name of Debtor: | Case Number: |
|---|---|
| | Chapter 11 |
| | Case Nos. 01-1139 RJN through 01-1194 RJN |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| MARILYN and RAYMOND LEWIS | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| Name and Address where notices should be sent: | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| MARILYN and RAYMOND LEWIS | |
| 702 Kincaid St. | |
| Highland Park, IL 60035-3037 | |
| | THIS SPACE IS FOR COURT USE ONLY |
| Telephone Number: 847-432-1500 | |

| Account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: Jan. 7, 2003 |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other __Property Damage__

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)      (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $50,000 ____ ____ ____ 50,000
(unsecured)  (secured)  (priority)  (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
- ☐ Real Estate  ☐ Motor Vehicle
- ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $50,000

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8)
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__)
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| Jan. 21, 2004 | MARILYN LEWIS  RAYMOND LEWIS |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ] | Chapter 11 |
| USG CORPORATION, et.al., | ] | Case Nos. 01-2094 (RJN) through 01-2104(RJN) |
| Debtors | ] | (Jointly Administered) |

## AMENDMENT TO PROOF OF CLAIM FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST USG CORPORATION OR ANY RELATED DEBTORS FILED ON BEHALF OF CLAIMANTS

### MARILYN AND RAYMOND LEWIS

1. Since filing their claims, undersigned Claimants have received NO communication whatsoever from Debtors, other than Logan & Company, Inc., Inc.acknowledgement of receiving their claims by means of stamp imprinted and dated January 9, 2003 and applied to the returned copy of their claims, which Claimants originally furnished Debtors.

2. Claimants have NEVER received notice of any identifying information for their claims such as identifying numbers.

~~3.~~ NO objections or requests for additional information were received by Claimants.

4. Debtors' instructions accompanying the PROOF OF CLAIM FORMS supplied Claimants did NOT sufficiently disclose the extent of particularity and specificity desired by Debtors, thereby misleading Claimants in that regard.

5. Claimants herewith tender their AFFIDAVIT OF VERIFICATION containing additional information together with photographs in support of their Claims.

6. Claimants hereby amend their Claims accordingly and also increase their Claims to $50,000.00 pursuant to estimates for removal of asbestos products and restoration of the premises received from asbestos removal specialists, among which are SUPERB ENVIRONMENTAL CONTROL INC. OF CHICAGO, ILLINOIS.

7. Claimants respectfully request the Court grant them the monetary damages requested and such other and further relief as is just and proper.

Date; December 3, 2003 at Highland Park, Illinois.

*Marilyn Lewis*
Marilyn Lewis

*Raymond Lewis*
Raymond Lewis

703 Kincaid Street, Highland Park, Illinois 60035-5037          Telephone: 847-433-3506

PROOF OF CERTIFICATION

STATE OF ILLINOIS    }
                     }  SS
COUNTY OF LAKE       }

RE: United States Bankruptcy Court for the District of Delaware
USG Corporation, et al.
Case Numbers: 01-2094 (RJN) through 01-2104 (RJN)
Jointly Administered

PROOF OF CLAIMS FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST USG
CORPORATION OR ANY RELATED DEBTORS

Undersigned verify and state under oath that:
On January 8, 2003 undersigned completed and filed the subject claim forms as furnished and as instructed by
Debtors:
By stamp imprint dated January 9, 2003 Logan & Company, Inc on behalf of USG Corporation, et al. acknowledged
receiving same.

Undersigned were misled by Debtors instructions as to the extent of particularity and specificity desired by Debtors
in answers to question 8 among others:
In support of our claims undersigned provide the following information:

The undersigned Raymond Lewis took the photographs attached numbered 1 through 7 on November 27, 2003:
They are true and correct representations of the items depicted:

#1 and #2 depict the 501 square feet of 1 inch thick United States Gypsum corrugated asbestos insulating pipe wrap
installed on the hot-water heating system pipes throughout the subject residence;
#3 and #4 depict the United States Gypsum identifying logo on the 16,326 square feet of "Fireproof Rock Lath"
asbestos wall board embedded in the walls throughout the subject residence;
#5 depicts the 289.33 square feet of United States Gypsum asbestos insulating cement and plaster insulating the
recessed radiator wall cavities in the subject residence
#6 and #7 depict the 16 square feet 2 inch thick United States Gypsum corrugated asbestos insulating jacket
enclosing the hot-water heating system Peneco #3 boiler in the subject residence.

Undersigned hereby increase their claims to $50,000.00 in accord with estimates received from asbestos removal
specialists:
Superb Environmental Control Inc. estimates that removal of asbestos products and restoration will cost at minimum
$50,000.00

Each of the undersigned have read the foregoing and know the contents thereof, and say:
The same is true and correct of my own knowledge.
I certify and declare under penalty of perjury, that the foregoing is true and correct.

Signed on December ____, 2003 at Highland Park, Illinois

_____          _____
Marilyn Lewis                      Raymond Lewis


Signed and sworn to before me this December ____, 2003

_____ Notary Public.

OFFICIAL SEAL
NEIL D KANTROVICH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02-15-07









**CLAIM NO. 6871**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ] | Chapter 11 |
| USG CORPORATION, et.al., | ] | Case Nos 01-2094 (RJN) through 01-2104(RJN) |
| Debtors | ] | (Jointly Administered) |

AMENDMENT TO PROOF OF CLAIM FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS
AGAINST USG CORPORATION OR ANY RELATED DEBTORS FILED ON BEHALF OF CLAIMANTS

140657      MARILYN AND RAYMOND LEWIS

1.   Since filing their claims, undersigned Claimants have received NO communication whatsoever from Debtors, other than Logan & Company, Inc. Inc.acknowledgement of receiving their claims by means of stamp imprinted and dated January 9, 2003 and applied to the returned copy of their claims, which Claimants originally furnished Debtors

2.   Claimants have NEVER received notice of any identifying information for their claims such as identifying numbers

3.   NO objections or requests for additional information were received by Claimants.

4.   Debtors' instructions accompanying the PROOF OF CLAIM FORMS supplied Claimants did NOT sufficiently disclose the extent of particularity and specificity desired by Debtors, thereby misleading Claimants in that regard

5.   Claimants herewith tender their AFFIDAVIT OF VERIFICATION containing additional information together with photographs in support of their Claims

6.   Claimants hereby amend their Claims accordingly and also increase their Claims to $50,000.00 pursuant to estimates for removal of asbestos products and restoration of the premises received from asbestos removal specialists, among which are SUPERB ENVIRONMENTAL CONTROL INC. OF CHICAGO, ILLINOIS

7   Claimants respectfully request the Court grant them the monetary damages requested and such other and further relief as is just and proper.

DEBTOR USG CORPORATION
FILED U S B C D D
CASE NO  01-2094 THRU 01-2104
**CLAIM NO.:6871**

Date   December 3, 2003 at Highland Park, Illinois

_Marilyn Lewis_
Marilyn Lewis

_Raymond Lewis_
Raymond Lewis

703 Kincaid Street, Highland Park, Illinois 60035-5037        Telephone 847-433-3506

RECEIVED
2003 DEC -9  PM 1:12
LOGAN & COMPANY, INC.

AFFIDAVIT OF VERIFICATION

STATE OF ILLINOIS,  }
                     } SS.
COUNTY OF LAKE      }

RE:United States Bankruptcy court for the District of Delaware
USG Corporation, et.al
Case Numbers: 01-2094 (RJN) Through 01-2104(RJN)
Jointly Administered

PROOF OF CLAIMS FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST USG
CORPORATION OR ANY RELATED DEBTORS

Undersigned verify and state under oath that:
On January 8, 2003 undersigned completed and filed the subject claim forms as furnished and as instructed by
Debtors.
By stamp imprint dated January 9, 2003 Logan & Company, Inc.on behalf of USG Corporation, et.al  acknowledged
receiving same

Undersigned were misled by Debtors instructions as to the extent of particularity and specificity desired by Debtors
in answers to question 8 among others;
In support of our claims  undersigned provide the following information

The undersigned Raymond Lewis took the photographs attached numbered 1 through 7 on November 27, 2003;
They are true and correct representations of the items depicted;

#1 and #2 depict the 501 square feet of 1 inch thick United States Gypsum corrugated asbestos insulating pipe wrap
installed on the hot-water heating system pipes throughout the subject residence,
#3 and #4 depict the United States Gypsum identifying logo on the 16,326 square feet of "Fireproof Rock Lath"
asbestos wall board embedded in the walls throughout the subject residence;
#5 depicts the 289 33 square feet of United States Gypsum asbestos insulating cement and plaster insulating the
recessed radiator wall cavities in the subject residence.
#6 and #7 depict the 16 square feet 2 inch thick United States Gypsum corrugated asbestos insulating jacket
enclosing the hot-water heating system Pennco #3 boiler in the subject residence.

Undesigned hereby increase their claims to $50,000 00 in accord with estimates received from asbestos removal
specialists;
Superb Environmental Control Inc. estimates that removal of asbestos products and restoration will cost at minimum
$50,000.00

Each of the undersigned have read the foregoing and know the contents thereof, and say:
The same is true and correct of my own knowledge.
I certify and declare under penalty of perjury, that the foregoing is true and correct.

