# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JASON M MADRON
ASSOCIATE

DIRECT DIAL NUMBER
302-651-7595
MADRON@RLF.COM

June 26, 2006

**VIA FEDERAL EXPRESS**

The Honorable Joy Flowers Conti
United States District Court
U.S. Post Office & Courthouse
Courtroom 5A, 5th Floor
Seventh Avenue & Grant Street
Pittsburgh, PA 15219

Re: Marilyn Lewis and Raymond Lewis v. USG Corporation, *et al.*
(In re USG Corporation, *et al.*), C.A. No. 06-293 (JFC)

Dear Judge Conti:

      As Your Honor is aware, our firm along with the firm Morgan, Lewis & Bockius LLP represents USG Corporation and certain of its debtor affiliates, appellee ("Appellee") in the above-referenced civil action (the "Appeal") pending before Your Honor in the United States District Court for the District of Delaware (the "Court"). I am writing with respect to *Debtors' Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis and for Related Relief* [Docket No. 3] (the "Motion to Dismiss") and *Debtors' Opening Brief in Support of Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis* [Docket No. 4] (the "Opening Brief") filed by Appellee in the Appeal on June 1, 2006.

      The Appeal was commenced on April 11, 2006 by Marilyn and Raymond Lewis (together, "Appellant") when Appellant, acting *pro se*, filed an untimely notice of appeal with the United States Bankruptcy Court for the District of Delaware. On June 1, 2006, Appellee filed its Motion to Dismiss and Opening Brief in the Appeal and served a copy of both pleadings on Appellant via U.S. First Class mail on that day. Pursuant to the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Appellant's response to the Motion to Dismiss and Opening Brief was due no later than June 15, 2006.

      As of the date of this letter, over a week has elapsed since Appellant's deadline to respond to the Motion to Dismiss and no response has been filed on the Court's docket nor has counsel for Appellee been served with any type of response to the Motion to Dismiss. Based on these facts, Appellee believes that the Motion to Dismiss is ripe for adjudication by this Court.

The Honorable Joy Flowers Conti
June 26, 2006
Page 2

       For Your Honor's convenience, I have enclosed a copy of the Motion to Dismiss and the Opening Brief with this letter. Additionally, I am available should Your Honor have any questions concerning this matter.

                              Respectfully,

                              Jason M. Madron

JMM/lma
Enclosures
cc:   Clerk of the Court (w/enc., via hand delivery)
      Marilyn and Raymond Lewis (w/enc., via Federal Express)
      John J. Franchini, Esq. (w/o enc., via email)
      Paul N. Heath, Esq. (w/o enc., via email)

RLF1-3027798-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| USG CORPORATION, *et al.*, ) | Case No. 01-2094 (JKF) |
| ) | |
| Marilyn Lewis and Raymond Lewis, ) | |
| ) | Civil Action No. 06-293 (JFC) |
| Appellants, ) | |
| ) | |
| v. ) | |
| ) | |
| USG Corporation, *et al.*, ) | |
| ) | Bankruptcy Appeal No. 06-32 |
| Appellee. ) | |

**DEBTORS' MOTION TO DISMISS APPEAL OF CLAIMANTS
MARILYN AND RAYMOND LEWIS AND FOR RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move to dismiss (the "Motion to Dismiss") the above-captioned appeal filed by Claimants Marilyn and Raymond Lewis (the "Claimants") because, among other reasons, the Claimants (i) filed the above-captioned appeal late and (ii) have not complied with Rule 8002 of the Federal Rules of Bankruptcy Procedure.

In support of the Motion to Dismiss, the Debtors rely on their accompanying **Debtors' Opening Brief in Support of Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis** filed substantially contemporaneously herewith.

Dated: June 1, 2006
      Wilmington, Delaware

*/s/ Jason M. Madron*
Daniel D. DeFranceschi (No. 2742)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION

- and -

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

2

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, I electronically filed the **Debtors' Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis and for Related Relief** with the Clerk of Court using CM/ECF which will send notifications of such filing to the following:

Paul N. Heath
heath@rlf.com
rbgroup@rlf.com

I hereby certify that on June 1, 2006, I mailed via the United States Postal Service the document to the following non-registered participants:

| | |
|---|---|
| Marilyn Lewis<br>703 Kincaid St.<br>Highland Park, IL 60035-5037 | Raymond Lewis<br>703 Kincaid St.<br>Highland Park, IL 60035-5037 |

Jason M. Madron (No. 4431)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19810
302-651-7700
Madron@rlf.com

