IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| USG CORPORATION, *et al.*, | : | |
| | : | |
| | : | Case No. 01-2094 (JKF) |
| | : | |
| | : | |
| | : | |
| Marilyn Lewis and Raymond Lewis, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 06-293 (JFC) |
| USG Corporation, *et al.*, | : | |
| | : | |
| Appellee. | : | Bankruptcy Appeal No. 06-32 |

## **MEMORANDUM ORDER**

Conti, J.

Pending before the court is a motion filed by the above-captioned debtors and debtors in possession (collectively, the "debtors/appellees") to dismiss the above-captioned appeal filed by claimants Marilyn and Raymond Lewis (the "claimants/appellants"). Debtors/appellees argue that the appeal should be dismissed because the claimants/appellants filed the above-captioned appeal late and have not complied with Rule 8002 of the Federal Rules of Bankruptcy procedure. For the reasons set forth below, this court agrees with debtors/appellees and will dismiss the appeal.

### *Background*

On March 27, 2006, the United States Bankruptcy Court entered an order in bankruptcy case number 01-2094 disallowing the claims of, among others, claimants/appellants. See Notice

of Appeal from Bankruptcy Court (Doc. No. 1), Exhibit ("Ex.") 1 (Order) and Ex. 2 (Ex. B to Order) (also attached as Ex. C of Appendix to Debtor's Opening Brief in Support of Motion to Dismiss Appeal of Claimants Marilyn and Raymond Lewis ("App.")). On April 11, 2006, claimants/appellants filed an "Appeal and Bill of Particulars and Objections to Order Disallowing Asbestos Property Damage Proofs of Claims 6027 and 6871 by Claimants Marilyn and Raymond Lewis. . . . " (the "notice of appeal"). App., Ex. D. On May 4, 2006, the clerk of court filed a Notice of Docketing (Doc. No. 2) noting that, among other things, the notice of appeal had been docketed in the district court and that appellants' brief was due May 19, 2006. Claimants/appellants filed no brief in response. On June 1, 2006, debtors/appellees filed the instant motion to dismiss (Doc. No. 3), brief (Doc. No. 4), and appendix (Doc. No. 5) in support of dismissing the appeal. Claimants/appellants have since filed no response.

*Discussion*

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANK. P. 8002(a). Rule 8002(c) expressly provides, however, that a party may request an extension of the ten-day period set forth in Rule 8002(a). See FED. R. BANK. P. 8002(c) ("Extension of time for appeal") ("A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later."). Pursuant to Bankruptcy Rule 8002, one intending to appeal a bankruptcy court order must do so within ten days of the entry of the order, or, if a motion to extend the time for filing a notice of appeal has been filed and granted,

within an additional twenty days.  Id.; see In re Seagull, 155 Fed.Appx. 80, 81 (3d Cir. 2005); In re Rubenstein, 101 B.R. 423, 425 (D.N.J. 1989).

The United States Court of Appeals for the Third Circuit in In re Universal Minerals, Inc. held that timely filing of a notice of appeal pursuant to the requirements set forth in Rule 8002 is a jurisdictional prerequisite to suit.  755 F.2d 309, 311-312 (3d Cir. 1985) ("Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.").  The court of appeals in Universal Minerals noted that the Advisory Committee's Note to Rule 8002 expressly states that it is "an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure" and reasoned that failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.  Id. at 312.  In addition, because the time frame for filing a notice of appeal under Rule 8002 has been construed as jurisdictional in nature, strict compliance with the time frame is required.  See Rubenstein, 101 B.R. at 425.

The principle that failure to file timely an appeal under Rule 8002 is a jurisdictional bar to suit is well settled.  See, e.g., Colon v. Hart (In re Colon), 941 F.2d 242, 245 (3d Cir. 1991) ("Under Bankruptcy Rule 8002 an appeal must be taken within ten days of the entry of the order appealed from, and a late filing is insufficient to vest the district court with jurisdiction of the appeal."); see also In re Seagull, 155 Fed.Appx. at 82 (quoting Universal Minerals); Whitemere Development Corp. v. Township of Cherry Hill, 786 F.2d 185, 187 (3d Cir. 1986); Rashid v. Powel, 210 F.3d 201, 204 (3d Cir. 2000) ("The time limits for filing a notice of appeal are 'mandatory and jurisdictional.'") (interpreting and applying Federal Rule of Appellate Procedure 4(a) in bankruptcy proceedings and quoting Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 495 (3d Cir. 1998)), abrogated in part on other grounds by In re Thompson, 418 F.3d 362 (3d Cir. 2005).

In this case, although claimants/appellants signed and notarized their notice of appeal on April 6, 2006, the day on which any notice of appeal was due in the absence of an extension

pursuant to Rule 8002, the appeal was not filed until April 11, 2006. The notice of appeal, therefore, was untimely filed. See FED. R. BANK. P. 9006 and Advisory Committee Notes (ten-day time periods prescribed or allowed will not be extended to fourteen calendar days because of intermediate weekends and legal holidays). This court, therefore, will dismiss claimants/appellants' appeal because failure to file timely an appeal under Rule 8002 is a jurisdictional bar to suit and strict compliance with the time frame set forth in Rule 8002 is required. In re Universal Minerals, Inc., 755 F.2d at 311-12 ("Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.").

## *Conclusion*

And now this 8th of August 2006, the motion to dismiss the above-captioned appeal (Doc. No. 3) is hereby GRANTED. The court orders that the clerk shall mark this case closed.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

cc:   Counsel of Record