Signed on December __3__, 2003 at Highland Park, Illinois

_Marilyn Lewis_                    _Raymond Lewis_
Marilyn Lewis                       Raymond Lewis


Signed and sworn to before me this December __3__, 2003.

_____, Notary Public

```
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
|          OFFICIAL SEAL          |
|        NEIL D KANTROVICH         |
|  NOTARY PUBLIC - STATE OF ILLINOIS  |
|   MY COMMISSION EXPIRES: 03-05-07   |
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
```









**CLAIM NO. 5283**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

**USG CORPORATION**, *et al.*,

**Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)**
**Jointly Administered**

This Space Is For Court Use Only

DEBTOR: USG CORPORATION
FILED: U S B C D D
CASE NO : 01-2094 THRU 01-2104
**CLAIM NO.:5283**

### PROOF OF CLAIM FOR
### ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
### <u>USG CORPORATION OR ANY RELATED DEBTORS</u>

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

1. <u>DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED</u>: _____

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR <u>EACH</u> DEBTOR.

2. <u>CLAIMANT INFORMATION</u>

138752

Claimant: Julia M. Beauchaine

Contact Person: Julia M. Beauchaine

Address: 2930 France Avenue North

City, State, Zip: Robbinsdale, MN 55422

Telephone No.: 763-522-6291

Tax ID Number (if applicable): NA

3. <u>CLAIMANT'S ATTORNEY</u> (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: NA

Firm: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

RECEIVED 2003 JAN -6 AM 11:03 LOGAN & COMPANY, INC.

4. <u>TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR</u> : $ 14,020.00
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

**10. EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _Julia M. Beauchaine_

Print Name: _Julia M. Beauchaine_

Title: _Homeowner_

Date: _1-2-03_

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

\* We cannot sell this property without replacing the asbestos siding.

JANUARY 15, 2003, OR YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY ASBESTOS-RELATED PROPERTY DAMAGE CLAIM AGAINST THE DEBTORS; OR VOTING UPON, OR RECEIVING ANY DISTRIBUTIONS UNDER ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF SUCH CLAIM.

This form must be signed by you or your authorized agent. If you cannot fit all information in any particular section or page, copy the page before completing it, and attach as many additional pages as needed. Neatly type or print all answers on the form.

Be **accurate** and **truthful**. A Proof of Claim Form is an official court document that may be used as evidence in any legal proceeding regarding your claim. The penalty for presenting a fraudulent claim is a fine of up to $500,000 or imprisonment for up to five years or both under 18 U.S.C. §§ 152 & 3571.

If you need additional Proof of Claim forms, you may obtain them by downloading them from the USG Claims Website at www.usgclaims.com or by contacting the USG Claims Helpline toll-free at (866) 233-9048.

## 5. WHERE AND HOW TO SUBMIT CLAIM FORMS

Make a copy of your completed Proof of Claim form for your records. Send only the **original** proof of claim forms and copies of all attachments to the Debtors' Claims and Noticing Agent at the following address:

USG CORPORATION
CLAIMS PROCESSING DEPARTMENT
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NEW JERSEY 07043

The proof of claim form may be submitted in person, by courier service, hand delivery, or mail addressed to the Claims and Noticing Agent above. In returning this form, allow sufficient time so that this form is **received** on or before **JANUARY 15, 2003**. Forms that are postmarked before January 15, 2003 but received after January 15, 2003 will not be accepted. Only original forms will be accepted for filing. Forms transmitted by facsimile or e-mail will not be accepted and will not be deemed filed.

## 6. ADDITIONAL DOCUMENTATION AND INFORMATION

In addition to the completed, original Proof of Claim form, you should provide copies of all documents in your possession referenced in Question 8, or you may provide summaries of those documents if they are voluminous. If documents are not available, you must attach an explanation of why they are not available.

You may attach any additional documentation that supports your claim. However, such information will not be a substitute for information provided in the Proof of Claim form itself.

## 7. DEADLINE FOR RECEIPT OF PROOF OF CLAIM FORMS

Proof of Claim forms for Asbestos-Related Property Damage Claims must be **received** on or before 5:00 p.m. Eastern Time on **JANUARY 15, 2003**.

## 8. QUESTIONS AND ASSISTANCE

For additional questions and assistance, please visit the USG Claims Website at www.usgclaims.com or contact the USG Claims Helpline toll-free at (866) 233-9048.

# Proposal

Page No. 1 of _____ Pages

LAST NAME **BEAUCHAINE**

**ME MINNESOTA EXTERIORS INC.**

Phone: (763) 493-5500
FAX: (763) 493-8980

3RD GENERATION FAMILY OWNED AND OPERATED
*"Since 1947,*
*A Tradition of Quality Service and Dependability"*
8600 Jefferson Highway • Osseo, MN 55369-0266

**MN RESIDENTIAL CONTRACTOR**
**LICENSE #0002877**

JOB # _____
HOME # (763) 522-6291
WORK # _____

PROPOSAL SUBMITTED TO: **BEAUCHAINE     RESIDENCE**          DATE **10/23/02**

STREET **2930 FRANCE AVE. N    ROBBINSDALE   55422**    CITY, STATE AND ZIP CODE

JOB LOCATION **SAME**

On or in the building at the above job address, MINNESOTA EXTERIORS, INC. agrees to furnish and install the following materials and GUARANTEES to do the work in a workmanlike manner in accordance with standard practices, according to the following specifications

## MATERIAL & LABOR

### SIDING

[X] Remove old siding from (House) ~~Garage~~ and (Premises)    # of layers _____ **HAUL AWAY AESBESTOS**

[X] Install new siding on (House) &/or ~~Garage~~ with:
Brand **Rollex** Type **STEEL** Style _____ Color _____

[X] Install Infiltration Barrier _____

**3/8" FAN FOLD**

Sub Total **$9700**

### TRIM

[X] Install Aluminum Trim on Window Casings and Sills: # of windows **ALL** Color: _____

[X] Install Aluminum Trim on door casing and Jambs: # of entry Doors **ALL** # of O.H. Doors (0) Color: _____

[X] Install Aluminum Trim on existing Soffit and Fascia    Color: _____

[ ] Remove and Replace existing storm windows and doors: **$2280**

**TRIM OUT OVERHANGS & EAVES**

**TRIM WRAP WINDOWS & DOORS** **$1000**

Sub Total _____

### RAINWARE

[X] Install Aluminum gutter and downspouts on House &/or Garage:
Gutter Color _____ Downspout Color _____ **$940**

**REPLACE GUTTERS & DOWNSPOUTS**

Sub Total _____

### LOUVERED SHUTTERS/GABLE VENTS

[ ] _____ Pair _____ Size _____ Color _____ Size _____ Color _____
Sub Total _____

### MISCELLANEOUS WORK

[ ] Indicate any additional work to be done and products to be used:

9700
2280
1100
940
**$14,020**

Sub Total _____

TERMS 50% DOWN, BALANCE DUE UPON SUBSTANTIAL COMPLETION OF CONTRACTED WORK. 1 5% PER MONTH (18% ANNUAL) ON UNPAID BALANCES. THIS PROPOSAL IS SUBJECT TO HOME OFFICE FINAL APPROVAL AND MAY BE WITHDRAWN IF NOT ACCEPTED WITHIN 30 DAYS. CUSTOMER AGREES TO PAY ANY COSTS OF COLLECTION AND REASONABLE ATTORNEY FEES IF MEI MUST REFER CUSTOMER'S ACCOUNT TO AN ATTORNEY OR COLLECTION REPRESENTATIVE.

ANTICIPATED START DATE IS APPROXIMATE ONLY  TIME OF YEAR, WEATHER OR PRODUCT MFG DELAYS COULD EFFECT THE ACTUAL STARTING DATE: _____

| | |
|---|---|
| **TOTAL** material, labor & tax | **14,020** |
| **50% Down Payment** | **4,020** |
| **BALANCE** | **10,000** |

[ ] Visa [ ] Mastercard [ ] Discover Card # _____

**CLAIM NO. 3840**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | This Space Is For Court Use Only |
|---|---|
| USG CORPORATION, *et al.*,<br>Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)<br>Jointly Administered | |

| PROOF OF CLAIM FOR<br>ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST<br>USG CORPORATION OR ANY RELATED DEBTORS | DEBTOR: USG CORPORATION<br>FILED: U S B C D D.<br>CASE NO : 01-2094 THRU 01-2104<br>**CLAIM NO.:3840** |
|---|---|

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by JANUARY 15, 2003, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim.  Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim.  Date of previously filed claim: _____

1. **DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** *ALL Building Related Products Asbestos*

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR <u>EACH</u> DEBTOR.