RLF1-3019706-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| USG CORPORATION, *et al.*, | ) | Case No. 01-2094 (JKF) |
| | ) | |
| | ) | |
| Marilyn Lewis and Raymond Lewis, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v | ) | Civil Action No. 06-293 (JFC) |
| | ) | |
| USG Corporation, *et al.*, | ) | |
| | ) | Bankruptcy Appeal No. 06-32 |
| Appellee. | ) | |

**DEBTORS' OPENING BRIEF IN SUPPORT OF MOTION TO
DISMISS APPEAL OF CLAIMANTS MARILYN AND RAYMOND LEWIS**

Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION

- and -

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE
LITIGATION COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION

RLF1-3020763-1

Date: 6-1-06
Docket No. 4

i

# TABLE OF CONTENTS

|      |              | Page |
|------|--------------|------|
| I.   | BACKGROUND   | 1    |
| II   | ARGUMENT     | 2    |
| III. | CONCLUSION   | 4    |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Colon*, 941 F.2d 242 (3d Cir. 1991) ............................................................................. 3

*In re Rubenstein*, 101 B.R. 423 (D. N.J. 1989) .................................................................... 4

*In re Seagull*, 155 Fed. Appx. 80, 82 (3d Cir. 2005) ............................................................ 4

*In re Universal Minerals, Inc.*, 755 F.2d 309 (3d Cir. 1985) ....................................... 2, 3, 4

*Whitemere Development Corp. v. Cherry Hill*, 786 F.2d 185 (3d Cir. 1986) ....................................................................................................................... 4

## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed. R. Bankr. Proc. 8002(a) ................................................................................................ 2

Fed. R. Bankr. Proc. 8002(c) ................................................................................................ 3

Debtors and debtors in possession (collectively, "Debtors") hereby move to dismiss the appeal filed by Claimants Marilyn and Raymond Lewis ("Claimants") because Claimants failed to timely file their Notice of Appeal and did not move for an extension of the time to file the Notice of Appeal

I.   **BACKGROUND**

On June 25, 2001, the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On May 3, 2002, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (*see* Appendix to Debtors' Opening Brief (herein, "App.") at Tab A) requiring asbestos property damage claimants to complete and file a claim form approved by the Bankruptcy Court no later then January 15, 2003 ("Bar Date Order") Under the Bar Date Order, and pursuant to the claim form approved by the Court, asbestos property damage claimants were required to provide basic information and documentation supporting their allegations that asbestos-containing materials manufactured or sold by the Debtors are, or were at a relevant time, present in the building that claimants put at issue  *See* Bar Date Order, ¶ 16. Claimants submitted proofs of claim (claim numbers 6027 and 6871) asserting that asbestos-containing materials manufactured by Debtors were present in their home.

Under the Court's rulings in this case regarding product identification, Claimants had ample opportunity to provide sufficient evidence that the Debtors' asbestos-containing products are or were on their property. On February 20, 2006, Debtors filed a motion to disallow the Lewis's claim on the grounds that the Claimants had failed to provide information showing that asbestos-containing products manufactured or sold by any of the Debtors were ever installed in the property at issue, an essential element of

1

demonstrating that Debtors' conduct causes any injury to Claimants. See Sixth Omnibus Objection to and Motion to Disallow Asbestos Property Damage Proofs of Claim for Failure to Provide Product Identification Evidence (the "Objection") (*see* App. at Tab B).[1] The Notice of Omnibus Objection and Hearing, which included the date by which responses to the Objection needed to be filed and the date that a hearing on the Objection would occur, was sent to the Claimants. See Certificate of Service attached to App. at Tab B. As set forth in the notice mailed to Claimants, the Bankruptcy Court heard the Objection at a hearing held on March 27, 2006. Claimants did not participate in the hearing. On March 27, 2006, the Bankruptcy Court entered an Order (*see* App. at Tab C) disallowing Claimants' proofs of claim.

On April 11, 2006, more than ten days after entry of the Order, Claimants filed their "Appeal and Bill of Particulars and Objections to order Disallowing Asbestos Property Damage Proofs of Claims Numbers 6027 and 6871" (the "Notice of Appeal"). *See*, App. at Tab D. To date, Claimants have made no other filings with respect to the appeal.[2]

## II. ARGUMENT

A notice of appeal must be filed within 10 days of the date of entry of the judgment, order, or decree that is appealed from. Fed. R. Bankr. Proc. 8002(a). Rule 8002(a)'s ten day mandate "has been strictly construed, requiring strict compliance with its terms." *In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985). Rule 8002 is a jurisdictional rule -- unless the provisions of Rule 8002 are followed and the appeal is

---

[1] The Objection also sought to disallow other claimant's asbestos property damage proofs of claim.