2. **CLAIMANT INFORMATION**  *138776*

Claimant: *DA-2 Development Corp. DBA. Dominic A Affuso*

Contact Person: *Dominic A. Affuso*

Address: *Po Box Marlboro, NY. 12542*

City, State, Zip: *Marlboro, New York 12542*

Telephone No.: *1-845-236-7131*

Tax ID Number (if applicable): *056 26 3954*

3. **CLAIMANT'S ATTORNEY**  (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____

Firm: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

*[received stamp: LOGAN & COMPANY, INC. 2002 AUG -5 PM 1:37 RECEIVED]*

4. **TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $ *Estimate to Follow*
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building: _Pizzo Building - (Residence)_

Address of Building: _20 Resiver Road._
_Marlbro. New York_

6. YOUR PROPERTY INTEREST IN THE BUILDING

☒ Owner    ☐ Lessee    ☐ Other (describe): _____

Date interest was acquired: _1938_

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING: $ _140,000.00_

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☒ Yes    ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that Identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| Asbestos-Siding | ☒Yes* | ☐No | ☒Yes* | ☐No | 1980 | No Removal |
| Pipe Covering | ☒Yes* | ☐No | ☒Yes* | ☐No | 1938 | No Removal |
| Insulation | ☒Yes* | ☐No | ☒Yes* | ☐No | 1938 | No Removal |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☒ Yes    ☐ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

_Documents are long gone from time of construction._
_However, the materials are still in place - to each a._
_Expect in to verify can be done_

2

## INSTRUCTIONS

### 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

### 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

### 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION  MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

**10.** EXECUTION OF CLAIM

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent:    *Dominic A. Affoco*

Print Name:    DOMINIC A AFFOCO

Title:    OWNER, PRES.

Date:    8-1-02

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

3

**CLAIM NO. 3800**

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

## USG CORPORATION, et al.,
### Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)
### Jointly Administered

DEBTOR: USG CORPORATION
FILED: U S B C D D
CASE NO : 01-2094 THRU 01-2104

## CLAIM NO.:3800

## PROOF OF CLAIM FOR
## ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
## USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☑ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

1. **DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** _____

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR EACH DEBTOR.

2. **CLAIMANT INFORMATION**

138988

Claimant: Dana W. Head

Contact Person: Same

Address: 4498-A Old Atlanta Rd.

City, State, Zip: Griffin, GA. 30223

Telephone No.: 770-227-9276

Tax ID Number (if applicable): _____

3. **CLAIMANT'S ATTORNEY** (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____

Firm: _____

Address: _____

City, State, Zip: _____

Telephone No.: _____

4. **TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $_____
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR EACH BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building: _Champion Home_

Address of Building: _4498-A Old Atlanta Rd_

_Griffin, GA, 30223_

6. YOUR PROPERTY INTEREST IN THE BUILDING

☑ Owner    ☐ Lessee    ☐ Other (describe): _____

Date interest was acquired: _1988_

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING: $_____

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☑ Yes    ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR ALL PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| Fire Resistant Sheetrock | ☐Yes* | ☑No | ☐Yes* | ☐No | 1975 | still there |
| Insulation | ☐Yes* | ☑No | ☐Yes* | ☐No | 1975 | " " |
| Ceiling boards | ☐Yes* | ☑No | ☐Yes* | ☐No | 1975 | " " |
| Particle board floors | ☐Yes* | ☑No | ☐Yes* | ☐No | 1975 | " " |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH ALL DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☑ Yes    ☐ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

I now live and own a 1975 Champion mobile home, it has walls that were treated to make them fire resistant, it has fiberglass insulation in the walls and floor, the over head ceiling is made of a fiber type substance these materials fall in the category and time span of the lawsuit.

Builder - Champion Home Builders    Address- Box 5    31806 Zip Code    Ellaville Ga (Co. Schley)

Serial # 2423    Mfg date 11-13-75    Mod. 254

Person who authorized the unit    Aaron Phillips 11-13-75

RECEIVED 2002 JU -2 PM 12: [...] ORGAN. COMPANY.

10. **EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: _Dana W Head_

Print Name: _DANA W. HEAD_

Title: _____

Date: _6/24/02_

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> **USG CORPORATION**
> **CLAIMS PROCESSING DEPARTMENT**
> **C/O LOGAN & COMPANY, INC.**
> **546 VALLEY ROAD**
> **UPPER MONTCLAIR, NEW JERSEY 07043**

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

**CLAIM NO. 5269**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE
USG CORPORATION, et al.,
Case Nos. 01-2094 (RJN) Through 01-2104 (RJN)
Jointly Administered

This Space Is For Court Use Only

DEBTOR: USG CORPORATION
FILED: U S B C D.D
CASE NO : 01-2094 THRU 01-2104
CLAIM NO.:5269

H81

PROOF OF CLAIM FOR
ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related *Debtor(s)*, you must *complete and execute* this Proof of Claim form and file it by **JANUARY 15, 2003**, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☑ Mark this box if you have never received any notices in this case.
☐ Mark this box if your claim replaces a previously filed claim.   Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim.   Date of previously filed claim: _____

1. DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED: *B-R Pipeline CO 01-2100 (RJN)*

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR EACH DEBTOR.

2. CLAIMANT INFORMATION    *139619*

Claimant: *Myron J. Kindig          Doublile*
Contact Person: *Myron J Kindig          (Residence 365 +*
Address: *mailing P.O. Box 56          { 367 Center St.*
City, State, Zip: *Bloomsburg, Penna. 17815 { Bloomsburg, Penna 17815*
Telephone No : *570-784-7858*
Tax ID Number (if applicable): _____

3. CLAIMANT'S ATTORNEY (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: *Myron J Kindig   Pro-se*
Firm: *P.O. Box 56*
Address: *Bloomsburg, PA 17815*
City, State, Zip: _____
Telephone No : *570-784-7858*

RECEIVED 2003 JAN -9 PM 4: 20 LOGAN COMPANY, INC.

4. TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR: $ *$52,000.00*
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE *$6000.00   365 Center St asbestos removal and re line pipes*
*367 Center St asbestos removal and re line pipes*

*rental income lost due to asbestos lining* *{ $40,000.00 lost due to not being able to rent house out to college students.*

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR <u>EACH</u> BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. IDENTIFICATION OF BUILDING

Name of Building: _residence of owner Myron L Kindig_

Address of Building: _365+367 Center St._
_Bloomsburg, Penna. 17815_

6. YOUR PROPERTY INTEREST IN THE BUILDING

☑ Owner   ☐ Lessee   ☐ Other (describe): _____

Date interest was acquired: _____

7. TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING: $ _52,000.00_

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☑ Yes      ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR <u>ALL</u> PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| asbestos pipe insulation | ☐Yes* | ☑No | ☐Yes* | ☑No | 1950 | still present |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH <u>ALL</u> DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING OTHER THAN AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes   ☑ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

_asbestos lined pipes for steam furnace. In house since 1950 or before. Lost income from not being able to rent house to anyone because of asbestos products in basement._

2

**10. EXECUTION OF CLAIM**

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent:    *Myron J K indig*

Print Name:    *MYRON J. Kindig*

Title:    *property owner*

Date:    *Jan. 7Th 2003*

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> **USG CORPORATION**
> **CLAIMS PROCESSING DEPARTMENT**
> **C/O LOGAN & COMPANY, INC.**
> **546 VALLEY ROAD**
> **UPPER MONTCLAIR, NEW JERSEY 07043**

**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

3

U S G Co. Corp.
U S G Co. Pipeline Co.
B-R Pipeline Co.

Myron J Kindig
P.O. Box 56
Bloomsburg, PA

I have no direct or absolute knowledge of which division of U S G Corporation actually made/manufactured the asbestos steam pipe lining in my home. The information provided by your web site did specify which division produced what products when, nor did it give a list of all independant agents who at one time or another sold these products, and in what form they were sold.

At the time my father bought the doubble house, I was only 5 years old.

The steam furnace in the pictures was installed in 1965 or 66 to replace the orginal steam system. The steam pipe insulation as evidenced by the enclosed photographs were never replaced.

My only documentation is the deed copy to my ownership of the double house residence at 365-367 Center St, Bloomsbu PA., and the enclosed photographs of the current existing asbestos lined steam pipes, enclosed. This includes the fact that many divisions of USG made and manufactured these products. To rent it out to any one would put me at risk for serious law suits with current asbestos products in it. The lost of rental income stated as $40,000.00 and removal cost $12,000.00 is a very reasonable value for damges.

M J Kindig
Sr. Sr.

2067—Deed—Executor's Under Power to Will
Henry Hall, Inc., Indiana, PA

# This Indenture,

MADE THE 14th day of January in the year of our Lord
one thousand nine hundred and ninety-one (1991)

BETWEEN SHERRI KINDIG BRANDT————————————————————————————

Execut rix—— of the last Will and Testament of CHARLES R. KINDIG, deceased,————————
————————————————————————— late of the Town of Bloomsburg, Columbia
County, PA, Grantor, Party of the first part, and MYRON J. KINDIG, single
person, of the Town of Bloomsburg, County of Columbia and Commonwealth
of Pennsylvania, Grantee, Party—————————————————————————— of the second part:

WHEREAS, the said Charles R. Kindig——————————————————————————————————
by ——his———— last Will and Testament, duly proved and recorded in the Register's office of Columbia
County———————————————— County, Pennsylvania, to No. 19-89-0153, WHEREIN
and WHEREBY he appointed Sherri Kindig Brandt, Executrix of said
Will; and

WHEREAS, the Register of Wills of Columbia County, Pennsylvania, on
May 25, 1989, issued Letters Testamentary on said Estate to the said
Sherri Kindig Brandt, who is now acting as such Executrix; and

WHEREAS, the said Charles R. Kindig did, under Item Fourth, state in
his said Last Will and Testament as follows:

"FOURTH: In addition to the powers conferred by law, I
authorize my Executrix, in her absolute discretion: (a)
To retain in the form received, and to sell either at
public or private sale any real or personal property.
(b) To manage real estate and to give options on real
estate."