[2] Pursuant to this Court's Notice of Docketing, Claimants' brief was due on May 19, 2006. Claimants, however, have not filed their brief in support of their appeal.

2

RLF1-3020763-1

filed in a timely fashion, the ability to appeal is lost. *See id.* (holding that the failure to file a timely notice of appeal deprives a district court of jurisdiction to review the bankruptcy court's order or judgment).

The sole provision in the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires that a motion for extension be filed in the Bankruptcy Court. *See* Fed. R. Bankr. Proc. 8002(c). A bankruptcy court may extend the time for filing a notice of appeal for a period not to exceed 20 days from the expiration of the time otherwise prescribed by Rule 8002. *See id.* The request to extend the time for filing the notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. *See id*; *In re Universal Minerals*, 755 F.2d at 312.

It is undisputed that Claimants did not timely file their Notice of Appeal within ten days of the entry of the order disallowing their proof of claim. The Order disallowing Claimants' proofs of claim was entered on March 27, 2006; an appeal of that order was required to be filed no later than Thursday, April 6. Claimants did not file their Notice of Appeal until Tuesday, April 11. Nor have Claimants requested any extension of the time in which Claimants must file their appeal. The time permitted to make such a request has expired. The Third Circuit and courts within it strictly construe the provisions of Rule 8002 and hold that the failure to follow the rule, including the untimely filing of a notice of appeal, results in the loss of the right to appeal. *See, e.g., In re Colon*, 941 F.2d 242, 246 (3d Cir. 1991) (affirming order dismissing appellant's late filed appeal for failing to comply with deadlines in Rule 8002); *In re Universal Minerals, Inc.*, 755 F.2d 309;

3

(same); *In re Seagull*, 155 Fed. Appx. 80, 82 (3d Cir. 2005) (holding same)[3]; *Whitemere Dev. Corp. v. Cherry Hill*, 786 F.2d 185, 187 (3d Cir. 1986) ("time limit [in Rule 8002] is strictly construed and is jurisdictional in effect"); *In re Rubenstein*, 101 B.R. 423 (D. N.J. 1989) (dismissing appeal filed two days late for failure to comply with Rule 8002).

### III.   CONCLUSION

Because Claimants have not complied with Rule 8002, their appeal should be dismissed.

Dated: June 1, 2006
       Wilmington, Delaware

*/s/ Jason M. Madron*
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

-and-

James D. Pagliaro (PA I.D. 23701)
Brady L. Green (PA I.D. 56450)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-5000

SPECIAL ASBESTOS PROPERTY DAMAGE LITIGATION COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

---

[3] *In re Seagull* was not selected for publication. Accordingly, pursuant to Local Rule, a copy is attached at App. at Tab E.

4

RLF1-3020763-1

CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006, I electronically filed the **Debtors' Opening Brief in Support of Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis** with the Clerk of Court using CM/ECF which will send notifications of such filing to the following:

Paul N. Heath
heath@rlf.com
rbgroup@rlf.com

I hereby certify that on June 1, 2006, I mailed via the United States Postal Service the document to the following non-registered participants:

| | |
|---|---|
| Marilyn Lewis<br>703 Kincaid St.<br>Highland Park, IL 60035-5037 | Raymond Lewis<br>703 Kincaid St.<br>Highland Park, IL 60035-5037 |

Jason M. Madron (No. 4431)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19810
302-651-7700
Madron@rlf.com

RLF1-3019710-1

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I electronically filed the **Letter to Judge Conti Concerning Appellee's Motion to Dismiss Appeal** with the Clerk of Court using CM/ECF which will send notifications of such filing to the following:

Paul N. Heath
heath@rlf.com
rbgroup@rlf.com

I hereby certify that on June 26, 2006, I served via Federal Express the document to the following non-registered participants:

| | |
|---|---|
| Marilyn Lewis | Raymond Lewis |
| 703 Kincaid St. | 703 Kincaid St. |
| Highland Park, IL 60035-5037 | Highland Park, IL 60035-5037 |

_/s/ Jason M. Madron_
Jason M. Madron (No. 4431)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19810
302-651-7700
Madron@rlf.com

RLF1-3030834-1