NOW THIS INDENTURE WITNESSETH, that the said part y——of the first part, by virtue of the power
and authority aforesaid, in said Will contained, and in consideration of the sum of One ($1.00) ——————

Dollars to her——paid by the said part y————— of the second part, at and before the ensealing and delivery
of these presents, the receipt whereof is hereby acknowledged, ————has———granted, bargained, sold and
conveyed, and ———does————hereby grant, bargain, sell and convey to the said Grantee, Party
of the Second Part, his————————————————————————————————————————
Heirs and assigns forever, all that—————— certain piece or parcel of land situate in
the Town of Bloomsburg———————, County of Columbia————————————
and State of Pennsylvania, bounded and described as follows, to-wit:

ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate in the Town of
Bloomsburg, Columbia County, Pennsylvania, bounded and described
as follows, to wit:

BEGINNING at the northeast corner of the intersection of Fourth Street with Center Street in said Town and running thence northwardly along said Center Street 41 feet 6 inches to lot of land formerly of Annie K. Riddle; thence along said lot eastwardly 123 feet to line of lot formerly of W. E. Hartman, now of the female grantors; thence along the same southwardly 41 feet 6 inches to said Fourth Street; thence along the said Fourth Street westwardly 123 feet to the corner of Fourth and Center Streets, the place of BEGINNING.  WHEREON is erected a large brick dwelling house.

IT BEING THE SAME PREMISES which Louisa Hartman Cortright, widow, and Jennie Hartman McHenry and A. R. McHenry, her husband, by their Deed dated March 25, 1957, and recorded in the Office of the Recorder of Deeds in and for Columbia County, Pennsylvania, in Deed Book 183, Page 443, etc., granted and conveyed unto Charles R. Kindig and Kathryn H. Kindig, husband and wife.  The said Kathryn H. Kindig having since departed his life on May 10, 1989, wherein and whereby Charles R. Kindig became seized and possessed of the whole by operation of law.

THIS TRANSFER IS A PART OF THE DISTRIBUTION TO THE GRANTEE HEREIN UNDER THE TERMS OF THE LAST WILL AND TESTAMENT OF CHARLES R. KINDIG AND IS, THEREFORE, NOT SUBJECT TO THE PENNSYLVANIA OR LOCAL TRANSFER TAXES.

REV-183 EX (1-91)

**COMMONWEALTH OF PENNSYLVANIA**
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
POST OFFICE BOX 8910
HARRISBURG, PA 17105-8910

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See Reverse for Instructions

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | -0- |
| Book Number | 465 |
| Page Number | 928 |
| Date Recorded | 1-15-91 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on: (1) family relationship or (2) public utility easement. If more space is needed, attach additional sheet(s).

**A   CORRESPONDENT - All inquiries may be directed to the following person:**

| Name | Telephone Number: Area Code ( 717 ) 275-1110 |
|---|---|
| Richard C. Brittain | |

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 319 Mill Street | Danville, | PA | 17821 |

**B   TRANSFER DATA**                          Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Sherri Kindig Brandt-ext in the estate of Charles R. Kindig | Myron J. Kindig |

| Street Address | Street Address |
|---|---|
| 367 Center Street | 367 Center Street |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Bloomsburg, | PA | 17815 | Bloomsburg | PA | 17815 |

**C   PROPERTY LOCATION**

| Street Address | City, Township, Borough |
|---|---|
| 367 Center Street | Town of Bloomsburg |

| County | School District | Tax Parcel Number |
|---|---|---|
| Columbia | Bloomsburg | 05E-03-59 |

**D   VALUATION DATA**

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | + none | = 1.00 |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
| 3,050.00 | × 14.08 | = 42,944.00 |

**E   EXEMPTION DATA**

| 1a. Amount of Exemption Claimed | 1b. Percentage of Interest Conveyed |
|---|---|
| 100% | 100% |

2. Check Appropriate Box Below for Exemption Claimed

[X] Will or intestate succession   Charles R. Kindig                    19-89-0153
                                  (Name of Decedent)                   (Estate File Number)

[ ] Transfer to Industrial Development Agency.

[ ] Transfer to Agent or Straw Party. (Attach copy of agency/straw party agreement)

[ ] Transfer between principal and agent. (Attach copy of agency/straw trust agreement) Tax paid prior deed $ _____

[ ] Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

[ ] Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____ , Page Number _____

[ ] Corrective deed (Attach copy of the prior deed).

[ ] Statutory Corporate Consolidation, Merger or Division. (Attach copy of articles).

[ ] Other (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| [signature] | 15 Jan. 91 |

(SEE REVERSE)

BOOK 465 PAGE 930

*TOGETHER with all and singular the rights, liberties. privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining. and the reversions and remainders, rents. issues and profits thereof, and all the estate. right, title, interest, property, claim and demand whatsoever of the said* Charles R. Kindig--------------------------------------------------------*at and immediately before the time of* --his--- *decease, in law or equity or otherwise howsoever, of, in, to or out of the same:*

*TO HAVE AND TO HOLD the said granted premises to the said* Grantee, Party of the Second Part, his --------------------------------------------------------------- *heirs and assigns forever.*

And the said Party of the First Part---------------------------------
--------------------------------- *do* es------ *covenant, promise, grant and agree, to and with the said* Party of the Second Part, his ------------------------------------------
--------------------------------- *heirs and assigns. by these presents, that* ---she----- *the said* Party of the First Part has---------------------------------------------------------- *not done, committed or knowingly or willingly suffered to be done, any act, matter, or thing whatsoever, whereby the premises aforesaid, or any part thereof, is, are, shall or may be charged or incumbered, in title, charge or estate, or otherwise howsoever.*

IN WITNESS WHEREOF, *the said Party of the First Part has--------------
--------------------------------- hereunto set* ---her------ *hand and seal the day and year above written.*

Signed, Sealed and Delivered
in the Presence of

*Sherri Kindig Brandt* (SEAL)
Sherri Kindig Brandt

Donna B. Wydra

(SEAL)

(SEAL)

State of    PENNSYLVANIA
County of    MONTOUR    } ss.
On this, the 14th    day of    January    , 19 91 . before me, a Notary Public,------------------------------------------------------ the undersigned officer, personally appeared Sherri Kindig Brandt. Executrix of the Last Will & Testament of Charles R. Kindig, deceased, late --------------------- of the State of Pennsylvania---------- . County of Columbia-------------- . known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein stated and for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Donna B. Wydra
Notary Public

NOTARIAL SEAL
DONNA B. WYDRA, Notary Public
Danville Boro, Montour County, Pa.
My Commission Expires Aug. 13, 1993

(SEAL)

State of
County of    } ss.
On this, the    day of    , 19    , before me,

the undersigned officer, personally appeared

of the State of    County of    , known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein stated and for the purposes therein contained.

In witness whereof, I hereunto set my hand and offical seal.

(SEAL)

Title of Officer.

BOOK 465 PAGE 931

034
REC'D BY RECORDER
COLUMBIA CO. PA.
TAX 50. FEE 15.00
JAN 15  12 50 PM '91
Bri Maid

Rec.in Columbia County
rec. Bk 465 Page 928
January 15, 1991 at 12:50 pm

*Beverly J. Michael*

Recorder of Deeds

CERTIFICATE OF RESIDENCE

————————I———————— *do hereby certify that the precise residence and complete post office address*
*of the within named grantee is* 367 Center Street, Bloomsburg, PA   17815.

January 14, 19 91.

Attorney for _____ Grantee _____

**Deed**

SHERRI KINDIG BRANDT,
Executrix of the Last Will
and Testament of
CHARLES R. KINDIG, deceased

– TO –

MYRON J. KINDIG, single
person,

**EXECUTOR'S**

365–367 Center Street,
Bloomsburg, PA 17815

RICHARD C. BRITTAIN
Attorney at Law
319 Mill Street
Danville, Penna.

*COMMONWEALTH OF PENNSYLVANIA*

*County of* _____ } *SS.*

*RECORDED on this* _____ *day of* _____

*A. D.* _____, *in the Recorder's Office of said County, in Deed Book*

*Vol.* _____ *Page* _____

*Given under my hand and the seal of the said office, the date above written.*

_____, *Recorder.*

# CLAIM NO. 4233

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | This Space Is For Court Use Only |
|---|---|
| **USG CORPORATION,** *et al.,* **Case Nos. 01-2094 (RJN) Through 01-2104 (RJN) Jointly Administered** | DEBTOR: USG CORPORATION FILED: U.S.B.C.D.D. CASE NO.: 01-2094 THRU 01-2104 **CLAIM NO.:4233** |

### PROOF OF CLAIM FOR
### ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS AGAINST
### USG CORPORATION OR ANY RELATED DEBTORS

If you wish to assert an **Asbestos-Related Property Damage Claim** against USG Corporation or any related Debtor(s), you must complete and execute this Proof of Claim form and file it by JANUARY 15, 2003, or be forever barred from asserting the claim. (See Instruction No. 1 for the definition of an Asbestos-Related Property Damage Claim and Instruction No. 3 for a list of Debtors.)

If you wish to file another type of claim against the Debtor(s), please consult the USG Claims Website at www.usgclaims.com, or call the USG Claims Helpline toll-free at (866) 233-9048 for instructions.

☐ Mark this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☑ Mark this box if you have never received any notices in this case
☐ Mark this box if your claim replaces a previously filed claim. Date of previously filed claim: _____
☐ Mark this box if your claim amends a previously filed claim. Date of previously filed claim: _____

1. **DEBTOR AGAINST WHOM THIS CLAIM IS ASSERTED:** *Acustical & Drywall Supply*

NOTE: SEE INSTRUCTION NO. 3 FOR A LIST OF ALL DEBTORS. IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE OF THE DEBTORS, A SEPARATE PROOF OF CLAIM FORM MUST BE SUBMITTED FOR EACH DEBTOR.

2. **CLAIMANT INFORMATION**  *139048*

Claimant: *Fred Oglesby*
Contact Person: *Fred Oglesby*
Address: *1633 Chestnut Ave #1*
City, State, Zip: *Long Beach, CA.*
Telephone No.: *562 599 2373*
Tax ID Number (if applicable): _____

3. **CLAIMANT'S ATTORNEY** (NOTE: YOU ARE NOT REQUIRED TO HAVE AN ATTORNEY TO FILE A CLAIM.)

Name: _____
Firm: _____
Address: _____
City, State, Zip: _____
Telephone No.: _____

*RECEIVED 2002 DEC -2 AM 12: 14 LOGAN & COMPANY, INC.*

4. **TOTAL AMOUNT OF CLAIM ASSERTED AGAINST DEBTOR:** $ *3500*
NOTE: YOUR CLAIM WILL BE TREATED AS A GENERAL UNSECURED CLAIM AGAINST THE DEBTOR UNLESS YOU SPECIFY OTHERWISE.

IF YOU ARE ASSERTING AN ASBESTOS-RELATED PROPERTY DAMAGE CLAIM FOR MORE THAN ONE BUILDING, BEFORE COMPLETING THIS PAGE, MAKE EXTRA COPIES OF THIS PAGE FOR EACH BUILDING. YOU MUST COMPLETE AND SUBMIT SEPARATE RESPONSES TO QUESTIONS 5-9 BELOW FOR <u>EACH</u> BUILDING FOR WHICH YOU ALLEGE ASBESTOS-RELATED PROPERTY DAMAGE.

5. <u>IDENTIFICATION OF BUILDING</u>

Name of Building: *my home*

Address of Building: *710 W 33 WAY Long Beach, CA 90806*

6. <u>YOUR PROPERTY INTEREST IN THE BUILDING</u>

☑ Owner    ☐ Lessee    ☐ Other (describe): *Home owner*

Date interest was acquired: *1981 1979*

7. <u>TOTAL CLAIMED FROM DEBTOR FOR THIS BUILDING</u>:    $ *3,500*

8. DO YOU CLAIM DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☑ Yes    ☐ No

IF YES, TO THE EXTENT OF YOUR KNOWLEDGE, COMPLETE THE FOLLOWING FOR <u>ALL</u> PRODUCTS CONTAINING ASBESTOS THAT YOU CLAIM WERE MANUFACTURED OR SOLD BY DEBTOR (ATTACH ADDITIONAL PAGES AS NECESSARY):

| Names of products that are or were present in this building | Is there any testing that identifies Debtor as the manufacturer or seller of the product? | | Are there any other documents that identify Debtor as the manufacturer or seller of the product? | | Year(s) product was installed | Year(s) product was removed |
|---|---|---|---|---|---|---|
| *Acoustical & Drywall Supply* | ☐Yes* | ☑No | ☐Yes* | ☑No | *1981-1982* | *1984* |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |
| | ☐Yes* | ☐No | ☐Yes* | ☐No | | |

*YOU SHOULD ATTACH <u>ALL</u> DOCUMENTS IN YOUR POSSESSION SUPPORTING THE FOREGOING ASSERTIONS, OR A SUMMARY OF THOSE DOCUMENTS IF THEY ARE VOLUMINOUS. IF DOCUMENTS ARE NOT AVAILABLE, YOU MUST ATTACH AN EXPLANATION OF WHY THEY ARE NOT AVAILABLE.

9. IS YOUR CLAIM BASED ON ANYTHING <u>OTHER THAN</u> AN ASSERTION THAT DEBTOR MANUFACTURED OR SOLD PRODUCTS CONTAINING ASBESTOS THAT ARE OR WERE PRESENT IN THIS BUILDING?

☐ Yes    ☑ No

IF YES, DESCRIBE THE BASIS OF YOUR CLAIM:

2

10. EXECUTION OF CLAIM

NOTE: THIS PROOF OF CLAIM MUST BE SIGNED BY THE CLAIMANT OR THE CLAIMANT'S AUTHORIZED AGENT.

Signature of Claimant
or Authorized Agent: *Fred Oglesby*

Print Name: *Fred Oglesby*

Title: *Home Owner*

Date: *11/18/01*

A PROOF OF CLAIM FORM IS AN OFFICIAL COURT DOCUMENT THAT MAY BE USED AS EVIDENCE IN ANY LEGAL PROCEEDING REGARDING YOUR CLAIM. THE PENALTY FOR PRESENTING A FRAUDULENT CLAIM IS A FINE OF UP TO $500,000 OR IMPRISONMENT FOR UP TO FIVE YEARS OR BOTH UNDER 18 U.S.C. §§ 152 & 3571.

KEEP A COPY OF THIS PROOF OF CLAIM FORM AND ALL ATTACHMENTS FOR YOUR FILES AND MAIL AN ORIGINAL PROOF OF CLAIM FORM AND COPIES OF THE ATTACHMENTS TO:

> USG CORPORATION
> CLAIMS PROCESSING DEPARTMENT
> C/O LOGAN & COMPANY, INC.
> 546 VALLEY ROAD
> UPPER MONTCLAIR, NEW JERSEY 07043

Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed return envelope and an extra copy of this proof of claim.

INSTRUCTIONS

## 1. WHO SHOULD USE THIS ASBESTOS-RELATED PROPERTY DAMAGE PROOF OF CLAIM FORM

You must complete this Asbestos-Related Property Damage Proof of Claim form if you wish to assert an Asbestos-Related Property Damage Claim against USG Corporation or any of its related Debtors (see Instruction No. 3 for a list of all Debtors). An "Asbestos-Related Property Damage Claim" is any claim alleging, arising out of, or in any way relating to physical, economic, or any other damage or injury to any property or property interest for which any Debtor is alleged to be liable, arising out of or in any way relating to the installation, presence, removal of, or release of asbestos from any products or materials containing asbestos. Asbestos-Related Property Damage Claims include all such claims whether in tort, contract, warranty, restitution, conspiracy, contribution, indemnity, guarantee, subrogation, or any other theory of law, equity, or admiralty; whether seeking compensatory, special, economic and non-economic, punitive, exemplary, administrative, or any other costs or damages; or whether seeking any legal, equitable, or other relief of any kind whatsoever.

If you wish to file an Asbestos-Related Property Damage Claim against more than one Debtor, you must complete an additional form for each Debtor and submit the forms separately.

You should NOT use this form for claims other than Asbestos-Related Property Damage Claims. For information about how and when to file other types of claims against the Debtors, please contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

## 2. WHERE TO OBTAIN A PROOF OF CLAIM FORM AND INFORMATION FOR ASBESTOS-RELATED PROPERTY DAMAGE CLAIMS

If you need a Proof of Claim form or related information, you may contact the USG Claims Website at www.usgclaims.com or call the USG Claims Helpline toll-free at (866) 233-9048.

## 3. DEBTORS

The Debtors are the following 11 entities:

| | |
|---|---|
| USG Corporation | Case No. 01-2094 (RJN) |
| United States Gypsum Company | Case No. 01-2095 (RJN) |
| USG Interiors, Inc. | Case No. 01-2096 (RJN) |
| USG Interiors International, Inc. | Case No. 01-2097 (RJN) |
| L&W Supply Corporation | Case No. 01-2098 (RJN) |
| Beadex Manufacturing, LLC | Case No. 01-2099 (RJN) |
| B-R Pipeline Company | Case No. 01-2100 (RJN) |
| La Mirada Products Co., Inc. | Case No. 01-2101 (RJN) |
| USG Industries, Inc. | Case No. 01-2102 (RJN) |
| USG Pipeline Company | Case No. 01-2103 (RJN) |
| Stocking Specialists, Inc. | Case No. 01-2104 (RJN) |

INFORMATION ABOUT ASBESTOS-CONTAINING PRODUCTS MANUFACTURED OR SOLD BY THE DEBTORS, AS WELL AS CURRENT AND FORMER TRADE NAMES USED BY CERTAIN DEBTORS, MAY BE FOUND ON THE USG CLAIMS WEBSITE AT www.usgclaims.com.

## 4. GENERAL INSTRUCTIONS

YOU MUST COMPLETE AND SIGN THIS FORM. THE ORIGINAL, COMPLETED FORM AND COPIES OF REQUIRED DOCUMENTATION MUST BE RECEIVED ON OR BEFORE 5:00 P.M. EASTERN TIME ON

4

# **EXHIBIT E**

Notices of Deficiency

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation,** *et al.,* | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | |

**NOTICE OF DEFICIENCY PURSUANT TO**
**ORDER APPROVING LIMITED WAIVER OF DEL.**
**BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING**
**OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**

TO:   Luther F. Ballou
     550 Golden Road
     Fallbrook, CA  92028

Re:   Claim Number:  4460
     Building(s):    All

    Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

    (1)  The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.)

    (2)  This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors

manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

        **(3)    As noted above, under the Court's Order, you have ten (10) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

        (4)    Please send your response to:

                        Scott Milner, Esquire
                        Morgan, Lewis & Bockius LLP
                        1701 Market Street
                        Philadelphia, PA  19103-2921

.

Dated:  March 19, 2004                    Respectfully submitted,
        Wilmington, Delaware
                                          RICHARDS, LAYTON & FINGER, P.A.

                                          ___/s/_____
                                          Daniel J. DeFranceschi (DE I.D. 2732)
                                          Paul N. Heath (DE I.D. 3704)
                                          One Rodney Square
                                          P.O. Box 551
                                          Wilmington, Delaware  19899
                                          Telephone:  (302) 651-7700

                                          ATTORNEYS FOR DEBTORS
                                          AND DEBTORS IN POSSESSION

                                                  -and-

                                          James D. Pagliaro (PA I.D. 23701)
                                          Brady L. Green (PA I.D. 56450)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1701 Market Street
                                          Philadelphia, Pennsylvania 19103
                                          Telephone:  (215) 963-5000

                                          SPECIAL ASBESTOS PROPERTY DAMAGE
                                          LITIGATION COUNSEL FOR DEBTORS
                                          AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation,** *et al.*, | : | |
| | : | **Case No. 01-2094 (JKF)** |
| Debtors. | : | |
| | : | |

NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:    Fernando Castillo Barahona
       P.O. Box 191294
       San Juan, P.R. 00919-1294

Re:    Claim Number:    6003
       Building(s):     All

Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

(1)    The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)     This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

(3)     **As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)     Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated:  March 25, 2004
        Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

   /s/
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation, *et al.*,** | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | |

**NOTICE OF DEFICIENCY PURSUANT TO**
**ORDER APPROVING LIMITED WAIVER OF DEL.**
**BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING**
<u>**OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**</u>

TO:     Janet & Theresa Criscone
        142 State Street, #718
        Albany, NY  12207

Re:     Claim Number:      4445
        Building(s):       All

        Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

        (1)     The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant.  The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."  (The Debtors are not required to send written notice where the claim is devoid of any product identification information.)

        (2)     This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors

manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

     **(3)    As noted above, under the Court's Order, you have ten (10) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

     (4)    Please send your response to:

              Scott Milner, Esquire
              Morgan, Lewis & Bockius LLP
              1701 Market Street
              Philadelphia, PA 19103-2921


Dated: March 19, 2004
       Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

    _/s/_____
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

      -and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation, et al.,** | : | |
| | : | **Case No. 01-2094 (JKF)** |
| Debtors. | : | |
| | : | |

**NOTICE OF DEFICIENCY PURSUANT TO**
**ORDER APPROVING LIMITED WAIVER OF DEL.**
**BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING**
**OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS**

TO:        Bernice and Victoria Dace
           13 Crosby Drive
           Laurel, MS  39440

Re:        Claim Number:        3932
           Building(s):         All

Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

(1)        The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because:

> You failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

**(3)    As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated:  April 8, 2004
         Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

  /s/
—————————————————————————
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

            -and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation, *et al.*,** | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | |

## NOTICE OF DEFICIENCY PURSUANT TO
## ORDER APPROVING LIMITED WAIVER OF DEL.
## BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
## OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:    Robert Hollingshead
       810 E. Broad Street
       Millville, NJ 08332

Re:    Claim Number:    5772
       Building(s):     All

Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

(1)    The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

(3)    **As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated:  March 25, 2004
        Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

_/s/_____
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

              -and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :     **Chapter 11** |
| | : |
| **USG CORPORATION, a Delaware** | :     **Jointly Administered** |
| **Corporation, *et al.*,** | : |
| | :     **Case No. 01-2094 (JKF)** |
| Debtors. | : |
| | : |

## NOTICE OF DEFICIENCY PURSUANT TO
## ORDER APPROVING LIMITED WAIVER OF DEL.
## BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
## OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:       Marilyn & Raymond Lewis
             703 Kincaid Street
             Highland Park, IL 60035-5037

Re:       Claim Number:     6027
            Building(s):         All

       Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

       (1)      The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

(3)    **As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921

Dated:  March 25, 2004
        Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

/s/
_____
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation**, *et al.*, | : | |
| | : | **Case No. 01-2094 (JKF)** |
| Debtors. | : | |
| | : | |

NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:     Julia M. Beauchaine
        2930 France Avenue North
        Robbinsdale, MN 55422

Re:     Claim Number:     5283
        Building(s):      All

Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

(1)     The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

(3)    **As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated:  March 25, 2004
       Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

  /s/
_____
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation,** *et al.***,** | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |

NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
<u>OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS</u>

TO:        DA-2 Development Corp. DRA
            Attention: Dominic A. Affuso
            20 Resivor Road
            Marlboro, NY  12542

Re:        Claim Number:     3840
            Building(s):          All

        Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

        (1)     The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.)

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

**(3)    As noted above, under the Court's Order, you have ten (10) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated:  March 19, 2004                Respectfully submitted,
      Wilmington, Delaware

                                        RICHARDS, LAYTON & FINGER, P.A.

                                        /s/
                                        Daniel J. DeFranceschi (DE I.D. 2732)
                                        Paul N. Heath (DE I.D. 3704)
                                        One Rodney Square
                                        P.O. Box 551
                                        Wilmington, Delaware  19899
                                        Telephone:  (302) 651-7700

                                        ATTORNEYS FOR DEBTORS
                                        AND DEBTORS IN POSSESSION

                                              -and-

                                        James D. Pagliaro (PA I.D. 23701)
                                        Brady L. Green (PA I.D. 56450)
                                        MORGAN, LEWIS & BOCKIUS LLP
                                        1701 Market Street
                                        Philadelphia, Pennsylvania 19103
                                        Telephone:  (215) 963-5000

                                        SPECIAL ASBESTOS PROPERTY DAMAGE
                                        LITIGATION COUNSEL FOR DEBTORS
                                        AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation, *et al.*,** | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | |

**NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
<u>OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS</u>**


TO:        Dana W. Head
              4498-A Old Atlanta Road
              Griffin, GA  30223

Re:        Claim Number:     3800
              Building(s):         All


       Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

       (1)     The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) Following the mailing of a notice to you on March 19, at a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

(3)    **As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)    Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921

Dated: March 25, 2004          Respectfully submitted,
       Wilmington, Delaware
                                         RICHARDS, LAYTON & FINGER, P.A.

                                          /s/
                                          Daniel J. DeFranceschi (DE I.D. 2732)
                                          Paul N. Heath (DE I.D. 3704)
                                          One Rodney Square
                                          P.O. Box 551
                                          Wilmington, Delaware 19899
                                          Telephone: (302) 651-7700

                                          ATTORNEYS FOR DEBTORS
                                          AND DEBTORS IN POSSESSION

                                             -and-

                                          James D. Pagliaro (PA I.D. 23701)
                                          Brady L. Green (PA I.D. 56450)
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1701 Market Street
                                          Philadelphia, Pennsylvania 19103
                                          Telephone: (215) 963-5000

                                          SPECIAL ASBESTOS PROPERTY DAMAGE
                                          LITIGATION COUNSEL FOR DEBTORS
                                          AND DEBTORS IN POSSESSION

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **USG CORPORATION, a Delaware** | : | **Jointly Administered** |
| **Corporation**, *et al.*, | : | |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | |

NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:      Myron J. Kindig
         P.O. Box 56
         Bloomsburg, PA  17815

Re:      Claim Number:      5269
         Building(s):       All

        Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

        (1)     The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.) At a hearing on March 22, 2004, the Court extended the period for claimants to submit responses to Debtors' notices from ten (10) days to sixty (60) days.

(2)     This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

**(3)     As noted above, you have sixty (60) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

(4)     Please send your response to:

> Scott Milner, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA  19103-2921

Dated: March 25, 2004
      Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

/s/
_____
Daniel J. DeFranceschi (DE I.D. 2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| USG CORPORATION, a Delaware | : | Jointly Administered |
| Corporation, *et al.*, | : | |
| | : | Case No. 01-2094 (JKF) |
| Debtors. | : | |
| | : | |

NOTICE OF DEFICIENCY PURSUANT TO
ORDER APPROVING LIMITED WAIVER OF DEL.
BANKR. L.R. 3007-1 FOR PURPOSE OF STREAMLINING
OBJECTIONS TO ASBESTOS PROPERTY DAMAGE CLAIMS

TO:        Fred Oglesby
           1633 Chestnut Avenue, #1
           Long Beach, CA  90806

Re:        Claim Number:      4233
           Building(s):       All

Please take notice that, pursuant to the Order Approving Limited Waiver of Del. Bankr. LR 3007-1 for Purposes of Streamlining Objections to Asbestos Property Damage Claims (the "Order"), entered by the Court on December 8, 2003, the Debtors believe deficiencies exist with respect to the product identification evidence supporting your above-referenced asbestos property damage claim (the "Claim") you filed with respect to the above-referenced building(s) (the "Building(s)"). A copy of the Order is enclosed.

(1)    The Order sets forth procedures for the above-captioned debtors and debtors in possession (the "Debtors") to make objections to asbestos property damage claims on the grounds that the claims do not provide sufficient evidence identifying that Debtors' products were installed in the buildings at issue. The Order provides that before Debtors can make certain product identification objections, the Debtors must provide written notice to the claimant identifying the deficiencies that Debtors believe exist in the product identification information supplied by the claimant. The Order further provides that you, as the claimant, have ten (10) days from the date of receipt of this letter to provide the Debtors with "any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [the Building(s)], as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided." (The Debtors are not required to send written notice where the claim is devoid of any product identification information.)

(2)    This notice is being sent to you pursuant to the Order and is to notify you that the Debtors have reviewed your claim form and believe that it is insufficient and/or deficient because you failed to provide any documentation or other evidence supporting your assertion that any of the Debtors

manufactured, distributed or sold any asbestos-containing product that is or at any time was present in the Building(s).

        **(3)    As noted above, under the Court's Order, you have ten (10) days from the receipt of this notice "in which to provide any supplemental or additional documentation supporting any allegation that one of Debtors' products is or was present in [your] building, as well as any and all information requested by Debtors' claim form for asbestos property damage claims that has not previously been provided."**

        (4)    Please send your response to:

                    Scott Milner, Esquire
                    Morgan, Lewis & Bockius LLP
                    1701 Market Street
                    Philadelphia, PA  19103-2921

Dated: March 19, 2004
        Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

    /s/
——————————————————————
Daniel J. DeFranceschi (DE I D  2732)
Paul N. Heath (DE I.D. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone:  (302) 651-7700

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

       -and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

# **EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **USG CORPORATION,** | : | |
| **a Delaware corporation, <u>et al.</u>,**[1] | : | **Jointly Administered** |
| | : | **Case No. 01-2094 (JKF)** |
| **Debtors.** | : | |
| | : | Re: Docket No._____/Agenda No. _____ |
| | : | Hearing Date:  3/27/06 |

## ORDER SUSTAINING DEBTORS' SIXTH PROPERTY DAMAGE OMNIBUS OBJECTION AND DISALLOWING CERTAIN ASBESTOS <u>PROPERTY DAMAGE PROOFS OF CLAIM</u>

This matter coming before the Court on the Debtors' Sixth Omnibus Objection to and Motion to Disallow Asbestos Property Damage Proofs of Claim for Failure to Provide Product Identification Evidence ("Objection"), the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "Hearing"), the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Objection was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing are sufficient to establish just cause for the relief requested;

IT IS HEREBY ORDERED THAT:

1.    The Objection is SUSTAINED and the motion to DISALLOW is GRANTED.

---

[1] The Debtors are the following 11 entities:  USG Corporation; United States Gypsum Company; USG Interiors, Inc.; USG Interiors International, Inc.; L&W Supply Corporation; Beadex Manufacturing, LLC; B-R Pipeline Company; La Mirada Products Co., Inc.; USG Industries, Inc.; USG Pipeline Company; and Stocking Specialists, Inc.

2.    The claims of the claimants listed on the attached Exhibits A, B, and C

attached hereto are DISALLOWED.

Dated: _____, 2006        _____
                                    UNITED STATES BANKRUPTCY JUDGE

2

## CERTIFICATE OF SERVICE

I, Paul N. Heath, do hereby certify that on February 20, 2006 I caused a copy of

the foregoing **Debtors' Sixth Property Damage Omnibus Objection and Motion to Disallow**

**Asbestos Proofs of Claim for Failure to Provide Product Identification Evidence**

**(Substantive Objection)** to be served via email upon the **General Service List**[1] and in the

manner indicated upon the attached **Interested Parties Service List.**

Paul N. Heath (No. 3704)

---

[1] As defined in the *Modified Revised Order Establishing Case Management and Scheduling Procedures and Superseding Five Prior Orders Related Thereto* entered July 12, 2005 [Docket No. 8796].

**In re:  USG Corporation**
**Case No.:  01-2094 (JKF)**
**Interested Party Service List**

<u>Via First Class Mail</u>

Luther F. Ballou
550 Golden Road
Fallbrook, CA 92028

Fernando Castillo Barahona
P. O. Box 191294
San Juan, PR 00919-1294

Janet and Theresa  Criscone
142 State Street, Apt 718
Albany, NY 12207

Bernice I. Dace
c/o Victoria M. Dace
13 Crosby Drive
Laurel, MS 39440

Robert Hollingshead
810 E. Broad Street
Millville, NJ 08332

Marilyn and Raymond Lewis
703 Kincaid Street
Highland Park, IL 60035-5037

Julia M. Beauchaine
2930 France Avenue North
Robbinsdale, MN 55422

DA-2 Development Corp  d/b/a Dominic A.
Affuso
c/o Dominic A. Affuso
20 Resivor Road
Marlboro, NY 12542

Dana W. Head
4498-A Old Atlanta Road
Griffin, GA 30223

Myron J. Kindig
P. O. Box 56
Bloomsburg, PA 17815

Fred Oglesby
1633 Chestnut Avenue #1
Long Beach, CA 90806

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                          :
                                                :    **Chapter 11**
USG CORPORATION,                                :
a Delaware corporation, et al.,[1]              :    **Jointly Administered**
                                                :    **Case No. 01-2094 (JKF)**
                            Debtors.            :
                                                :    **Re: Docket No. 10245/Agenda No. 4**
                                                :    **Hearing Date: 3/27/06**


### ORDER SUSTAINING DEBTORS' SIXTH PROPERTY DAMAGE OMNIBUS OBJECTION AND DISALLOWING CERTAIN ASBESTOS PROPERTY DAMAGE PROOFS OF CLAIM

This matter coming before the Court on the Debtors' Sixth Omnibus Objection to and Motion to Disallow Asbestos Property Damage Proofs of Claim for Failure to Provide Product Identification Evidence ("Objection"); the Court having reviewed the Objection and having heard the statements of counsel regarding the relief requested in the Objection at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Objection was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing are sufficient to establish just cause for the relief requested;

IT IS HEREBY ORDERED THAT:

1.    The Objection is SUSTAINED and the motion to DISALLOW is GRANTED.

---

[1] The Debtors are the following 11 entities: USG Corporation; United States Gypsum Company; USG Interiors, Inc.; USG Interiors International, Inc.; L&W Supply Corporation; Beadex Manufacturing, LLC; B-R Pipeline Company; La Mirada Products Co., Inc.; USG Industries, Inc.; USG Pipeline Company; and Stocking Specialists, Inc.

2.    The claims of the claimants listed on the attached Exhibits A, B, and C

attached hereto are DISALLOWED.

Dated: _3/ 2 7_, 2006          _____
                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| ~~Ballou, Luther F.~~ | ~~4460~~ | ~~$5,000.00~~ | ~~No Debtor ID~~ |
| Barahona, Fernando<br>Castillo | 6003 | $100,000.00 | No Debtor ID |
| Criscone, Janet and<br>Theresa | 4445 | $32,238.52 | No Debtor ID |

2

# Exhibit B

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| Dace, Bernice | 3932 | $96,000.00 | No Asbestos ID |
| Hollingshead, Robert | 5772 | $0.00 | No Asbestos ID |
| Lewis, Marilyn and Raymond | 6027 | $20,000.00 | No Asbestos ID |
| Lewis, Marilyn and Raymond | 6871 | $20,000.00 | No Asbestos ID |

# Exhibit C

| (1)<br>Name of Claimant | (2)<br>Claim Number | (3)<br>Total Amount<br>Claimed | (4)<br>Reason for Proposed<br>Disallowance |
|---|---|---|---|
| Beauchaine, Julia M. | 5283 | $14,020.00 | No Asbestos or<br>Debtor ID |
| DA-2 Development<br>Corp. (DRA Dominic<br>A. Affuso) | 3840 | $0.00 | No Asbestos or<br>Debtor ID |
| Head, Dana W. | 3800 | $0.00 | No Asbestos or<br>Debtor ID |
| Kindig, Myron J. | 5269 | $52,000.00 | No Asbestos or<br>Debtor ID |
| Ogelsby, Fred | 4233 | $3,500.00 | No Asbestos or<br>Debtor ID |

# EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | } Chapter 11 |
| USG CORPORATION, et.al., | } Jointly Administered |
| Debtors | } Case nos. 01-2094 (JKF) through 01-2104(RJN) |
| | } Re: Docket no. 10245/Agenda no.4, Hearing dated 3/27/06 |
| | } Docket no. 10704 |

### Appeal and Bill of Particulars and Objections to
### Order Disallowing Asbestos Property Damage Proofs of <u>CLAIMS NUMBERS 6027 and 6871</u>
### by Claimants MARILYN AND RAYMOND LEWIS
### 703 KINCAID STREET
### HIGHLAND PARK, ILLINOIS   60035-5037

Undersigned Claimants respectfully appeal the order disallowing asbestos property damage proofs of Claims numbers **6027** and **6871** on the following grounds:

1. The photographs previously tendered by claimants in support of their claims clearly and amply identify the manufacturer, depicting:
   > a. the unique logo **USG**,
   > b. the name **UNITED STATES GYPSUM COMPANY**,
   > c. the product name **ROCKLATH, THE FIREPROOF LATH**
   > d. the patent numbers: **6-11-12, 8-6-12, 2-10-20,11-9-20, 8-28-21**.

2. The product name "ROCKLATH" and the descriptive phrase "THE FIREPROOF LATH" have long been used by the Debtors to identify their products' asbestos fire-proof content.

3. The exact proportions and quantities of asbestos contained within Debtors' products are within the unique purview of the Debtors and best known to them.

4. Claimants emphsize and again state that **CLAIM 6871** is an amended proof of claim filed under date of December 3, 2003 in the amount of **$50,000.00**, and that since that date the sum required to correct the damages to the structure of their residence building has increased considerably.

5. Claimants have tendered copies of this document to each of the Special Service Parties named in Debtors' list earlier submitted to them.

6. Wherefore Claimants respectfully request this Court grant them the monetary damages requested and such other and further relief as is just and proper.

Date: April 6, 2006 at Highland Park, Illinois.

_____                    _____
Marilyn Lewis                                              Raymond Lewis

Signed and sworn to before me this April 6, 2006 _____  Notary Public

OFFICIAL SEAL
JASPER KAMRAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/18/09

# EXHIBIT E

Westlaw.

155 Fed.Appx. 80
155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))
**(Cite as: 155 Fed.Appx. 80)**

Page 1

<u>Briefs and Other Related Documents</u>
This case was not selected for publication in the Federal Reporter NOT PRECEDENTIAL. Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)

United States Court of Appeals,Third Circuit.
In re: Lewis M. SEAGULL, Appellant.
**No. 05-1744.**

Submitted under Third Circuit LAR 34.1(a)-Nov. 15, 2005.
Decided Nov. 28, 2005.

**Background:** Debtor appealed from order of the United States District Court for the District of New Jersey, <u>William G. Bassler</u>, J., which dismissed his pro se appeal from an order of the Bankruptcy Court.

**Holding:** The Court of Appeals, Pollack, District Judge, sitting by designation, held that debtor failed to move for an extension of time within which to file a notice of appeal from order of the Bankruptcy Court.

Affirmed.

West Headnotes

**Bankruptcy 51** 🔑➾3774.1

<u>51</u> Bankruptcy
    <u>51XIX</u> Review
        <u>51XIX(B)</u> Review of Bankruptcy Court
            <u>51k3774</u> Notice of Appeal; Time
                <u>51k3774.1</u> k. In General. <u>Most Cited Cases</u>

**Bankruptcy 51** 🔑➾3775

<u>51</u> Bankruptcy
    <u>51XIX</u> Review
        <u>51XIX(B)</u> Review of Bankruptcy Court
            <u>51k3774</u> Notice of Appeal; Time
                <u>51k3775</u> k. Relief from Limitation; Excusable Neglect. <u>Most Cited Cases</u>
Debtor failed to move for an extension of time within

which to file a notice of appeal from order of the bankruptcy court, and, thus, debtor had 10 days from date of the order in which to file notice of appeal; his late-filed notice of appeal would not be transformed into both a notice of appeal and a motion for extension of time in which to file such notice. Fed.Rules Bankr.Proc.Rule § 8002, 11 U.S.C.A.

**\*80** On Appeal from the United States District Court for the District of New Jersey. (D.C. Civil No. 04-cv-03211). District Judge: The Honorable <u>William G. Bassler</u>.

Lewis M. Seagull, Westfield, NJ, pro se.
<u>William J. Thomas</u>, Trenton, NJ, for Appellee.

Before <u>BARRY</u> and <u>AMBRO</u>, Circuit Judges. and POLLAK,[FN*] District Judge.

> **FN\*** Honorable <u>Louis H. Pollak</u>, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

**\*81** OPINION
POLLAK, District Judge:
**\*\*1** This is an appeal from an order of the United States District Court for the District of New Jersey dismissing appellant Lewis Seagull's *pro se* appeal of the Bankruptcy Court's grant of summary judgment against him.

Because we write primarily for the parties, we will recite only those facts and aspects of the procedural history that are of particular pertinence. Appellant, a former attorney and debtor in bankruptcy, had requested discharge of a number of claims asserted against him by the New Jersey Lawyers' Fund for Client Protection ("the Fund"), which sought reimbursement for payments it had made to some of appellant's clients subsequent to his disbarment. The Bankruptcy Court ultimately granted summary judgment in favor of the Fund, finding that appellant obtained the sums owed to the Fund by misrepresentation, and therefore the debts were excepted from discharge pursuant to <u>11 U.S.C. § 523(a)(2)(A)</u>.[FN1] Appellant filed a motion for reconsideration, which the Bankruptcy Court denied on May 7, 2004. Appellant filed a notice of appeal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

155 Fed.Appx. 80
155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))
**(Cite as: 155 Fed.Appx. 80)**

with the District Court on Monday, June 7, 2004, thirty-one days after the Bankruptcy Court had denied his motion for reconsideration. The District Court's dismissal of that appeal is the basis of this appeal.

> FN1. In relevant part, § 523(a) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-(A) false pretenses, a false representation, or actual fraud...."

Bankruptcy Rule 8002 provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The Rule goes on to make express provision for extending the ten-day period: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal...."

Thus, pursuant to Rule 8002, one intending to appeal a bankruptcy court order must do so within ten days of the date of the order, or, if a motion to extend the time for filing a notice of appeal has been filed and granted, within an additional twenty days-i.e., within an aggregate of thirty days from the date of the order sought to be appealed. Appellant filed what he denominated a notice of appeal on the thirty-first day. Because the thirtieth day was a Sunday, filing on the thirty-first day would have been timely [FN2] if appellant had previously moved for an extension of time to file a notice of appeal, and the motion had been granted. But appellant had never filed a motion for extension of time, and so the predicate for filing a notice of appeal was lacking.

> FN2. Bankruptcy Rule 9006 reads in relevant part as follows: "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days."

Appellant contends that "[i]t goes without saying that one who attempts to file an appeal intends, if necessary, to file an extension" and that the District Court was unduly technical in failing to treat his late-filed notice of appeal as containing an implicit **\*82** motion for extension of time. We reject this contention, as appellant cites no case in support of it, and the case law in fact establishes the contrary-that it is not the practice of the federal courts to transform a late-filed notice of appeal into both a notice of appeal and a motion for extension of time in which to file such notice. *In re R.H. Macy & Co.*, 173 B.R. 301, 302 (S.D.N.Y.1994); *Herman v. Guardian Life Ins. Co. of America*, 762 F.2d 288, 289-90 (3d Cir.1985); *Poole v. Family Court of New Castle County*, 368 F.3d 263, 267 (3d Cir.2004).

**\*\*2** Appellant does not offer any legal argument excusing his failure to timely file his notice of appeal, but rather suggests this court should look past procedural "technicality" and consider the merits of his case. However, the timely filing requirement of Rule 8002, far from being a mere technicality, is a jurisdictional prerequisite. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir.1997); *In re Universal Minerals, Inc.*, 755 F.2d 309, 310-11 (3d Cir.1985). The District Court therefore could not have properly considered the merits of appellant's appeal, and neither can this Court. We will affirm the District Court's dismissal of the appeal from the Bankruptcy Court.

C.A.3 (N.J.),2005.
In re Seagull
155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))

Briefs and Other Related Documents (Back to top)

• 05-1744 (Docket) (Mar. 09, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, I electronically filed the **Appendix to Debtors' Opening Brief in Support of Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis** with the Clerk of Court using CM/ECF which will send notifications of such filing to the following:

Paul N. Heath
heath@rlf.com
rbgroup@rlf.com

I hereby certify that on June 1, 2006, I mailed via the United States Postal Service the document to the following non-registered participants:

Marilyn Lewis
703 Kincaid St.
Highland Park, IL 60035-5037

Raymond Lewis
703 Kincaid St.
Highland Park, IL 60035-5037

Jason M. Madron (No. 4431)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19810
302-651-7700
Madron@rlf.com